Keith L. Slenkovich (SBN 129793)
   Keith.Slenkovich@wilmerhale.com
Craig E. Davis (SBN 221356)
   Craig.Davis@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (*pro hac vice* pending)
   William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street, Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Plaintiff MEDIATEK INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIATEK INC. <br><br> Plaintiff, <br><br> v. <br><br> FREESCALE SEMICONDUCTOR, INC. <br><br> Defendant. | Civil Action No. <br> CV11-05341 <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Filed
NOV - 3 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Complaint

## NATURE OF THE ACTION

1. This is a patent infringement action brought by plaintiff MediaTek Inc. ("MediaTek") against defendant Freescale Semiconductor, Inc. ("Freescale").

## PARTIES

2. MediaTek is a Taiwanese corporation with its principal place of business located in Hsinchu City, Taiwan. MediaTek maintains research, development, or sales subsidiaries in Singapore, India, Japan, Korea, China, Denmark, England, Dubai, and the United States, including within the Northern District of California.

3. Upon information and belief, Freescale is a Delaware corporation whose principal place of business is located at 6501 William Cannon Drive West, Austin, Texas. Upon information and belief, Freescale maintains facilities throughout South America, Asia, Europe, and North America, including within the Northern District of California.

## JURISDICTION

4. This Court has subject matter jurisdiction with respect to this action under 28 U.S.C. §§ 1331 and 1338 because it arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

5. This Court has personal jurisdiction over Freescale because this action arises from (a) Freescale's infringing activity in the Northern District of California, and (b) Freescale causing injury in the Northern District of California by reason of its infringing activity outside of the Northern District of California and because Freescale does or solicits business in the Northern District of California and/or derives substantial revenue from the sale of services rendered in the Northern District of California.

## VENUE

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

7. This action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c) and pursuant to Civil Local Rule 3-5(b), the action is to be assigned on a district-wide basis.

## FACTS

8. On May 18, 2004, U.S. Patent No. 6,738,845 (the "'845 patent"), entitled "Bus Architecture and Shared Bus Arbitration Method for a Communication Device," was duly and legally issued to Analog Devices, Inc. as assignee of all the rights, title, and interest in and to the '845 patent. On January 29, 2008, Analog Devices, Inc. assigned all rights, title and interest in the '845 patent to plaintiff MediaTek. A true and correct copy of the '845 patent is attached as Exhibit A to this Complaint.

9. On May 3, 2005, U.S. Patent No. 6,889,331 (the "'331 patent"), entitled "Dynamic Voltage Control Method and Apparatus," was duly and legally issued to Analog Devices, Inc. as assignee of all the rights, title, and interest in and to the '331 patent. On January 29, 2008, Analog Devices, Inc. assigned all rights, title and interest in the '331 patent to plaintiff MediaTek. A true and correct copy of the '331 patent is attached as Exhibit B to this Complaint.

10. MediaTek is a leading semiconductor company who designs innovative integrated circuit devices for many applications, including wireless communications, digital multimedia solutions, chip integration system solutions for Digital TV and DVD players, mobile communication solutions, wireless home networking, and broadband access solutions.

11. In an effort to compete against MediaTek, defendant Freescale has implemented MediaTek proprietary solutions relating to processor and/or microcontroller technologies, including those embodied in the '845 and '331 patents.

## COUNT ONE

### Infringement of the '845 Patent

12. MediaTek refers to and incorporates the allegations of paragraphs 1 through 11 above as if fully set forth herein.

13. Freescale has infringed and continues to infringe one or more claims of the '845 patent, literally and/or under the doctrine of equivalents, directly and/or indirectly, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), by making, using, offering to sell, selling, and/or importing products within the Northern District of California and elsewhere in the United States, including but not limited to its multimedia application processor products, such as its multimedia application processor families i.MX51, and i.MX53.

14. Freescale has and continues to actively induce others to infringe one or more claims of the '845 patent by encouraging acts of direct infringement, when Freescale knows or should know that it is inducing direct infringement. Freescale's acts of encouragement include but are not limited to, selling to, supplying to, encouraging, and/or instructing third parties such as its customers how to use certain Freescale products, with specific intent that these products or services be used by Freescale customers to infringe the '845 patent.

15. Freescale has knowingly contributed, and continues to contribute, to the infringement of one or more claims of the '845 patent by making and unlawfully selling or offering to sell to its customers and/or importing into the United States processor and/or microcontroller products, including without limitation processor families i.MX51, and i.MX53, that constitute a material part of the claimed inventions, knowing the same to be especially made or especially adapted for use in infringement of the '845 patent, rather than a staple article or commodity of commerce suitable for substantial noninfringing use.

16. Freescale's infringing conduct has caused, is causing, and, unless enjoined, will continue to cause substantial and irreparable injury and damage to plaintiff MediaTek.

## COUNT TWO

### Infringement of the '331 patent

17. MediaTek refers to and incorporates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

18. Freescale has infringed and continues to infringe one or more claims of the '331 patent, literally and/or under the doctrine of equivalents, directly and/or indirectly, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), by making, using, offering to sell, selling, and/or importing products within the Northern District of California and elsewhere in the United States, including without limitation its multimedia application processor products such as its multimedia application processor families i.MX31, i.MX35, and i.MX50.

19. Freescale has and continues to actively induce others to infringe one or more claims of the '331 patent by encouraging acts of direct infringement, when Freescale knows or should know that it is inducing direct infringement. Freescale's acts of encouragement include but are not limited to, selling to, supplying to, encouraging, and/or instructing third parties such as its customers how to use certain Freescale products, with specific intent that these products or services be used by Freescale customers to infringe the '331 patent.

20. Freescale has knowingly contributed, and continues to contribute, to the infringement of one or more claims of the '331 patent by making and unlawfully selling or offering to sell to its customers and/or importing into the United States multimedia application processor products, including without limitation multimedia application processor families i.MX31, i.MX35, and i.MX50, that constitute a material part of the claimed inventions, knowing the same to be especially made or especially adapted for use in infringement of the '331 patent rather than a staple article or commodity of commerce suitable for substantial noninfringing use.

21. Freescale's infringing conduct has caused, is causing, and, unless enjoined, will continue to cause substantial and irreparable injury and damage to plaintiff MediaTek.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests:

A. That the Court determine that Freescale has infringed and is infringing (directly and/or through inducement or contributory infringement) one or more claims of the '845 patent and '331 patent;

B. That, after a hearing, the Court enter a preliminary injunction ordering Freescale, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them to refrain from conduct that infringes the '845 and '331 patents;

C. That, after trial, the Court enter a permanent injunction ordering Freescale, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them to refrain from conduct that infringes the '845 and '331 patents;

D. That the Court determine the amount of the damages to the plaintiff caused by Freescale's infringement and enter judgment for the plaintiff in that amount, including an assessment of pre-judgment and post-judgment interest and costs;

E. That the Court determine that this case is exceptional within the meaning of 35 U.S.C. § 285 and order Freescale to pay plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

F. That the Court grant such other and further relief as it deems appropriate under the circumstances.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38 and Civil Local Rule 3-6(a), plaintiff hereby demands a jury trial on all issues triable of right by a jury.

Dated: November 3, 2011

Respectfully submitted,

MEDIATEK INC.

By their attorneys,

_/s/ Keith L. Slenkovich_
Keith L. Slenkovich (SBN 129793)
Keith.Slenkovich@wilmerhale.com
Craig E. Davis (SBN 221356)
Craig.Davis@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel.: (650) 858-6000
Fax: (650) 858-6100

William F. Lee (*pro hac vice* pending)
William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street, Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Plaintiff MEDIATEK INC.*