Keith L. Slenkovich  (SBN 129793)
 Keith.Slenkovich@wilmerhale.com
Craig E. Davis  (SBN 221356)
 Craig.Davis@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee  (*pro hac vice* pending)
 William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

James M. Dowd  (SBN 259578)
 James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:   (213) 443-5400

Attorneys for Plaintiff MEDIATEK INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEDIATEK INC.<br><br>Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>Defendant. | **Civil Action No.  CV 11-05341 CRB**<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, Plaintiff MediaTek Inc. ("MediaTek") by and through its undersigned counsel, files this First Amended Complaint Against Defendant Freescale Semiconductor, Inc. ("Freescale").

## NATURE OF THE ACTION

1.  This is a patent infringement action brought by plaintiff MediaTek against defendant Freescale.

## PARTIES

2.  MediaTek is a Taiwanese corporation with its principal place of business located in Hsinchu City, Taiwan. MediaTek maintains research, development, or sales subsidiaries in Singapore, India, Japan, Korea, China, Denmark, England, Dubai, and the United States, including within the Northern District of California.

3.  Upon information and belief, Freescale is a Delaware corporation whose principal place of business is located at 6501 William Cannon Drive West, Austin, Texas. Upon information and belief, Freescale maintains facilities throughout South America, Asia, Europe, and North America, including within the Northern District of California.

## JURISDICTION

4.  This Court has subject matter jurisdiction with respect to this action under 28 U.S.C. §§ 1331 and 1338 because it arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*

5.  This Court has personal jurisdiction over Freescale because this action arises from (a) Freescale's infringing activity in the Northern District of California, and (b) Freescale causing injury in the Northern District of California by reason of its infringing activity outside of the Northern District of California and because Freescale does or solicits business in the Northern District of California and/or derives substantial revenue from the sale of services rendered in the Northern District of California.

## VENUE

6.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

7. This action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c) and pursuant to Civil Local Rule 3-5(b), the action is to be assigned on a district-wide basis.

## FACTS

8. On May 18, 2004, U.S. Patent No. 6,738,845 (the "'845 patent"), entitled "Bus Architecture and Shared Bus Arbitration Method for a Communication Device," was duly and legally issued to Analog Devices, Inc. as assignee of all the rights, title, and interest in and to the '845 patent. On January 29, 2008, Analog Devices, Inc. assigned all rights, title, and interest in the '845 patent to plaintiff MediaTek. A true and correct copy of the '845 patent is attached as Exhibit A to this Amended Complaint.

9. On May 3, 2005, U.S. Patent No. 6,889,331 (the "'331 patent"), entitled "Dynamic Voltage Control Method and Apparatus," was duly and legally issued to Analog Devices, Inc. as assignee of all the rights, title, and interest in and to the '331 patent. On January 29, 2008, Analog Devices, Inc. assigned all rights, title, and interest in the '331 patent to plaintiff MediaTek. A true and correct copy of the '331 patent is attached as Exhibit B to this Amended Complaint.

10. On July 11, 2000, U.S. Patent No. 6,088,753 (the "'753 patent"), entitled "Bus Arrangement for Interconnection of Discrete and/or Integrated Modules in a Digital System and Associated Method," was duly and legally issued to Fusion Micromedia Corporation. On June 30, 2009, subsequent assignee Vitesse Semiconductor Corporation assigned all of the rights, title, and interest in and to the '753 patent to plaintiff MediaTek. A true and correct copy of the '753 patent is attached as Exhibit C to this Amended Complaint.

11. On October 30, 2001, U.S. Patent No. 6,311,244 (the "'244 patent"), entitled "Priority Allocation in a Bus Interconnected Discrete and/or Integrated Digital Multi-Module System," was duly and legally issued to Fusion MicroMedia Corporation as assignee of all the rights, title, and interest in and to the '244 patent. On June 30, 2009, subsequent assignee

1 Vitesse Semiconductor Corporation assigned all of the rights, title, and interest in and to the '244
2 patent to plaintiff MediaTek.  A true and correct copy of the '244 patent is attached as Exhibit D
3 to this Amended Complaint.
4       12.     MediaTek is a leading semiconductor company who designs innovative integrated
5 circuit devices for many applications, including wireless communications, digital multimedia
6 solutions, chip integration system solutions for Digital TV and DVD players, mobile
7 communication solutions, wireless home networking, and broadband access solutions.
8       13.     In an effort to compete against MediaTek, defendant Freescale has implemented
9 MediaTek proprietary solutions relating to processor and/or microcontroller technologies,
10 including those embodied in the '845, '331, '753, and '244 patents.

