1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11

MEIDATEK, INC.,                              Case No. 11-5341 YGR (JSC)
12              Plaintiff,                    **ORDER DENYING MOTION TO**
13                                            **COMPEL (DKT. NO. 74)**
        v.
14

15   FREESCALE SEMICONDUCTOR, INC.,

16
              Defendant.
17

18

19       Plaintiff Mediatek, Inc. ("Mediatek") filed this suit against Defendant Freescale

20   Semiconductor, Inc. ("Freescale") alleging patent infringement.  Now pending before the

21   Court is the parties' joint discovery letter regarding Mediatek's motion to compel production

22   of documents.  Mediatek seeks to compel Freescale to respond to discovery related to

23   products which Mediatek did not specifically identify as accused products in its Preliminary

24   Infringement Contentions ("PICs").  After careful review of the parties' submissions, and

25   having had the benefit of oral argument on February 12, 2013, the Court DENIES Mediatek's

26   motion.  If Mediatek wishes to seek discovery of these products on the ground that they

27   infringe the patents-in-suit, it must first seek and be allowed to amend its PICs to include

28   these additional accused products.

United States District Court
Northern District of California

United States District Court
Northern District of California

## DISCUSSION

"The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Bender v. Maxim Integrated Prods., Inc.*, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (alteration in original) (internal citation omitted). Patent Local Rule 3-1 is a discovery device that "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Network Caching Tech., LLC v. Novell, Inc.*, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002). The Rules are also intended to require the party claiming infringement "to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed." *Bender v. Advanced Micro Devices, Inc.*, 2010 WL 363341, at *1 (N.D. Cal. Feb. 1, 2010).

The Rules "place the burden of specifically identifying all accused devices on the plaintiff." *Infineon Technologies AG v. Volterra Semiconductor Corp.*, 2012 WL 6184394, at *3 (N.D. Cal. Dec. 11, 2012). To that end, they require the party claiming infringement to

> separately identify for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known.

Patent L.R. 3-1(b). This Rule requires "*specific* identification of particular accused products." *Oracle America v. Google Inc.*, 2011 WL 4479305, at *2 (N.D. Cal. Sep. 26, 2011). "It does 'not tolerate broad categorical identifications' or 'the use of mere representative examples.'" *Infineon Technologies, AG*, 2012 WL 6184394, at *3 (quoting *Oracle America,* 2011 WL 4479305 *2). Further, if a party wishes to amend contentions to add additional accused products, it may only do so "by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Good cause may include the "recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." *Id.*

United States District Court
Northern District of California

1    MediaTek's infringement contentions identified "by name all of the Freescale products

2    that, as of the PICs' date, MediaTek had been able to identify from public sources as

3    containing one or more features" which MediaTek contend infringe.  (Dkt. No. 74 at 1.)  The

4    contentions also "identified" as accused products all "products that operate in the same or

5    substantially similar manner" as the named products.  (*Id.*)

6    Mediatek subsequently propounded written discovery on "Freescale Accused

7    Products," which Mediatek defined as

8    all Freescale products that contain one of the features that MediaTek's PICs identified
     as infringing. These infringing features are:  (i) a Multi-Layer AHB Crossbar Switch
9    (AHBMAX); (ii) an External Memory Controller (EXTMC) or External Memory
     Interface (EMI); (iii) a Multi Master Multi Memory Interface (M41F); (iv) QUICC
10   Engine module; (v) an Arbiter Module capable of operating in Fixed Mode and/or
     Round Robin Mode; (vi) Clock Control Module (CCM) or DVFS load tracking block
11   that enables dynamic voltage frequency scaling.

12

13   (Dkt. No. 74 at 1.)  In other words, even if MediaTek did not identify a Freescale product by

14   name in its PICs, it demands that Freescale produce discovery as to that unnamed product if

15   Freescale determines that the product contains one of the above-identified features.

16   The Court is unpersuaded that MediaTek is entitled to such broad discovery.  As the

17   court explained in *Infineon Technologies*—a case upon which MediaTek relies—a party need

18   not identify an accused product by name in the narrow circumstance of when "the plaintiff

19   does not know of the allegedly infringing product when its serves its infringement contentions

20   and could not have discovered the product absent discovery."  2012 WL 6184394 at *3.

21   MediaTek has failed to meet this standard.  The joint discovery letter does not explain why

22   publicly available documents allowed it to identify nine Freescale product families, but

23   Freescale's publicly available documents as to other products are insufficient.  Instead,

24   MediaTek appears to be asking that Freescale conduct MediTek's pre-filing investigation for

25   it.  The Local Rules do not envision nor permit such a process.  Since the additional products

26   on which MediaTek seeks discovery have not been accused in this case, MediaTek is not

27   entitled to discovery as to those products (unless such discovery is somehow related to the

28   claims involving the accused products).  *See Kelora Systems, LLC v. Target Corp.*, 2011 WL

5444419, at *2 (N.D. Cal. Nov. 9, 2011).  To require Freescale to produce voluminous discovery related to every product which Freescale determines contains any particular feature eviscerates the goal of the Patent Local Rules to streamline discovery by requiring the party claiming infringement to identify with particularity how each accused product infringes the patents-in-suit.  It would also render meaningless the requirement of Patent Local Rule 3-6 that a party show "good cause" before being allowed to amend its PICs to include additional accused products.

