**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MEDIATEK INC.,**<br><br>            **Plaintiff,**<br><br>    vs.<br><br>**FREESCALE SEMICONDUCTOR, INC.,**<br><br>            **Defendant.** | Case No.: 11-cv-5341 YGR<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO SEAL** |

On March 29, 2013, Plaintiff Mediatek, Inc. ("Mediatek") filed a Motion to File Under Seal requesting that the Court seal certain portions of its brief, declarations, and exhibits submitted in support of its Motion for Leave to Amend Its Disclosure of Asserted Claims & Infringement Contentions. (Dkt. No. 79.) Mediatek's motion was based on its stipulated joint protective order with Defendant Freescale Semiconductor, Inc. ("Freescale"), and Freescale's designation of certain documents as confidential under that protective order. On April 5, 2013, Freescale filed a declaration of attorney Mark Patrick in support of the Motion to File Under Seal. (Dkt. No. 83.)[1]

Two very different standards govern motions to seal. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009) *opinion amended and superseded on denial of reh'g,* 605 F.3d

---

[1] The Court notes that this entire document was filed under seal. Local Rule 79-5(d) does not contemplate that the declaration explaining the basis for sealing will itself be sealed without further order of the Court. Leaving aside the exhibits, there does not appear to be any basis for sealing the Patrick Declaration itself. The declaration should have been filed in the public record in the first instance. Defendant is cautioned to adhere to the letter and principle of the rules concerning sealing in any future filings.

665 (9th Cir. 2010).  For most judicial records, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents, including judicial records.  *Id*. *citing Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006).  However, the less stringent Rule 26(c) "good cause" standard applies to private documents submitted in connection with non-dispositive motions, since such motions are often unrelated or only tangentially related to the merits of the underlying claims.  *Pintos,* 565 F.3d at 1116; *Kamakana,* 447 F.3d at 1179-80.  Under Rule 26(c), a court may seal the documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including requiring that trade secret or confidential information not be revealed.  F.R.C.P. 26(c)(1)(G).  Simply entering into a blanket, stipulated protective order does not, on its own, establish "good cause" under Rule 26(c).  *See Kamakana*, 447 F.3d at 1183 ("the hazard of stipulated protective orders. . .  [is that they] often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of . . . making an individualized determination as to specific documents.")

Here, the documents sought to be sealed include:

1.   Portions of MediaTek's Motion for Leave to Amend Its Disclosure of Asserted Claims & Infringement Contentions (Motion to Amend) (Dkt. No. 79-3);

2.   Portions of the Declaration of Michael P. Wickey in Support of MediaTek Inc.'sMotion to Amend Infringement Contentions (Wickey Declaration) (Dkt. No. 79-5);

3.   Portions of Wickey Decl. Ex. Q (Dkt. No. 79-29);

4.   Portions of Wickey Decl. Ex. T (Dkt. No. 79-32);

5.   The entirety of Wickey Decl. Ex. B (Dkt. No. 79-13);

6.   The entirety of Wickey Decl. Ex. O (Dkt. No. 79-27);

7.   The entirety of Wickey Decl. Ex. A.6, Exhibit C-7, Infringement Chart for U.S. Patent No. 6,088,753, MXC91131, MXC91331, MXC91321 Processors (Dkt. No. 79-11);

8.   Portions of Wickey Decl. Ex. U (Dkt. No. 79-33).[2]

---

[2] Freescale withdrew its confidentiality designation as to the redacted portions of Docket Nos. 79-6 and 79-7 [Chart A-1]; 79-8 [Charts B-1 and B-2]; 79-9 [Chart B-3]; 79-28 [Wickey Exh. P., 2/17/13 letter between counsel]; and 79-36 [Declaration of Schroeder].  Therefore, the Motion to File Under Seal is **DENIED** as to these documents as well.

The Court finds that good cause has only been established as to a small portion of these documents and the basis offered to seal the others is inadequate. The declaration of Mark Patrick offers very little detail or specificity as to the reasons the listed documents should be sealed from the public record. For instance, with respect to documents listing its product families sold in the United States, Patrick says generally that disclosure would competitively disadvantage it because, although most of the information is public available, it is not made available in summary form. This is insufficient to establish that the information is confidential or trade secret, much less any other good cause for sealing. Similarly, Freescale contends certain documents would reveal "manufacturing activities," "processes," and locations, but that explanation, coupled with a review of the redacted portion of the documents in question, does not support a finding of good cause. Consequently, the Motion to File Under Seal is **DENIED** as to:

- Portions of MediaTek's Motion for Leave to Amend Its Disclosure of Asserted Claims & Infringement Contentions (Motion to Amend) (Dkt. No. 79-3);
- Portions of the Declaration of Michael P. Wickey in Support of MediaTek Inc.'sMotion to Amend Infringement Contentions (Wickey Declaration) (Dkt. No. 79-5);
- Portions of Wickey Decl. Ex. Q (Dkt. No. 79-29);
- Portions of Wickey Decl. Ex. T (Dkt. No. 79-32); and
- The entirety of Wickey Decl. Ex. B (Dkt. No. 79-13).

In addition, sealing is **DENIED** as to the Declaration of attorney Mark Patrick in support of the Motion to File Under Seal. (Dkt. No. 83) and it should likewise be filed in the public record forthwith.

As to the remainder of the documents, Freescale has made an adequate showing of good cause to seal in connection with this non-dispositive motion. The Patrick Declaration is sparse, but when read in connection with a review of the documents themselves, it is sufficient to explain why these documents are confidential and arguably trade secret information appropriate for sealing. As a result the motion is **GRANTED** as to:

- The entirety of Wickey Decl. Ex. O (Dkt. No. 79-27);

- The entirety of Wickey Decl. Ex. A.6, Exhibit C-7, Infringement Chart for U.S. Patent No. 6,088,753, MXC91131, MXC91331, MXC91321 Processors (Dkt. No. 79-11); and
- Portions of Wickey Decl. Ex. U (Dkt. No. 79-33)

However, this order does not permit any party to file the same documents under seal in connection with a future motion. To the extent the documents are offered in connection with a dispositive motion or at trial, any party seeking to seal the document will be required to make a new motion.

The Court further Orders that Plaintiff Mediatek serve notice of motion setting its Motion for Leave to Amend Its Disclosure of Asserted Claims & Infringement Contentions for hearing on **May 14, 2013, at 2:00 p.m.** The briefing schedule on the motion remains the same, based on the March 29, 2013 filing date.[3]

This Order terminates Docket No. 79.

**IT IS SO ORDERED**.

Dated: April 19, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] The Court notes that Mediatek's opening brief on its Motion for Leave to Amend did not comply with Local Rule 3-4(c)(2) in that the font size of the footnotes was not 12-point type. Future filings must comply with this rule.