# WILMERHALE

April 29, 2013

**Keith Slenkovich**

+1 650 858 6110 (t)
+1 650 858 6100 (f)
keith.slenkovich@wilmerhale.com

**VIA ECF FILING**

The Honorable Jacqueline Scott Corley
U.S.D.C., N.D. California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *MediaTek Inc. v. Freescale Semiconductor, Inc.*, **Case No. 4:11-cv-05341 (YGR)**

Dear Magistrate Judge Corley:

Plaintiff MediaTek Inc. ("MediaTek") submits this letter pursuant to the Court's discovery orders. MediaTek met and conferred with Defendant Freescale Semiconductor, Inc. ("Freescale") on April 5, 2013, but no resolution was reached. On April 12, MediaTek sent a draft joint letter to Freescale addressing these issues and asking for Freescale's responsive portions by Wednesday, April 17. Freescale did not provide them. Freescale has repeatedly delayed discovery, taking every opportunity to drag out negotiations over what should be non-controversial requests. MediaTek therefore seeks an order compelling Freescale to produce: (1) all licenses relating to the accused products and (2) an identification of third-party products that incorporate or utilize the accused products.

## I. Licenses Related to the Accused Products

The licensing practices of the parties are relevant to the determination of damages under *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970). MediaTek has sought discovery on Freescale's practices. *See, e.g.*, Ex. A (Interrogatory No. 21); Ex. B (Request for Production Nos. 33-34). When the parties met and conferred to address Freescale's boilerplate objections, Freescale conceded that it actually did have licenses responsive to this request but refused to produce what it described as "broad cross-licenses" covering the accused products, refused to explain its criteria for what constitutes a "broad cross-license" subject to exclusion, and refused to identify what licenses would remain for production after the application of this exclusion. Instead, Freescale argued that these licenses are "not relevant" and that Freescale alone gets to make that relevance call.

As MediaTek's draft joint letter pointed out, admissibility under Fed. R. Evid. 401 is not the standard for discovery. Freescale's licensing practices (including its "broad cross-licenses") are without question "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see Positive Tech., Inc. v. Sony Elec., Inc.*, 2013 WL 1209338, at *1-3 (N.D. Cal. March 25, 2013) (granting motion to compel all licenses covering the accused products, rejecting defendant's attempt to conflate admissibility at trial with relevance under Fed. R. Civ. P. 26(b)). In light of this authority, Freescale has represented that it will identify and produce licenses responsive to Interrogatory No. 21 subject to the requisite notice and disclosure

WILMERHALE

Magistrate Judge Corley
April 29, 2013
Page 2

requirements provided under those licenses. This discovery has been outstanding since April 13, 2012, and yet Freescale claims it is just now seeking the requisite notice and disclosure. In any event, third-party confidentiality concerns do not justify withholding or delaying the production of this material. *See, e.g.*, *Facciola v. Greenberg Traurig LLP*, 2011 WL 5244945, at *1 (D. Ariz. Nov. 3, 2011) ("The mere fact that the documents may contain confidential, third-party financial information does not make them undiscoverable, particularly here where a protective order is in place."). Because Freescale refuses to voluntarily produce this discovery, MediaTek respectfully requests an order compelling an immediate, complete answer to Interrogatory No. 21 (*see* Ex. A), as well as production of the documents requested by Request for Production Nos. 33-34 (*see* Ex. B), including production of all licenses that cover the accused products, all Freescale patents that are practiced by the accused products, and all licenses under those patents.

## II.     Downstream Products Incorporating Freescale's Infringing Chips

MediaTek seeks the identity of third-party products that incorporate Freescale Accused Products. *See, e.g.*, Ex. C (Interrogatory No. 23). These facts are relevant to at least Freescale's induced and contributory infringement. *See, e.g.*, *Dolby Labs., Inc. v. Lucent Tech., Inc.*, 2004 WL 2445232, at *5 (N.D. Cal. May 26, 2004) ("Lucent's counterclaim clearly alleges that Dolby induces infringement of the patents-in-suit either directly or indirectly through its licenses and technical assistance to other companies. Lucent is, therefore, entitled to review the communications between Dolby and its licensees to confirm, or refute, such inducement."); *Roto-Finish Co. v. Ultramatic Equip. Co.*, 60 F.R.D. 571, 572 (N.D. Ill. 1973) (compelling discovery of "names and addresses of the purchasers and users of [the accused products]," the "dates such sales were made," and "all related documents and sales records relating to sales and use" of the accused products as relevant to plaintiff's claim of induced infringement). At the parties' April 5 meet and confer, MediaTek explained that Interrogatory No. 23 has been outstanding since January, that the information sought is directly relevant to induced and contributory infringement, and that Freescale must have conferred with its client about this interrogatory in order to formulate its existing objections. In its April 17 response letter, Freescale promised "to serve [a] supplemental response by the end of next week." (four months after the discovery issued), s*ee* Ex. C at 2. But, that week ended without any supplemental response from Freescale. Accordingly, MediaTek respectfully requests that the Court order Freescale to provide an immediate, substantive, and complete response to Interrogatory No. 23.

Respectfully submitted,

 */s/ Keith Slenkovich*

Keith Slenkovich