# EXHIBIT B

Keith L. Slenkovich  (SBN 129793)
    Keith.Slenkovich@wilmerhale.com
Joseph F. Haag  (SBN 248749)
    Joseph.Haag@wilmerhale.com
Nathan L. Walker (SBN 206128)
    Nathan.Walker@wilmerhale.com
Craig E. Davis  (SBN 221356)
    Craig.Davis@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (*pro hac vice*)
    William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

James M. Dowd  (SBN 259578)
    James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:   (213) 443-5400

*Attorneys for Plaintiff MEDIATEK INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| MEDIATEK INC.<br><br>                     Plaintiff,<br><br>          v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>                     Defendant. | **Civil Action No.  4:11-cv-05341 (YGR)**<br><br>**PLAINTIFF MEDIATEK INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT FREESCALE SEMICONDUCTOR, INC. (NOS. 1-50)** |

Wilmer Cutler Pickering Hale and Dorr LLP<br>950 Page Mill Road<br>Palo Alto, California 94304

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff MediaTek Inc. ("MediaTek") requests that defendant Freescale Semiconductor, Inc. ("Freescale") produce the following documents, electronically stored information, and things for inspection and copying at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, California, 94304, within thirty days of service of this request, or at another mutually agreeable time and place.

## INSTRUCTIONS

The following instructions apply to the requests below and should be considered part of each request.

1.      Freescale is requested to provide all responsive documents, electronically stored information, and things.  If Freescale withholds any requested documents, electronically stored information, or things responsive to these requests for any reason, Freescale is requested to state the basis for withholding the documents, electronically stored information, or things in a manner sufficient to enable MediaTek and the Court to evaluate the validity of the withholding.  For any information withheld on the grounds of privilege, work product, or other alleged protection against disclosure, Freescale is instructed to provide at least the following information:

      a.      A description of the document, electronically stored information, or thing withheld;

      b.      The date on which the document, electronically stored information, or thing was prepared;

      c.      The type or general nature of the document, electronically stored information, or thing (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, database, spreadsheet, *etc.*);

      d.      The name, title, and company affiliation of the person who created the document, electronically stored information, or thing;

      e.      For any document or electronically stored information containing a signature, whether physical or electronic, the name, title, and company

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California  94304

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1   affiliation of the person who signed the document or electronically stored

2   information;

3   f.   The name, title, and company affiliation of each person to whom the

4   document, electronically stored information, or thing has been disclosed;

5   g.   The name, title, and company affiliation of each person who maintains

6   custody of the document, electronically stored information, or thing;

7   h.   A description of the general subject matter of the document, electronically

8   stored information, or thing; and

9   i.   A description of the basis for withholding the document, electronically

10   stored information, or thing, sufficient to permit the Court to evaluate

11   Freescale's basis for withholding it.

12   2.   All requests should be given their broadest reasonable construction, so as to bring

13   within their scope all documents, electronically stored information, and things that might

14   otherwise be considered beyond their scope.  In particular:

15   a.   The singular form of a word should be interpreted as plural, and the plural

16   form of a word should be interpreted as singular, whenever appropriate in

17   order to bring within the scope of any request documents, electronically

18   stored information, or things that might otherwise be considered beyond

19   its scope;

20   b.   The connectives "and" and "or" should be construed either disjunctively

21   or conjunctively, whichever makes the request most inclusive; and

22   c.   The word "any" should be construed to mean each and every.

23   3.   If Freescale objects to any request on the ground that it is ambiguous in whole or

24   in part, identify in the objection the particular language that Freescale contends is ambiguous and

25   state the interpretation of that language that Freescale has used to identify responsive documents,

26   electronically stored information, or things.

27

28

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

4.      If Freescale objects to any portion of any request for any reason, Freescale is instructed to produce documents, electronically stored information, and things in response to all portions of the request to which its objection does not apply.

5.      None of the definitions and instructions or the requests set forth below should be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or request.

6.      These requests are ongoing and continuing in nature.  Freescale is requested to supplement its responses in accordance with Federal Rule of Civil Procedure 26(e).

