# EXHIBIT C

Keith L. Slenkovich (SBN 129793)
    Keith.Slenkovich@wilmerhale.com
Joseph F. Haag  (SBN 248749)
    Joseph.Haag@wilmerhale.com
Nathan L. Walker (SBN 206128)
    Nathan.Walker@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee (*pro hac vice*)
    William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

James M. Dowd (SBN 259578)
    James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

*Attorneys for Plaintiff MEDIATEK INC.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| MEDIATEK INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>    Defendant. | Civil Action No.  4:11-cv-05341 (YGR)<br><br>**PLAINTIFF MEDIATEK INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT FREESCALE SEMICONDUCTOR, INC. (NOS. 22-23)** |

Pursuant Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff MediaTek Inc. ("MediaTek") requests that Defendant Freescale Semiconductor, Inc. ("Freescale") answer the following interrogatories in writing under oath within thirty days of service.

## INSTRUCTIONS

The following instructions apply to the interrogatories below and should be considered part of each interrogatory.

1. Freescale is requested to provide all responsive information. If Freescale withholds any requested information, Freescale is requested to state the basis for withholding the information in a manner sufficient to enable MediaTek and the Court to adjudicate the validity of its withholding. For any information withheld on the grounds of privilege, work product, or other alleged protection against disclosure, Freescale is instructed to provide at least the following information:

   a. A description of the information withheld;

   b. The identity of all persons with knowledge of the withheld information;

   c. A description of the basis for withholding the information sufficient to permit the Court to evaluate Freescale's basis for withholding it.

2. All interrogatories should be given their broadest reasonable construction, so as to bring within the scope of the interrogatory information that might otherwise be considered beyond its scope. In particular:

   a. The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, whenever appropriate in order to bring within the scope of any interrogatory information that might otherwise be considered beyond its scope;

   b. The connectives "and" and "or" should be construed either disjunctively or conjunctively, whichever makes the interrogatory most inclusive; and

   c. The word "any" should be construed to mean each and every.

3. If Freescale objects to any interrogatory on the ground that it is ambiguous in whole or in part, identify in the objection the particular language that Freescale contends is ambiguous and state the interpretation of that language that Freescale has used to respond.

4. If Freescale objects to any portion of any interrogatory for any reason, Freescale is instructed to respond in full to all portions of the interrogatory to which its objection does not apply.

5. None of the definitions and instructions or the interrogatories set forth below should be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction, or interrogatory.

6. These interrogatories are ongoing and continuing in nature. To the extent that the answers to any of these interrogatories may at any time be supplemented, changed, or otherwise affected by information acquired by Freescale subsequent to service of its answers, MediaTek directs Freescale to promptly serve supplemental answers reflecting such changes in accordance with Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

The following definitions apply to the instructions above and interrogatories set forth below:

1. "Freescale" and "you" means Freescale Semiconductor, Inc. and any of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct or indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting on their behalf.

2. "MediaTek" means MediaTek Inc. and any of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct or indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting on their behalf.

3. "Freescale Product" means any product, component, system, circuit device, integrated circuit, processor, multimedia application processor, microcontroller, or system-on-chip that has been designed, developed, tested, made, used, demonstrated, imported into the United States, offered for sale, or sold by Freescale.

4. "Freescale Accused Products" means:

    a. Freescale's multimedia processor family i.MX31;
    b. Freescale's multimedia processor family i.MX35;
    c. Freescale's multimedia processor family i.MX50;
    d. Freescale's multimedia processor family i.MX51;
    e. Freescale's multimedia processor family i.MX53;
    f. Freescale's microcontroller family MCF521X;
    g. Freescale's microcontroller family MCF5225X;
    h. Freescale's multimedia processor family MPC8358E; and
    i. Freescale's multimedia processor family MPC8360E.
    j. All other Freescale Products that contain any of the features listed below:

        i. a Multi-Layer AHB Crossbar Switch (AHBMAX);
        ii. an External Memory Controller (EXTMC) or External Memory Interface (EMI);
        iii. a Multi Master Multi Memory Interface (M4IF);
        iv. QUICC Engine module;
        v. an Arbiter Module capable of operating in Fixed Mode and/or Round Robin Mode; or
        vi. Clock Control Module (CCM) or DVFS load tracking block that enables dynamic voltage frequency scaling.

5. The terms "document" and "electronically stored information" have the broadest meaning permitted under Federal Rule of Civil Procedure 34(a).

