UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MEDIATEK INC.,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**FREESCALE SEMICONDUCTOR, INC.,**<br><br>    **Defendant.** | Case No.: 11-cv-5341 YGR<br><br>**ORDER:**<br>**(1) GRANTING MEDIATEK'S MOTION TO SEAL ON REPLY (DKT. NO. 87);**<br>**(2) DIRECTING FREESCALE TO FILE PATRICK DECLARATIONS IN PUBLIC RECORD** |

On April 19, 2013, Plaintiff Mediatek, Inc. ("Mediatek") filed a Stipulated Administrative Motion to File Documents Under Seal. (Dkt. No. 87.) Mediatek seeks therein to seal certain portions of its brief and a declaration of Christopher A. Franklin, submitted in support of its Reply to Motion For Leave To Amend Its Disclosure of Asserted Claims and Infringement Contentions. Mediatek's motion was based on its stipulated joint protective order with Defendant Freescale Semiconductor, Inc. ("Freescale"), and Freescale's designation of certain documents as confidential under that protective order. On April 26, 2013, Freescale filed a declaration of attorney Mark Patrick in support of the Motion to File Under Seal. (Dkt. No. 88.)

The less stringent Rule 26(c) "good cause" standard applies to private documents submitted in connection with non-dispositive motions, since such motions are often unrelated or only tangentially related to the merits of the underlying claims. *Pintos,* 565 F.3d at 1116; *Kamakana,* 447 F.3d at 1179-80. Under Rule 26(c), a court may seal the documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including requiring that

trade secret or confidential information not be revealed. F.R.C.P. 26(c)(1)(G). Simply entering into a blanket, stipulated protective order does not, on its own, establish "good cause" under Rule 26(c). *See Kamakana*, 447 F.3d at 1183 ("the hazard of stipulated protective orders. . . [is that they] often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of . . . making an individualized determination as to specific documents.")

Here, the documents sought to be sealed include:

(1) the unredacted version of MediaTek's Reply in Support of Its Motion for Leave to Amend Its Infringement Contentions [CORRECTED]; and

(2) the unredacted version of the Declaration of Christopher A. Franklin in Support of MediaTek's Reply in Support of Its Motion for Leave to Amend Its Infringement Contentions [CORRECTED]; ("Franklin Decl.").

The Court finds that Freescale has made an adequate showing of good cause to seal in connection with this non-dispositive motion. The Patrick Declaration explains that the unit sales data therein is confidential and arguably trade secret information appropriate for sealing. As a result the motion is **GRANTED**. Mediatek may redact from the publicly-filed versions of these documents: (1) the portions of its corrected reply brief at page 11:15-18 and 11:25-28; and (2) the portions of the corrected Franklin Declaration at pages 2:25-3:2.

However, this order does not permit any party to file the same documents under seal in connection with a future motion. To the extent the documents are offered in connection with a dispositive motion or at trial, any party seeking to seal the documents will be required to make a new motion.

## ADDITIONAL ORDERS

In addition, the Court **ORDERS** that the declarations of Mark Patrick filed in support of this motion to seal (Dkt. No. 88) and the prior motion to seal (Dkt. No. 83) be filed in the public record immediately. Both documents were filed under seal in the ECF system. As the Court previously noted in its Order of April 19, 2013, no sealing was granted as to that attorney declaration and it should have been filed in the public record in full. There is no order permitting those declarations to be filed under seal, no motion to seal them, nor any apparent justification for sealing them. Counsel

is cautioned that future failure to comply with the Local Rules regarding sealing of court documents may be cause for sanctions.

This Order terminates Docket No. 87.

**IT IS SO ORDERED**.

Dated: May 10, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**