1  ROBERT E. CAMORS, JR., CA Bar #121204
   bobcamors@camorslaw.com
2  LAW OFFICES OF BOB CAMORS
   25 Metro Drive, Ste. 600
3  San Jose, California 95110
   Telephone:  (408) 573-5744
4  Facsimile: (408) 573-5743

5
   Attorneys for Plaintiff MediaTek, Inc.
6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                   OAKLAND DIVISION

11

12  MEDIATEK, INC.,                          Case No.: 4:11-cv-05341-YGR

13           Plaintiff and Counter-defendant,   **MEDIATEK INC.'S NOTICE OF
                                               INTENT TO SERVE THIRD PARTY
14       v.                                    SUBPOENA**

15  FREESCALE SEMICONDUCTOR, INC.,

16           Defendant and Counter-claimant.

17      TO THE COURT, ALL PARTIES AND THEIR ATTORNEY OF RECORD:

18      PLEASE TAKE NOTICE THAT, pursuant to Rules 30 and 45 of the Federal Rules of Civil

19  Procedure, Plaintiff MediaTek, Inc. ("MediaTek"), by and through its attorneys, will serve a subpoena

20  on the third party identified below to appear for deposition and produce documents.  The deposition

21  will be conducted at the time and location specified in the subpoena or at such other time and location

22  as is agreed to by the parties or ordered by the court.  The examination will be taken before a court

23  reporter, notary public, or other person authorized by law to administer oaths, and will continue day-

24  to-day until completed or will be continued until completed or will be continued until completed at a

25  future dare or dates.  The deposition may recorded by stenographic means, on videotape, and by

26  instant visual display of testimony pursuant to Rule 30(b)(3) of the Fed. Rules of Civil Procedure.  The

27  deposition transcript and/or videotape may be used at an evidentiary hearing or trial in accordance

28  with the Federal Rules of Evidence.

LAW OFFICES OF BOB CAMORS
25 METRO DRIVE, SUITE 600
SAN JOSE, CA 95110

MediaTek requests that the third party produce the documents described in the subpoena at or before the time specified in the party's subpoena.

Third party subpoena:   Ford Motor Company, Inc.

Dated: May 13, 2013

LAW OFFICES OF BOB CAMORS

By: _____
Robert F. Camors, Jr.
Attorneys for  Plaintiff and Counter-defendant MediaTek, Inc

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiff MediaTek Inc.'s Notice of Intent to Serve Subpoena was served on this 13th day of May, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated: May 13, 2013

Teresa Jenkins Main

NOTICE OF INTENT TO SERVE THIRD PARTY SUBPOENA
4:11-cv-05341-YGR

# Exhibit A

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

| | |
|---|---|
| MediaTek, Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| Freescale Semiconductor, Inc. | ) |
| *Defendant* | ) |

Civil Action No.   4:11-cv-05341-YGR

(If the action is pending in another district, state where:

Northern District of California          )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Ford Motor Company, One American Road, Dearborn, MI 48126
     c/o CT Corporation System, 818 W Seventh Street, Los Angeles, CA 90017

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A. Testimony to be given on June 4, 2013, after the production of documents on May 31, 2013.

| Place: On the Record Court Reporters and Video<br>24626 Michigan Avenue<br>Dearborn, MI 48124 | Date and Time:<br><br>06/04/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:   stenographic methods

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   05/13/2013

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          MediaTek, Inc.
_____ , who issues or requests this subpoena, are:

Robert E. Camors, Jr., Law Offices of Bob Camors
25 Metro Drive, Suite 600, San Jose, CA 95110
bobcamors@camorslaw.com, 408-573-5745

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   4:11-cv-05341-YGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                    *Server's signature*

                                                      _____
                                                                    *Printed name and title*

                                                      _____
                                                                    *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

### INSTRUCTIONS

1.      This subpoena requires the Ford Motor Company ("Ford") to produce all responsive documents in its actual or constructive possession, custody, or control.

2.      If multiple copies of a document exist, please produce every copy with notations or markings of any sort that do not appear on other copies.

3.      Please produce the documents as they are kept in the usual course of business, organized and labeled to correspond with the categories in this subpoena.

4.      This subpoena includes documents that exist in electronic form (Including, without limitation, electronic mail, Microsoft Word or other word processing documents, and Portable Document Format (PDF) documents, stored on any type of storage device, Including flash memory devices, hard drives, back-up tapes, magnetic tapes and diskettes). Email should be produced as an Outlook ".pst" file if available in that format.

### DEFINITIONS

The words and phrases used herein shall have the meaning ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. In addition, the following terms shall have the meanings set for the below whenever used herein:

1.      "Ford," "You," and "Your" mean the Ford Motor Company and any of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct or indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting on their behalf.