## COUNT ONE

## Infringement of the '845 Patent

13       14.     MediaTek refers to and incorporates the allegations of paragraphs 1 through 13
14 above as if fully set forth herein.
15       15.     Freescale has infringed and continues to infringe one or more claims of the
16 '845 patent, literally and/or under the doctrine of equivalents, directly and/or indirectly, in
17 violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), by making, using, offering to sell, selling,
18 and/or importing products within the Northern District of California and elsewhere in the United
19 States, including but not limited to its processor and/or microcontroller products, such as its
20 multimedia application processor families i.MX51 and i.MX53 (the "Freescale '845 products").
21       16.     Freescale has and continues to actively induce others to infringe one or more
22 claims of the '845 patent by encouraging acts of direct infringement, when Freescale knows or
23 should know that it is inducing direct infringement.  Freescale's acts of encouragement include
24 but are not limited to, selling to, supplying to, encouraging, and/or instructing third parties such
25 as its customers how to use the Freescale '845 products, with specific intent that these products
26 or services be used by Freescale customers to infringe the '845 patent.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

17. Freescale has knowingly contributed, and continues to contribute, to the infringement of one or more claims of the '845 patent by making and unlawfully selling or offering to sell to its customers and/or importing into the United States processor and/or microcontroller products, including without limitation the Freescale '845 products, that constitute a material part of the claimed inventions, knowing the same to be especially made or especially adapted for use in infringement of the '845 patent, rather than a staple article or commodity of commerce suitable for substantial noninfringing use.

18. Since at least November 7, 2011, Freescale's infringement of the '845 patent has been, and continues to be, willful and with full knowledge of the '845 patent and its infringement. Freescale's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

19. Freescale's infringing conduct has caused, is causing, and, unless enjoined, will continue to cause substantial and irreparable injury and damage to plaintiff MediaTek.

## COUNT TWO

### Infringement of the '331 patent

20. MediaTek refers to and incorporates the allegations of paragraphs 1 through 13 above as if fully set forth herein.

21. Freescale has infringed and continues to infringe one or more claims of the '331 patent, literally and/or under the doctrine of equivalents, directly and/or indirectly, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), by making, using, offering to sell, selling, and/or importing products within the Northern District of California and elsewhere in the United States, including without limitation its processor and/or microcontroller products such as its multimedia application processor families i.MX31, i.MX35, and i.MX50 (the "Freescale '331 products").

22. Freescale has and continues to actively induce others to infringe one or more claims of the '331 patent by encouraging acts of direct infringement, when Freescale knows or

1  should know that it is inducing direct infringement.  Freescale's acts of encouragement include
2  but are not limited to, selling to, supplying to, encouraging, and/or instructing third parties such
3  as its customers how to use the Freescale '331 products, with specific intent that these products
4  or services be used by Freescale customers to infringe the '331 patent.

5        23.     Freescale has knowingly contributed, and continues to contribute, to the
6  infringement of one or more claims of the '331 patent by making and unlawfully selling or
7  offering to sell to its customers and/or importing into the United States multimedia application
8  processor and/or microcontroller products, including without limitation the Freescale '331
9  products, that constitute a material part of the claimed inventions, knowing the same to be
10 especially made or especially adapted for use in infringement of the '331 patent rather than a
11 staple article or commodity of commerce suitable for substantial noninfringing use.

12       24.     Since at least November 7, 2011, Freescale's infringement of the '331 patent has
13 been, and continues to be, willful and with full knowledge of the '331 patent and its
14 infringement.  Freescale's willful conduct provides a basis for this Court to award enhanced
15 damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of
16 35 U.S.C. § 285.

17       25.     Freescale's infringing conduct has caused, is causing, and, unless enjoined, will
18 continue to cause substantial and irreparable injury and damage to plaintiff MediaTek.

### COUNT THREE
### Infringement of the '753 patent

21       26.     MediaTek refers to and incorporates the allegations of paragraphs 1 through 13
22 above as if fully set forth herein.

23       27.     Freescale has infringed and continues to infringe one or more claims of the
24 '753 patent, literally and/or under the doctrine of equivalents, directly and/or indirectly, in
25 violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), by making, using, offering to sell, selling,
26 and/or importing products within the Northern District of California and elsewhere in the United
27 States, including without limitation its multimedia application processor and/or microcontroller

1  products such as its product families i.MX50, i.MX51, i.MX53, MPC8358E, and MPC8360E
2  (the "Freescale '753 products").

3    28.    Freescale has and continues to actively induce others to infringe one or more claims of the '753 patent by encouraging acts of direct infringement, when Freescale knows or should know that it is inducing direct infringement.  Freescale's acts of encouragement include but are not limited to, selling to, supplying to, encouraging, and/or instructing third parties such as its customers how to use the Freescale '753 products, with specific intent that these products or services be used by Freescale customers to infringe the '753 patent.