The other cases upon which MediaTek relies highlight the lack of support for its position.  In *Epicrealm Licensing, LLC v. Autoflex Leasing, Inc.*, 2007 WL 2580969 (E.D. Tex. 2007), a case in the Eastern District of Texas, the court relied on cases from its own district allowing discovery on the "technical operation of any products reasonably similar to any accused product," *id.* at *3, as well as the local rules in the Northern District of Texas which expressly direct that "'the scope of discovery is not limited to the preliminary infringement contentions or preliminary invalidity contentions but is governed by the Federal Rules of Civil Procedure.'"  *Id.*  A different standard applies here.  *See Kelora Systems,* LLC, 2011 WL 5444419 at *2.  Similarly, *EPOS Technologies v. Pegasus Technologies*, 842 F.Supp.2d 31, 32 (D.D.C. 2012), was not applying the Local Rules of this District.  Finally, in *Advanced Micro Devices, Inc. v. Samsung Electronics Co*, 2009 WL 1834147, at *3 (N.D. Cal. 2009), the plaintiff identified the specific product on which it was seeking discovery, and established that it had only learned of the product's infringement from deposition testimony. *Id.*  Neither of those circumstances is present here.  Moreover, the case was decided before the amendments to the Patent Local Rules which require the infringement plaintiff to identify with specificity the accused products and how they infringe.  *See Kelora Systems, LLC*, 2011 WL 5444419 at *2.

At oral argument MediaTek explained that it had, in fact, identified some additional products, but that it did not know whether the products were manufactured or sold in the United States such that they can be sued upon in this lawsuit.  It is apparently MediaTek's belief that consistent with Federal Rule of Civil Procedure 11 it cannot include such products

in its PICs until it has a good faith belief in a United States nexus.  While MediaTeks PICs contain no hint that is withholding the identification of products solely because of a lack of information as to a United States nexus, and Freescale does not agree that MediaTek must allege a United States nexus in order to include a product as accused in its PICs, Freescale has nevertheless agreed (with some encouragement from the Court) to advise MediaTek whether particular products as identified by MediaTek were sold or manufactured in the United States. The parties shall meet and confer and agree on a process for the prompt provision of such information to MediaTek in a useful form.

MediaTek also explained that it believes there are additional products that infringe, but that these products are not sufficiently identifiable from publicly available websites. According to the representations made at oral argument, its belief is based upon its review of documents already produced by Freescale.  In other words, MediaTek contends that Freescale produced non-publicly available documents that reveal additional infringing products that MediaTek could not have identified from publicly available sources.  Freescale disagrees.  As the parties have never met and conferred to discuss whether these documents actually reveal previously unidentifiable products they shall do so.  After a meaningful meet and confer, MediaTek can decide whether to move to amend its PICs to include the products it claims it was only able to identify from non-public sources, as well as whether to renew its motion for specific discovery based on a particularized showing—a showing which it was unable to make in the joint letter brief.

Finally, a third category of products are those that were released after the submission of MediaTek's PICs.  If MediaTek desires discovery related to those products as infringing, it must seek and obtain permission to amend its PICs to include such products as accused, although the parties may stipulate to such amendment.

## CONCLUSION

Under the Patent Local Rules a party claiming infringement must do everything it reasonably can do to identify all accused products in its PICs; it may not transfer the burden of identifying accused products to the defendant.  If a party identifies additional infringing

United States District Court
Northern District of California

1  products after service of the PICs, then it must move to amend the PICs to include the

2  additional accused products before seeking discovery on them.  This is the orderly process

3  required by the Patent Local Rules and the caselaw in this District.

4       At the same time, however, the Rules do not require the party alleging infringement to

5  perform the impossible.  There may be circumstances where publicly available information

6  does not disclose a potentially infringing product and therefore some directed, proportional

7  discovery may be appropriate, but only upon a showing of a reasonable belief that such

8  additional products actually exist and that they cannot be discovered with publicly available

9  information.  As such showing has not been made here, MediaTek's motion is denied.

10       The parties shall nevertheless meet and confer in person as directed above.  Such meet

11  and confer shall occur on or before February 26, 2013, unless the parties agree otherwise.

12  The parties shall utilize the procedure set forth in this Court's Civil Standing Order with

13  respect to any future discovery disputes.  The parties should note that the idea behind the joint

14  discovery letter is to consolidate into one document the motion/opposition/reply of a 35-day

15  noticed motion.  Thus, the moving party should file the letter and have the last word; that is, it

16  should be able to respond to the opposing party's portion of the letter just as it would in a

17  reply memorandum.  Further, the parties should submit any declarations or exhibits necessary

18  to support their positions with the joint letter.

19       This Order disposes of Docket No. 74.

20

21       **IT IS SO ORDERED.**

22

23  Dated:  February 13, 2013

24                                    _____
                                       JACQUELINE SCOTT CORLEY
25                                    UNITED STATES MAGISTRATE JUDGE

26

27

28