7.      In the event that multiple copies of a document exist, Freescale should produce every copy on which appear any notations or markings of any sort not appearing on any other copy.

## DEFINITIONS

The following definitions apply to the instructions above and interrogatories set forth below:

1.      "Freescale," "you" and "your" means Freescale Semiconductor, Inc. and any of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct or indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting on their behalf.

2.      "MediaTek" means MediaTek Inc. and any of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct or indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting on their behalf.

3.      "'845 Patent" means United States Patent No. 6,738,845, entitled "Bus Architecture and Shared Bus Arbitration Method for a Communication Device."

4.      "'331 Patent" means United States Patent No. 6,889,331, entitled "Dynamic Voltage Control Method and Apparatus."

5.      "'753 Patent" means United States Patent No. 6,088,753, entitled "Bus Arrangement for Interconnection of Discrete and/or Integrated Modules in a Digital System and Associated Method."

6.      "'244 Patent" means United States Patent No. 6,311,244, entitled "Priority Allocation in a Bus Interconnected Discrete and/or Integrated Digital Multi-Module System."

7.      "MediaTek Patents-in-Suit," "Patents-in-Suit," and "Asserted Patents" mean the '845, '331, '753, '244 Patents.

8.      "Freescale Product" means any product, component, system, circuit device, integrated circuit, processor, multimedia application processor, microcontroller, or system-on-chip that has been designed, developed, tested, made, used, demonstrated, imported into the United States, offered for sale, or sold by Freescale.

9.      "Freescale Accused Products" and "Freescale Accused Product" mean:

    a.      Freescale's multimedia processor family i.MX31;

    b.      Freescale's multimedia processor family i.MX35;

    c.      Freescale's multimedia processor family i.MX50;

    d.      Freescale's multimedia processor family i.MX51;

    e.      Freescale's multimedia processor family i.MX53;

    f.      Freescale's multimedia processor family MCF521X;

    g.      Freescale's multimedia processor family MCF5225X;

    h.      Freescale's multimedia processor family MPC8358E;

    i.      Freescale's multimedia processor family MPC8360E; and

    j.      All Freescale Products that contain, include, or support:  (i) a clock signal that operates at multiple frequencies; (ii) a bus architecture that connects at least two processors to memory controllers or devices; and/or (iii) bus arbitration between at least two bus masters and at least two bus slaves.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1    10.    The term "bus master" means any component, module, or device connected to a

2    bus that can request read or write access to another component, module, or device connected to

3    the bus.

4    11.    The term "bus slave" means any component, module, or device connected to a

5    bus that responds to a read or write request from a bus master.

6    12.    The term "Fixed Mode Arbitration" means a bus arbitration mode where a bus

7    master with highest priority wins access to the bus, similar to the bus arbitration mode described

8    in Section 14.6.2.2 of the Freescale document titled "MCF52259 ColdFire® Integrated

9    Microcontroller Reference Manual," Document Number: MCF52259RM, Rev. 4 3/2011.

10    13.    The term "Round-Robin Mode Arbitration" means a bus arbitration mode using a

11    scheme that cycles through a sequence of bus masters, similar to the bus arbitration mode

12    described in Section 14.6.2.1 of the Freescale document titled "MCF52259 ColdFire® Integrated

13    Microcontroller Reference Manual," Document Number: MCF52259RM, Rev. 4 3/2011.

14    14.    The term "document" has the broadest meaning permitted under Federal Rule of

15    Civil Procedure 34(a) and shall be construed to mean, without limitation, each and every writing,

16    whether an original, a draft, or a copy, however produced or reproduced, and each and every

17    thing from which information can be processed or transcribed, and includes, without limitation,

18    all things meeting the definitions of "writings" and "recordings" as set forth in Fed. R. Evid.

19    1001. A "document" is any written, printed, typed, stored, photostated, photographed, recorded,

20    or otherwise reproduced communication, compilation, or reproduction, including computer or

21    electronically generated or stored information or data, whether privilege is asserted over them or

22    not. As used herein, the term "document" also specifically includes all forms of electronically

23    stored information. A draft or non-identical copy that contains marks such as initials, comments,

24    or notations of any kind is not deemed to be identical to one without such marks and is a separate

25    document within the meaning of this term.