6. The terms "identify," "specify," and "state" have the following meanings:

a.  When applicable to documents or electronically stored information, to provide at least: (i) the name or title of the document or electronically stored information; (ii) the date on which the document or electronically stored information was prepared; (iii) the name, title, and company affiliation of the person who created the document or electronically stored information; (iv) the name, title, and company affiliation of each person to whom the document, electronically stored information, or thing was disclosed; (v) the type or general nature of the document or electronically stored information (i.e., whether it is a letter, memorandum, minutes of a meeting, database, spreadsheet, etc.); (vi) the present location of the document or electronically stored information; and (vii) the name, title, and company affiliation of each person who maintains custody of the document or electronically stored information;

b.  When applicable to a communication, to provide at least: (i) the date, time, and place of the communication; (ii) the manner of the communication; (iii) the substance of the communication; (iv) the names of all parties who participated in, read, heard, saw, or otherwise had access to the contents of the communication, whether in its original form on in summary or transcript; and (v) the identity of all documents that memorialize, commemorate, summarize, record, or refer to the communication;

c.  When applicable to a natural person, to provide at least: (i) the person's full name; (ii) the person's last known residential address and telephone number; (iii) the name of the person's last known employer; (iv) the person's last known business address and telephone number; and (v) the person's last known title or position of employment;

---

4:11-cv-05341 (YGR)   4   MediaTek's Second Set of Interrogatories to Freescale

    d.    When applicable to an entity, to provide at least: (i) the full name of the entity; (ii) the last known address and telephone number of its principal place of business; (iii) the type of entity (i.e., whether it is a corporation, partnership, association, etc.); and (iv) the state, commonwealth, territory of the United States, or other governmental body in which the entity is registered to do business, together with the dates of such registration; and

    e.    When applicable to any other information, to provide sufficient details concerning the characteristics or properties of the requested information so as to enable it to be readily located and distinguished.

## **INTERROGATORIES**

**INTERROGATORY NO. 22:**

For each wafer from which a Freescale Accused Product has been made, identify:

a) the location(s) at which any wafer processing (e.g., formation of transistors, deposition, patterning, etching, CMP, photolithography, implantation, grinding, wafer testing, etc.) was done to said wafer;

b) the entity (or entities) that performed wafer processing on said wafer;

c) the date on which wafer processing on said wafer was completed;

d) the location(s) at which any die preparation, packaging and/or testing was performed on said wafer or the die coming from said wafer (e.g., wafer mounting, die cutting, packaging, IC bonding, encapsulation, die testing, etc.);

e) the entity (or entities) that performed die preparation, packaging and/or testing on said wafer or the die coming from said wafer;

f) the date on which the Freescale Accused Product from said wafer was approved by Freescale for sale;

g) the date on which Freescale sold the Freescale Accused Product;

| | | |
|---|---|---|
| | h) | the customer that purchased the Freescale Accused Product from Freescale; |
| | i) | the revenue received by Freescale from the sale of the Freescale Accused Product; |
| | j) | the country in which Freescale sold the Freescale Accused Product and the country to which the Freescale Accused Product was shipped as part of the sale. |

**INTERROGATORY NO. 23:**

Separately for each of the Freescale Accused Products, identify all Freescale products and all downstream third-party products that Freescale knows or believes incorporate or utilize the Freescale Accused Product, including but not limited to an identification of the product name, the product model number, the manufacturer of the product, the brand name under which the product is sold, and all documents that evidence such incorporation or utilization.

Dated: January 2, 2012

Respectfully submitted,

MEDIATEK INC.

By their attorneys,

*/s/ Nathan L. Walker/OAF*
Keith L. Slenkovich (SBN 129793)
  Keith.Slenkovich@wilmerhale.com
Joseph F. Haag (SBN 248749)
  Joseph.Haag@wilmerhale.com
Nathan L. Walker (SBN 206128)
  Nathan.Walker@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (*pro hac vice*)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109

Telephone: (617) 526-6000
Facsimile:  (617) 526-5000

James M. Dowd  (SBN 259578)
   James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone: (213) 443-5300
Facsimile:  (213) 443-5400

*Attorneys for Plaintiff* MEDIATEK INC.

---

4:11-cv-05341 (YGR)     7     MediaTek's Second Set of Interrogatories to Freescale

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff MediaTek Inc.'s Second Set of Interrogatories (Nos. 21-22) was served, pursuant to an agreement between the parties, upon the following individuals by hand delivery and electronic mail on January 2, 2013 to the following addresses:

BY HAND DELIVERY:

Rudy Y. Kim
  755 Page Mill Road
  Palo Alto, CA 94304-1018
  RudyKim@mofo.com

BY ELECTRONIC MAIL:

Alexander J. Hadjis
  AHadjis@mofo.com

Alan Cope Johnston
  ACJohnston@mofo.com

Joshua A. Hartman
  JHartman@mofo.com

Efrain Staino
  estaino@mofo.com

Hsia-Ting Cheng
  hcheng@mofo.com

Loraine Lontayao
  llontayao@mofo.com

Candace Dyson
  cdyson@mofo.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 2, 2013

_____
Patricia Shore