1

2.     "Ford Vehicle" means vehicles designed, sold, offered for sale or manufactured by Ford Including but not limited to Ford and Lincoln-brand vehicles.

3.     "SYNC" means the Ford 'SYNC system' as referred to in Your Form 10-K that was filed with the Securities And Exchange Commission for the period ending December 31, 2012, and every version or model thereof, that is now or has in the past been available as a system in any Ford Vehicle or as a replacement part.  The term "SYNC" does not include software that is used to operate the SYNC.

4.     "Freescale" and "Defendant" mean Freescale Semiconductor, Inc. and any of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct or indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting on their behalf.

5.     "MediaTek" means MediaTek Inc. and any of its predecessors, successors, present and former partners, investors, corporate parents, affiliated companies or corporations, direct or indirect subsidiaries, officers, directors, employees, agents, attorneys, servants, representatives, and all other persons acting on their behalf.

6.     "Freescale Accused Product" means any product, component, system, circuit device, integrated circuit, processor, multimedia application processor, microcontroller, or system-on-chip of Freescale listed below:

a.     Freescale's MCF521X microcontroller family including any Freescale Product designated with a prefix that includes "MCF521" or "PCF521" (for example, MCF5213, MCF5212, MCF5211);

b.    Freescale's MCF5225X microcontroller family including any Freescale Product designated with a prefix that includes "MCF5225" or "PCF5225." (for example, MCF52252, MCF52254, MCF52255, MCF52256, MCF52258, MCF52259);

c.    Freescale's i.MX31 multimedia processor family Including any Freescale Product designated with a prefix that includes "i.MX31," "MX31L," "MCIMX31" or "PCIMX31" (for example, "i.MX31L").

d.    "Freescale's i.MX35 multimedia processor family" means any Freescale Product designated with a prefix that includes "i.MX35," "MCIMX35" or "PCIMX31."

e.    "Freescale's i.MX50 multimedia processor family" means any Freescale Product designated with a prefix that includes "i.MX50," "MCIMX50" or "PCIMX50."

f.    "Freescale's i.MX51 multimedia processor family" means any Freescale Product designated with a prefix that includes "i.MX51," "MCIMX51" or "PCIMX51."

g.    "Freescale's i.MX53 multimedia processor family" means any Freescale Product designated with a prefix that includes "i.MX53," "MCIMX53" or "PCIMX53."

h.    "Freescale's MPC8358E multimedia processor family" means any Freescale Product designated with a prefix that includes "MPC8358" or "PPC8358."

i.    "Freescale's MPC8360E multimedia processor family" means any Freescale Product designated with a prefix that includes "MPC8360" or "PPC8360."

7.    The term "Document" has the broadest meaning permitted under Federal Rule of Civil Procedure 34(a) and shall be construed to mean, without limitation, each and every writing, whether an original, a draft, or a copy, however produced or reproduced, and each and every thing from which information can be processed or transcribed, and includes, without limitation, all things meeting the definitions of "writings" and "recordings" as set forth in Fed. R. Evid.

1001. A "Document" is any written, printed, typed, stored, photostated, photographed, recorded, or otherwise reproduced Communication, compilation, or reproduction, Including computer or electronically generated or stored information or data, whether privileged is asserted over them or not. As used herein, the term "Document" also specifically includes all forms of electronically stored information. A draft or non-identical copy that contains marks such as initials, comments, or notations of any kind is not deemed to be identical to one without such marks and is a separate Document within the meaning of this term.

8.      The term "Communication" has the broadest meaning permitted under the Federal Rules of Civil Procedure, and includes the transmittal of information in the form of facts, ideas, inquiries, or otherwise by any means, Including but not limited to any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, Including but not limited to in person or by telephone, facsimile, telegraph, telex, e-mail or other medium.

9.      The terms "Concerning" and "Concern" mean relating to, alluding to, referring to, constituting, describing, discussing, supporting, evidencing and/or regarding.

10.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

11.     The use of the singular form of any word includes the plural and vice versa.

12.     "And" as well as "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible. The term "all" is to be construed to mean "any" and "each" and vice versa.

13.     "Including" shall be construed to mean "Including, without limitation" or "Including, but not limited to."

14.     The terms "Person" and "Party" mean any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity.

15.     "Entity" or "Entities" means, Including without limitation, corporation, company, firm, partnership, joint venture, association, governmental body or agency, or persons other than a natural person.