29.    Freescale has knowingly contributed, and continues to contribute, to the infringement of one or more claims of the '753 patent by making and unlawfully selling or offering to sell to its customers and/or importing into the United States multimedia application processor and/or microcontroller products, including without limitation the Freescale '753 products, that constitute a material part of the claimed inventions, knowing the same to be especially made or especially adapted for use in infringement of the '753 patent rather than a staple article or commodity of commerce suitable for substantial noninfringing use.

30.    Since at least November 7, 2011, Freescale's infringement of the '753 patent has been, and continues to be, willful and with full knowledge of the '753 patent and its infringement.  Freescale's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

31.    Freescale's infringing conduct has caused, is causing, and, unless enjoined, will continue to cause substantial and irreparable injury and damage to plaintiff MediaTek.

## COUNT FOUR

### Infringement of the '244 patent

32.    MediaTek refers to and incorporates the allegations of paragraphs 1 through 13 above as if fully set forth herein.

33. Freescale has infringed and continues to infringe one or more claims of the '244 patent, literally and/or under the doctrine of equivalents, directly and/or indirectly, in violation of 35 U.S.C. § 271(a), (b), (c) and/or (f), by making, using, offering to sell, selling, and/or importing products within the Northern District of California and elsewhere in the United States, including without limitation its integrated microcontroller products such as its ColdFire integrated microcontroller MCF 5225X and MCF 521X product families (the "Freescale '244 products").

34. Freescale has and continues to actively induce others to infringe one or more claims of the '244 patent by encouraging acts of direct infringement, when Freescale knows or should know that it is inducing direct infringement. Freescale's acts of encouragement include but are not limited to, selling to, supplying to, encouraging, and/or instructing third parties such as its customers how to use the Freescale '244 products, with specific intent that these products or services be used by Freescale customers to infringe the '244 patent.

35. Freescale has knowingly contributed, and continues to contribute, to the infringement of one or more claims of the '244 patent by making and unlawfully selling or offering to sell to its customers and/or importing into the United States its integrated microcontroller products, including without limitation the Freescale '244 products, that constitute a material part of the claimed inventions, knowing the same to be especially made or especially adapted for use in infringement of the '244 patent rather than a staple article or commodity of commerce suitable for substantial noninfringing use.

36. Since at least November 7, 2011, Freescale's infringement of the '244 patent has been, and continues to be, willful and with full knowledge of the '244 patent and its infringement. Freescale's willful conduct provides a basis for this Court to award enhanced damages pursuant to 35 U.S.C. § 284, and makes this an exceptional case within the meaning of 35 U.S.C. § 285.

37. Freescale's infringing conduct has caused, is causing, and, unless enjoined, will continue to cause substantial and irreparable injury and damage to plaintiff MediaTek.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests:

A. That the Court determine that Freescale has infringed and is infringing (directly and/or through inducement or contributory infringement) one or more claims of the '845, '331, '753, and '244 patents;

B. That, after a hearing, the Court enter a preliminary injunction ordering Freescale, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them to refrain from conduct that infringes the '845, '331, '753, and '244 patents;

C. That, after trial, the Court enter a permanent injunction ordering Freescale, its officers, directors, agents, servants and employees, and all persons in active concert or participation with them to refrain from conduct that infringes the '845, '331, '753, and '244 patents;

D. That the Court determine the amount of the damages to the plaintiff caused by Freescale's infringement and enter judgment for the plaintiff in that amount, including an assessment of pre-judgment and post-judgment interest and costs;

E. That the Court determine that Freescale's infringement has been willful and deliberate, and award up to treble damages to the plaintiff pursuant to 35 U.S.C. § 284;

F. That the Court determine that this case is exceptional within the meaning of 35 U.S.C. § 285 and order Freescale to pay plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G. That the Court grant such other and further relief as it deems appropriate under the circumstances.

/ / /

/ / /

/ / /

/ / /

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38 and Civil Local Rule 3-6(a), plaintiff hereby demands a jury trial on all issues triable of right by a jury.

Dated: November 21, 2011

Respectfully submitted,

MEDIATEK INC.

By their attorneys,

*/s/ Craig E. Davis*
Keith L. Slenkovich  (SBN 129793)
   Keith.Slenkovich@wilmerhale.com
Craig E. Davis  (SBN 221356)
   Craig.Davis@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee  (*pro hac vice* pending)
   William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

James M. Dowd  (SBN 259578)
   James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

*Attorneys for Plaintiff* MEDIATEK INC.