26    15.    The term "communication" has the broadest meaning permitted under the Federal

27    Rules of Civil Procedure, and includes the transmittal of information in the form of facts, ideas,

28

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1    inquiries, or otherwise by any means, including but not limited to any meeting, conversation,

2    discussion, conference, correspondence, message, or other written or oral transmission,

3    exchange, or transfer of information in any form between two or more persons, including but not

4    limited to in person or by telephone, facsimile, telegraph, telex, e-mail or other medium.

5        16.    The terms "identify," "specify," and "state" have the following meanings:

6            a.    When applicable to documents or electronically stored information, to

7    provide at least:  (i) the name or title of the document or electronically

8    stored information; (ii) the date on which the document or electronically

9    stored information was prepared; (iii) the name, title, and company

10   affiliation of the person who created the document or electronically stored

11   information; (iv) the name, title, and company affiliation of each person to

12   whom the document, electronically stored information, or thing was

13   disclosed; (v) the type or general nature of the document or electronically

14   stored information (*i.e.*, whether it is a letter, memorandum, minutes of a

15   meeting, database, spreadsheet, etc.); (vi) the present location of the

16   document or electronically stored information; and (vii) the name, title,

17   and company affiliation of each person who maintains custody of the

18   document or electronically stored information;

19           b.    When applicable to a communication, to provide at least:  (i) the date,

20   time, and place of the communication; (ii) the manner of the

21   communication; (iii) the substance of the communication; (iv) the names

22   of all parties who participated in, read, heard, saw, or otherwise had access

23   to the contents of the communication, whether in its original form on in

24   summary or transcript; and (v) the identity of all documents that

25   memorialize, commemorate, summarize, record, or refer to the

26   communication;

27

28

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

c.   When applicable to a natural person, to provide at least:  (i) the person's full name; (ii) the person's last known residential address and telephone number; (iii) the name of the person's last known employer; (iv) the person's last known business address and telephone number; and (v) the person's last known title or position of employment;

d.   When applicable to an entity, to provide at least:  (i) the full name of the entity; (ii) the last known address and telephone number of its principal place of business; (iii) the type of entity (*i.e.*, whether it is a corporation, partnership, association, etc.); and (iv) the state, commonwealth, territory of the United States, or other governmental body in which the entity is registered to do business, together with the dates of such registration; and

e.   When applicable to any other information, to provide sufficient details concerning the characteristics or properties of the requested information so as to enable it to be readily located and distinguished.

17.   The terms "person" and "party" mean any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity.

18.   "RFP" means any request for proposal, request for quote, request for information, or any other similar request from a potential customer of Freescale soliciting a proposal for purchase or sale of Freescale Products.

19.   "Gross Unit Sales" means the total units sold of Freescale Products.

20.   "Net Unit Sales" means the Gross Unit Sales minus any returns.

21.   "Gross Revenue" means total receipts from the sale or license of Freescale Products.

22.   "Net Revenue" means Gross Revenue minus any rebates, discounts, allowances, credit returns, pricing errors, or any other reimbursement or adjustment from total receipts.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

23.    "Cost of Goods Sold" means the sum of all costs that vary with the volume of Freescale Products sold or licensed.

24.    "Gross Profit" means Net Revenue minus Cost of Goods Sold.

25.    "Net Profit" means Gross Profit minus operating expenses (i.e., selling, general, and administrative expenses).

26.    "Gross Profit Margin" means the Gross Profit divided by Net Revenue.

27.    "Net Profit Margin" means the Net Profit divided by Net Revenue.

28.    The terms "concerning" and "concern" mean relating to, alluding to, referring to, constituting, describing, discussing, supporting, evidencing and/or regarding.

## REQUESTED DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

**REQUEST NO. 1:**

All documents concerning any of the MediaTek Patents-in-Suit.

**REQUEST NO. 2:**

All documents concerning the scope, infringement, possible infringement, validity, possible validity, or enforceability of any claim of any of the MediaTek Patents-in-Suit.