16.     The terms "Identify," "Identifying," "Identification," and "Identity" have the following meanings:

    a.     When applicable to Documents or electronically stored information, to provide at least:  (i) the name or title of the document or electronically stored information; (ii) the date on which the document or electronically stored information was prepared; (iii) the name, title, and company affiliation of the person who created the document or electronically stored information; (iv) the name, title, and company affiliation of each person to whom the document, electronically stored information, or thing was disclosed; (v) the type or general nature of the document or electronically stored information (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, database, spreadsheet, etc.); (vi) the present location of the document or electronically stored information; and (vii) the name, title, and company affiliation of each person who maintains custody of the document or electronically stored information;

    b.     When applicable to a Communication, to provide at least:  (i) the date, time, and place of the Communication; (ii) the manner of the Communication; (iii) the substance of the Communication; (iv) the names of all parties who participated in, read, heard, saw, or otherwise had access to the contents of the Communication, whether in its original form on in summary or transcript; and (v) the identity of all Documents that memorialize, commemorate, summarize, record, or refer to the Communication;

    c.     When applicable to a natural person, to provide at least:  (i) the person's full name; (ii) the person's last known residential address and telephone number; (iii) the name of the person's last known employer; (iv) the person's last known business address and telephone number; and (v) the person's last known title or position of employment;

    d.     When applicable to an entity, to provide at least:  (i) the full name of the entity; (ii) the last known address and telephone number of its principal place of business; (iii) the type of entity (*i.e.*, whether it is a corporation, partnership, association, etc.); and (iv) the state, commonwealth, territory of the United States,

or other governmental body in which the entity is registered to do business, together with the dates of such registration; and

e.      When applicable to any other information, to provide sufficient details Concerning the characteristics or properties of the requested information so as to enable it to be readily located and distinguished.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.      Documents sufficient to Identify any Ford Vehicle that includes or uses a Freescale Accused Product.

2.      All Communications between You and any other Party, Including Freescale or its counsel, Concerning *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 4:11-cv-05341 (YGR) (N.D. Cal.).

3.      Documents sufficient to Identify by model, type or other designation, of each and every model or type of SYNC system.

4.      Documents sufficient to Identify the presence of any Freescale Accused Product in any SYNC system, identified by model or type of SYNC system and by the Freescale part name or number (e.g. "i.MX31L.").

5.      Documents sufficient to disclose all available methods to Identify any Freescale Accused Product in any SYNC system, identified by model or type of SYNC system and by the Freescale part name or number (e.g. "i.MX31L.").

6.      Documents sufficient to Identify the number of SYNC systems, identified by model or type, that have been made, used, sold offered for sale, imported or manufactured worldwide.

7.      Documents sufficient to Identify the number of SYNC systems, identified by model or type, that have been made, used, tested, sold offered for sale, imported or manufactured in the United States.

8.     Documents sufficient to Identify the number of Ford Vehicles that have been manufactured that contain a SYNC system, identified by model or type of SYNC system and by Ford Vehicle model or type and by country.

9.     The number of Ford Vehicles that have been sold that contain a SYNC system, identified by model or type of SYNC system and by Ford Vehicle model or type and by country.

10.     Documents sufficient to Identify the number of Ford Vehicles that have been sold in the United States that contain a SYNC system, identified by model or type of SYNC system and by Ford Vehicle.

11.     Documents sufficient to Identify the design and development of every model and type of SYNC system, Including selection of any Freescale Accused Product to be included in it.

12.     Documents sufficient to Identify the design process that was used in development of the SYNC.

13.     Documents sufficient to Identify the testing of every model and type of SYNC system Including the name of the entity doing such testing and its location.

14.     Documents sufficient to Identify the manufacture of SYNC systems Including the location of such manufacture.

15.     Documents sufficient to Identify the number of SYNC systems, identified by model or type of SYNC system, that have been or are purchased, imported, or stocked in the United States for warranty or service purposes.

16.     Documents that are or that relate to public Communications or appearances mentioning or relating to SYNC by any Ford representative and any Freescale representative, Including preparation for such Communications or appearances.

17.     All non-privileged Communications with Freescale relating to SYNC.

18.     One of each separate type and model of SYNC.

19.     Documents sufficient to show all deliveries of SYNC to the United States from outside the United States, and the manufacturer, shipper, date, time, and quantity of each such delivery.

20.     All non-privileged Communications with Flextronics Technologies Concerning SYNC that relate to any Freescale Accused Product.

21.     Documents sufficient to Identify each shipment of SYNC that enters the United States Including the SYNC model or type of the shipment.

22.     Documents sufficient to Identify each lot of SYNC that enters the United States Including the SYNC model or type of the shipment.

23.     Documents sufficient to Identify the manufacturer of each shipment of SYNC that enters the United States.

24.     Documents sufficient to Identify the manufacturer of each lot of SYNC that enters the United States.

25.     Documents sufficient to Identify each warranty claim made by You Concerning each lot or shipment of SYNC that enters the United States.