**REQUEST NO. 3:**

All documents concerning any device or method described or claimed in any of the MediaTek Patents-in Suit.

**REQUEST NO. 4:**

All documents concerning Freescale's first awareness of any of the MediaTek Patents-in-Suit, including but not limited to documents concerning the date and circumstances under which Freescale first became aware of each of the MediaTek Patents-in-Suit.

**REQUEST NO. 5:**

All documents concerning any step(s) that Freescale has taken to avoid infringement of any of the MediaTek Patents-in-Suit.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1

**REQUEST NO. 6:**

2        All documents concerning any effort by Freescale to design or redesign any device to

3  avoid infringement of any claim of any of the MediaTek Patents-in-Suit.

4  **REQUEST NO. 7:**

5        All documents concerning any communication between Freescale and any third party,

6  including but not limited to Freescale's customers, regarding any of the MediaTek Patents-in-

7  Suit.

8  **REQUEST NO. 8:**

9        All documents concerning any search, investigation, opinion, or consideration by

10 Freescale or any third party concerning the scope, validity, enforceability, and/or infringement of

11 any claim of the MediaTek Patents-in-Suit.

12 **REQUEST NO. 9:**

13        All documents concerning any opinion of counsel concerning any of the MediaTek

14 Patents-in-Suit on which Freescale has relied or may rely.

15 **REQUEST NO. 10:**

16        All documents that support or otherwise concern your contention that "Freescale has not

17 infringed and does not infringe (directly, indirectly, literally or under the doctrine of equivalents)

18 any valid and enforceable claim of the '845, '331, '753, or '244 patents (collectively, the

19 Patents-in-Suit)."  (*See* First Affirmative Defense)

20 **REQUEST NO. 11:**

21        All documents that support or otherwise concern your contention that "[o]ne or more of

22 the claims of the Patents-in-Suit are invalid for failure to comply with one or more the provisions

23 of Part II of Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112."

24 (*See* Second Affirmative Defense)

25

26

27

28

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1

**REQUEST NO. 12:**

2      All documents that support or otherwise concern your contention that "[s]ome or all of

3  Freescale's use, if any, of the alleged inventions [of the MediaTek Patents-in-Suit] is licensed."

4  (*See* Third Affirmative Defense)

5

**REQUEST NO. 13:**

6      All documents concerning any contention by you that you are not liable for infringement

7  of any claim of the MediaTek Patents-in-Suit for any reason.

8

**REQUEST NO. 14:**

9      All documents concerning any contention by Freescale that any infringement by

10  Freescale of the MediaTek Patents-in-Suit is or was not willful.

11

**REQUEST NO. 15:**

12      Five functional samples of each Freescale Accused Product.

13

**REQUEST NO. 16:**

14      Documents sufficient to identify and correlate every product number, internal name, code

15  name, alternative product name or number, reference code, or other code or name used to

16  identify each Freescale Accused Product.

17

**REQUEST NO. 17:**

18      Documents sufficient to identify the part number and/or die marking for each component

19  or part found in each Freescale Accused Product.

20

**REQUEST NO. 18:**

21      Documents sufficient to show, for each Freescale Accused Product: (a) the date and

22  location of each manufacture, use, offer for sale, sale, or importation; and (b) the name of the

23  person to whom any such offer for sale or sale was made.

24

**REQUEST NO. 19:**

25      All documents concerning the conception, design, development, structure and/or

26  operation of any Freescale Accused Product, including circuit diagrams, source code,

27  schematics, flow charts, block diagrams, technical specifications, firmware, datasheets,

28

1   application notes, training materials, user manuals, and reference manuals.