26.     Documents sufficient to Identify each warranty claim made by You Concerning each lot or shipment of SYNC that enters the United States that You believe relates to any Freescale integrated circuit.

27.     Any report on any warranty claim made by You Concerning any SYNC that has entered the United States that identified any Freescale integrated circuit.

28.     Any response to any report on any warranty claim made by You Concerning any SYNC that has entered the United States that identified any Freescale integrated circuit.

29.     Documents sufficient to Identify, by serial number or otherwise, each individual SYNC that belongs to each lot or shipment that enters the United States.

30.     Documents sufficient to determine whether all SYNCs in the model, type or lot contain the same Freescale integrated circuits parts (e.g. the Freescale i.MX31L).

31.     Documents sufficient to Identify any Freescale Accused Product, by product number of otherwise, that is present in any Ford Vehicle that is made, manufactured, used, sold, offered for sale in or imported into the United States Including the date of importation, the place, the seller, the shipper and the importer.

## DEPOSITION TOPICS

1.     The subject matter of all Documents listed in the document requests set forth above.

2.     The identification, by model, type or other designation, of each and every model or type of SYNC system.

3.     The presence of any Freescale Accused Product in any SYNC system, identified by model or type of SYNC system and by the Freescale part name or number (e.g. "i.MX31L.").

4.     All available methods to Identify any Freescale Accused Product in any SYNC system, identified by model or type of SYNC system and by the Freescale part name or number (e.g. "i.MX31L.").

5.     The number of SYNC systems, identified by model or type, that have been made, used, sold offered for sale, imported or manufactured worldwide.

6.     The number of SYNC systems, identified by model or type, that have been made, used, tested, sold offered for sale, imported or manufactured in the United States.

7.     The number of Ford Vehicles that have been manufactured that contain a SYNC system, identified by model or type of SYNC system and by Ford Vehicle model or type and by country.

8.     The number of Ford Vehicles that have been sold that contain a SYNC system, identified by model or type of SYNC system and by Ford Vehicle model or type and by country.

9.     The number of Ford Vehicles that have been sold in the United States that contain a SYNC system, identified by model or type of SYNC system and by Ford Vehicle.

10.     The design and development of every model and type of SYNC system, Including selection of any Freescale Accused Product to be included in it.

11.     The design process that was used in development of the SYNC.

12.     The testing of every model and type of SYNC system Including the name of the entity doing such testing and its location.

13.     The manufacture of SYNC systems Including the location of such manufacture.

14.     Warranty or service of the SYNC, Including the number of SYNC systems, identified by model or type of SYNC system, that have been or are purchased, imported, or stocked in the United States for warranty or service purposes.

15.     Public Communications or appearances mentioning or relating to SYNC by any Ford representative and any Freescale representative, Including preparation for such Communications or appearances.

16.     All non-privileged Communications with Freescale relating to SYNC.

17.     All Documents requested in, or produced in response to, the document requests listed above.

18.     The authentication of all Documents produced in response to this subpoena.

19.    All Communications between You and any other Party, Including Freescale or Flextronics Technologies or their attorneys, relating to or Concerning the lawsuit captioned *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 4:11-cv-05341 (YGR) (N.D. Cal.).

20.    All Communications between You and any other Party, Including Freescale or Flextronics Technologies Concerning SYNC.

21.    Ford's relationship with, Including its ability to obtain Documents, Communications, or other information Concerning SYNC from, Flextronics Technologies and any of its subsidiary corporations.

22.    Identification of each shipment of SYNC that enters the United States Including the SYNC model or type of the shipment.

23.    Identification of each lot of SYNC that enters the United States Including the SYNC model or type of the shipment.

24.    Identification of the manufacturer of each shipment of SYNC that enters the United States.

25.    Identification of the manufacturer of each lot of SYNC that enters the United States.

26.    Identification of each warranty claim made by You Concerning each lot or shipment of SYNC that enters the United States.

27.    Identification of each warranty claim made by You Concerning each lot or shipment of SYNC that enters the United States that You believe related to any Freescale integrated circuit.

28.    Any report on any warranty claim made by You Concerning any SYNC that has entered the United States that identified any Freescale integrated circuit.

29.     Identification of, by serial number or otherwise, each individual SYNC that belongs to each lot or shipment that enters the United States.

30.     Whether all SYNCs in the same lot contain the same Freescale integrated circuits parts (e.g. the Freescale i.MX31L).

31.     Identification of any Freescale integrated circuit, by product number of otherwise, that is present in any Ford Vehicle that is made, manufactured, used, sold, offered for sale in or imported into the United States Including the date of importation, the place, the seller, the shipper and the importer.