2   **REQUEST NO. 20:**

3        All documents concerning the conception, design, development, structure, function

4   and/or operation of the following features and portions of each Freescale Accused Product:

5   - Dynamic Voltage/Frequency Scaling (DVFS)

6   - Clock Control Module (CCM)

7   - General Power Controller (GPC)

8   - External Memory Controller (EXTMC), also called the External Memory
    Interface (EMI) in some products, including the arbitration schemes used

9

10  - Multi Master Multi Memory Interface (M4IF), including the arbitration schemes
    used

11  - Multi Layer AHB Crossbar Switch (AHBMAX), including the arbitration
    schemes used

12  - Internal Bus Arbitration in the System Control Module (SCM)

13  - QUICC Engine Block

14  - ARM platform

15  - AXI, AHB, and IP busses

16  - Image Processing Unit (IPU)

17  - SAHARA security coprocessor, also called SAHARA lite in some products

18  - Smart DMA or SDMA

19  - On-chip bus arbiters

20

21  Without limiting the foregoing, Freescale's production in response to this request should include

22  all responsive circuit diagrams, source code, schematics, flow charts, block diagrams, technical

23  specifications, firmware, datasheets, application notes, training materials, user manuals, and

24  reference manuals.

25  **REQUEST NO. 21:**

26       All source code for any software, firmware, program code, microcode, or other embedded

27  instruction contained in or associated with the following features and portions of each Freescale

28

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

Accused Product:

- Dynamic Voltage/Frequency Scaling (DVFS)

- Clock Control Module (CCM)

- General Power Controller (GPC)

- External Memory Controller (EXTMC), also called the External Memory Interface (EMI) in some products, including the arbitration schemes used

- Multi Master Multi Memory Interface (M4IF), including the arbitration schemes used

- Multi Layer AHB Crossbar Switch (AHBMAX), including the arbitration schemes used

- Internal Bus Arbitration in the System Control Module (SCM)

- QUICC Engine Block

- ARM platform

- AXI, AHB, and IP busses

- Image Processing Unit (IPU)

- SAHARA security coprocessor, also called SAHARA lite in some products

- Smart DMA or SDMA

- On-chip bus arbiters

**REQUEST NO. 22:**

All documents concerning any technical or other support provided by Freescale for any Freescale Accused Product related to any of the features and portions of each Freescale Accused Product listed below (including, but not limited to, communications with customers, technical support manuals, data sheets, online support, training presentations, and repair manuals):

- Dynamic Voltage/Frequency Scaling (DVFS)

- Clock Control Module (CCM)

- General Power Controller (GPC)

- External Memory Controller (EXTMC), also called the External Memory Interface (EMI) in some products, including the arbitration schemes used

- Multi Master Multi Memory Interface (M4IF), including the arbitration schemes used

- Multi Layer AHB Crossbar Switch (AHBMAX), including the arbitration schemes used

- Internal Bus Arbitration in the System Control Module (SCM)

- QUICC Engine Block

- ARM platform

- AXI, AHB, and IP busses

- Image Processing Unit (IPU)

- SAHARA security coprocessor, also called SAHARA lite in some products

- Smart DMA or SDMA

- On-chip bus arbiters

## REQUEST NO. 23:

All documents concerning Freescale's decision to design and implement Fixed Mode Arbitration in any of its products, including documents that identify any and all actual or potential clients or customers who requested features or functionalities that are embodied in, provided by, or are similar to Fixed Mode Arbitration.

## REQUEST NO. 24:

Documents sufficient to identify all customers who have purchased any Freescale Products that include Fixed Mode Arbitration and all customers that Freescale knows or has reason to believe use the Fixed Mode Arbitration.

## REQUEST NO. 25:

All documents concerning any patent that Freescale presently contends or has ever contended is practiced by any Freescale Accused Product, including any patent with which any Freescale Accused Product has ever been marked pursuant to 35 U.S.C. § 287.

## REQUEST NO. 26:

Documents sufficient to identify the manufacturer or producer of each Freescale Accused Product and the suppliers of all components contained in each Freescale Accused Product.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1

**REQUEST NO. 27:**

2   Documents sufficient to identify with particularity each location in which any Freescale

3  Accused Product was manufactured or produced, or from which any component of any Freescale

4  Accused Product was supplied.

5  **REQUEST NO. 28:**

6   All documents concerning any testing performed by or on behalf of Freescale of any

7  Freescale Accused Product, including but not limited to:  proposals for testing or evaluation;

8  testing procedures or protocols; test results or reports; and testing related to the potential or

9  actual incorporation of any Freescale Accused Product into any third-party product.

10  **REQUEST NO. 29:**

11   Documents sufficient to identify each person who has performed testing of any Freescale

12  Accused Product.

13  **REQUEST NO. 30:**

14   Document sufficient to identify each location in which any Freescale Accused Product

15  has been tested.

16  **REQUEST NO. 31:**

17   All documents concerning the marketing and advertising of any Freescale Accused

18  Product in the United States, including but not limited to, promotional literature, price lists,

19  catalogs, brochures, sales presentations, documents related to marketing strategy, market

20  analyses, sales analyses, descriptions of regional markets, consumer demand analyses, lists of

21  target customers, advertisements, press releases, strategic plans, and marketing plans.

22  **REQUEST NO. 32:**

23   All documents concerning projected or forecasted sales of any of the Freescale Accused

24  Products.

25  **REQUEST NO. 33:**

26   All documents concerning the licensing or potential licensing of any technology

27  incorporated in any of the Freescale Accused Products, including, without limitation, all license

28

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1    agreements pursuant to which Freescale has (or has had) the right to practice any third-party

2    patents and technology that has been practiced by any of the Freescale Accused Products.

3    **REQUEST NO. 34:**

4        All agreements under which Freescale has granted a license to any third party for any

5    patent(s) or technology owned by Freescale that is practiced by any of the Freescale Accused

6    Products.

7    **REQUEST NO. 35:**

8        All documents concerning any alleged acceptable non-infringing substitute(s) for any of

9    the inventions claimed in the MediaTek Patents-in-Suit.

10   **REQUEST NO. 36:**

11       Documents sufficient to show—on a quarterly basis and separately for each of the

12   Freescale Accused Products—the volume of Freescale's sales of the Freescale Accused Products

13   in units and dollars in the United States, and separately outside of the Unites States, from the

14   time Freescale began selling such products to the present.

15   **REQUEST NO. 37:**

16       Documents sufficient to identify, separately for each of the Freescale Accused Products,

17   each customer to which Freescale has sold the product and the volume (in units and dollars)

18   purchased by that customer on quarterly basis, from the time Freescale began selling the product

19   to the present.

20   **REQUEST NO. 38:**

21       Documents sufficient to show the annual profit and/or loss to Freescale from sales of the

22   Freescale Accused Products from the time Freescale began selling such products to the present,

23   including without limitation documents sufficient to show costs, gross profit margins, and net

24   profit margins.

25   **REQUEST NO. 39:**

26       Documents sufficient to show all actual manufacturing costs (including allocation of

27   depreciable equipment, capital improvements, research and development, and technology-related

28

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1   expenses, including licensing patents and royalties) on a total and/or per unit basis for each of the

2   Freescale Accused Products made by or for Freescale.

3   **REQUEST NO. 40:**

4   All documents concerning any indemnification agreement, offer for indemnification, or

5   request for indemnification by any purchaser or potential purchaser covering or otherwise

6   concerning any Freescale Accused Product or any product containing any Freescale Accused

7   Product.

8   **REQUEST NO. 41:**

9   All documents concerning the market or demand for any Freescale Accused Product

10  and/or products that compete with any Freescale Accused Product.

11  **REQUEST NO. 42:**

12  All documents concerning any market share, forecasted market share, or anticipated

13  market share of Freescale or any other person with respect to any markets in which any Freescale

14  Accused Products are sold.

15  **REQUEST NO. 43:**

16  Documents sufficient to show the organizational structure of Freescale and to identify all

17  groups, departments, business areas, and divisions of Freescale that have had any involvement

18  with the research, conception, design, development, testing, production, marketing, or sales any

19  Freescale Accused Product.

20  **REQUEST NO. 44:**

21  Documents sufficient to identify all of Freescale's predecessors-in-interest, subsidiaries,

22  parents, related corporations, partnerships, joint ventures, and affiliates that have had any

23  involvement with the research, conception, design, development, testing, production, marketing,

24  or sales of any of the Freescale Accused Products.

25  **REQUEST NO. 45:**

26  For each group, department, business area, or division of Freescale has had any

27  responsibility for the research, conception, design, development, testing, production, marketing,

28

1  or sales of any Freescale Accused Product, documents sufficient to identify all employees within

2  and the head(s) of that group, department, business area, or division, including but not limited to

3  organizational charts and employee directories.

4  **REQUEST NO. 46:**

5      Documents sufficient to explain Freescale's policies and procedures for the management,

6  storage, retention, and destruction of documents.

7  **REQUEST NO. 47:**

8      All documents identified by Freescale in this action in Freescale's initial disclosures

9  under Fed. R. Civ. P. 26(a)(1), in Freescale's disclosures under the local patent rules, or in

10  Freescale's responses to any interrogatories or requests for admission propounded during the

11  course of this litigation.

12  **REQUEST NO. 48:**

13      All documents reviewed or relied upon by any person during the course of preparing

14  Freescale's initial disclosures under Fed. R. Civ. P. 26(a)(1), Freescale's disclosures under the

15  local patent rules, or Freescale's responses to any interrogatories or requests for admission

16  propounded during the course of this litigation.

17  **REQUEST NO. 49:**

18      All documents reviewed or otherwise considered by any expert witness whose testimony

19  Freescale intends to offer or introduce in this action.

20  **REQUEST NO. 50:**

21      All documents that Freescale intends to rely upon to prove any of its defenses or

22  counterclaims in this litigation, including without limitation all documents Freescale intends to

23  use or introduce at any court proceeding, including trial.

24

25

26

27

28

*Wilmer Cutler Pickering Hale and Dorr LLP*
*950 Page Mill Road*
*Palo Alto, California 94304*

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1

2   Dated:  April 13, 2012

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

MEDIATEK INC.

By its attorneys,

Keith L. Slenkovich  (SBN 129793)
  Keith.Slenkovich@wilmerhale.com
Joseph F. Haag  (SBN 248749)
  Joseph.Haag@wilmerhale.com
Nathan L. Walker (SBN 206128)
  Nathan.Walker@wilmerhale.com
Craig E. Davis  (SBN 221356)
  Craig.Davis@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee (*pro hac vice*)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

James M. Dowd  (SBN 259578)
  James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

*Attorneys for Plaintiff MEDIATEK INC.*

<u>CERTIFICATE OF SERVICE</u>

I, Patricia Shore, hereby certify that a true and correct copy of **PLAINTIFF MEDIATEK INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT FREESCALE SEMICONDUCTOR, INC. (NOS. 1-50)** was served upon the following as indicated below on this 13th day of April, 2012:

By hand delivery, for delivery on April 13, 2012:

> Rudy Y. Kim (CA SBN 199426)
>  RudyKim@mofo.com
> MORRISON & FOERSTER LLP
> 755 Page Mill Road
> Palo Alto, CA  94304
> Telephone:  (650) 813-5600
> Facsimile:  (650) 494-0792
>
> *Attorneys for Defendant*
> FREESCALE SEMICONDUCTOR, INC.

By U.S. Mail:

> Alan Cope Johnston (CA SBN 66334)
>  ACJohnston@mofo.com
> Joshua A. Hartman (*Pro Hac Vice*)
>  JHartman@mofo.com
> MORRISON & FOERSTER LLP
> 2000 Pennsylvania Avenue NW, Suite 6000
> Washington, DC  20006
> Telephone:  (202) 887-1500
> Facsimile:  (202) 887-0763
>
> *Attorneys for Defendant*
> FREESCALE SEMICONDUCTOR, INC.

In addition to the aforementioned service, true and correct courtesy copies of the above documents were also served via electronic mail on this 13th day of April, 2012: to the following addresses:

| | |
|---|---|
| Rudy Y. Kim | Alan Cope Johnston (CA SBN 66334) |
|  RudyKim@mofo.com |  ACJohnston@mofo.com |
| | Joshua A. Hartman (*Pro Hac Vice*) |
| |  JHartman@mofo.com |

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  April 13, 2012

Patricia G. Shore