1  RUDY Y. KIM (CA SBN 199426)
   RudyKim@mofo.com
2  ALAN COPE JOHNSTON (CA SBN 66334)
   ACJohnston@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California  94304
   Telephone: (650) 813-5600
5  Facsimile: (650) 494-0792

6  ALEXANDER J. HADJIS (pro hac vice)
   AHadjis@mofo.com
7  JOSHUA A. HARTMAN (pro hac vice)
   JHartman@mofo.com
8  MORRISON & FOERSTER LLP
   2000 Pennsylvania Avenue, NW
9  Suite 6000
   Washington, DC 20006
10 Telephone: (202) 887-1500
   Facsimile: (202) 887-0763
11
   Attorneys for Defendant-Counterclaimant
12 FREESCALE SEMICONDUCTOR, INC.

13

14                    **UNITED STATES DISTRICT COURT**

15                    **NORTHERN DISTRICT OF CALIFORNIA**

16                              **OAKLAND DIVISION**

17

| 18 | MEDIATEK INC., | Case No. 4:11-cv-05341-YGR (JSC) |
|---|---|---|
| 19 | Plaintiff, | **FREESCALE'S OPPOSITION TO MEDIATEK INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND THE FACT DISCOVERY DEADLINE FOR THIRD-PARTY DISCOVERY FROM MOTOROLA MOBILITY LLC** |
| 20 | v. | |
| 21 | FREESCALE SEMICONDUCTOR, INC., | |
| 22 | Defendant. | |

23
24
25
26
27
28

1    Freescale Semiconductor, Inc. (Freescale) opposes MediaTek Inc.'s (MediaTek) administrative motion to extend fact discovery for the purpose of seeking discovery from non-party Motorola Mobility LLC (Motorola).

MediaTek seeks this extension to obtain discovery from Motorola about Freescale's MXC91131, MXC91321, and MXC91331 product families (the Accused MXC Products). MediaTek has failed to show, as it must, that good cause exists for its requested extension. MediaTek premises its motion on its assertion that it only recently learned of Motorola's significance to this case. MediaTek neglects to admit that it was aware of Motorola's significance by March 1, 2013, over three months before the Accused MXC products were added to this case, when Freescale provided correspondence to MediaTek identifying Motorola as a customer of the Accused MXC Products. (Dkt. No. 79-33 at 3; Dkt. No. 94-2 at 3.)

MediaTek attempts to craft a good cause argument by asserting that its April 13, 2012, discovery requests properly sought discovery of the Accused MXC Products and by accusing Freescale of dilatoriness in providing discovery on these products. Neither assertion is correct.

Magistrate Judge Corley emphatically rejected MediaTek's attempts to seek discovery of the Accused MXC Products before MediaTek was granted leave to amend its infringement contentions to accuse them on May 31, 2013. And, once MediaTek served amended contentions identifying the Accused MXC Products, Freescale timely provided responsive documents and information. Again, and in any event, MediaTek was aware of Motorola's customer status by March 1.

Finally, and perhaps most strikingly, MediaTek's requested extension contradicts its argument in support of its motion for leave to amend its infringement contentions. There, MediaTek represented that "granting [its] motion [for leave to amend] will not alter the case schedule in any way." Dkt. No. 79-3 at 19. MediaTek's current motion is flatly inconsistent with this earlier representation to the Court.

Accordingly, MediaTek's motion to extend the fact discovery deadline should be denied.

## I. THE APPLICABLE LEGAL STANDARD

MediaTek's requested extension requires a modification of the Court's Joint Scheduling Report and Order (Scheduling Order), pursuant to which fact discovery closed on July 19, 2013. Dkt. No. 37 at 7. Accordingly, MediaTek must show good cause for its requested extension. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

"'Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.'" Tessera, Inc. v. Sony Corp., No. 5:11-cv-04399-EJD, 2013 U.S. Dist. LEXIS 2311, at *4 (N.D. Cal. Jan. 7, 2013) (quoting Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 609 (9th Cir. 1992)). "'If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.'" NDX Advisors, Inc. v. Advisory Fin. Consultants, Inc., No. C 11-3234 SBA, 2012 U.S. Dist. LEXIS 150402 (N.D. Cal. Oct. 18, 2012) (quoting Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)).

## II. MEDIATEK HAS FAILED TO SHOW GOOD CAUSE FOR ITS REQUESTED EXTENSION

### A. MediaTek Was Not Diligent in Seeking the Discovery at Issue Because It Has Known of Motorola's Alleged Significance Since March 1, 2013

MediaTek's attempt to show diligence is without merit. MediaTek premises its diligence arguments on its claim that it only recently received information about the Accused MXC Products, which MediaTek added to this case as accused products on June 10, 2013. On that date, MediaTek served its Amended Disclosure of Asserted Claims and Infringement Contentions (Amended Contentions) pursuant to Magistrate Judge Corley's order granting-in-part and denying-in-part MediaTek's motion for leave to amend. See Dkt. No. 139-4 at 2-3; see also Dkt. No. 115 at 13. Specifically, MediaTek argues that it first learned of Motorola's status as a customer of the Accused MXC Products on July 2, 2013, when Freescale produced sales data for these products. Dkt. No. 139-4 at 3.

As MediaTek's motion for leave to amend reveals, however, MediaTek knew of Motorola's status with respect to the Accused MXC Products by March 1, 2013, when Freescale identified Motorola as a customer of the Accused MXC Products. Dkt. No. 79-33 at 3; Dkt.

FREESCALE'S OPP. TO MEDIATEK'S ADMIN. MOT. TO EXTEND FACT DISCOVERY
Case No. 4:11-cv-05341-YGR (JSC)

2

No. 94-2 at 3.  Consequently, MediaTek could have sought discovery from Motorola as early as May 31, 2013, when Magistrate Judge Corley granted-in-part MediaTek's motion for leave to amend its infringement contentions.  MediaTek does not explain why it nevertheless waited until after the close of fact discovery to subpoena Motorola to obtain documents and testimony on the Accused MXC Products.

Furthermore, MediaTek argues that it needed "to secure third-party consent" before it could seek discovery from Motorola.  Dkt. No. 139-4 at 3-4.  MediaTek fails to explain, however, why it waited until after July 2 to begin seeking such consent given that it knew of Motorola's relevance on March 1.

Finally, MediaTek admits that it was aware of Freescale sales to Motorola before July 2, 2013, but asserts that the volume of such sales did not justify seeking discovery from Motorola.  MediaTek's tactical decision not to pursue discovery despite its knowledge that Motorola possessed information relevant to this case refutes its diligence argument.

MediaTek knew of Motorola's relevance to this case by March 1, 2013, and was permitted to seek discovery of the Accused MXC Products as of May 31, 2013.  Yet, MediaTek delayed more than four months to take any action with respect to Motorola and delayed until after the close of fact discovery to seek discovery from Motorola.  This delay is not diligence and is inconsistent with a finding of good cause for MediaTek's requested extension.

### B.   MediaTek's Attempts to Excuse Its Delay by Blaming Freescale Are Without Merit

MediaTek suggests that Freescale is somehow responsible for MediaTek's delay in seeking discovery from Motorola.  MediaTek argues that it first sought discovery about the Accused MXC Products on April 13, 2012, when it served its first sets of interrogatories and requests for production.  MediaTek also argues that Freescale improperly delayed until July 2, 2013, to produce sales data for these products.  Neither argument is correct.

First, MediaTek's suggestion that it properly sought discovery on the Accused MXC Products at the beginning of discovery is mistaken.  MediaTek concedes that its first sets of discovery requests do not identify the MXC products by name.  Dkt. No. 139-4 at 2.  MediaTek

FREESCALE'S OPP. TO MEDIATEK'S ADMIN. MOT. TO EXTEND FACT DISCOVERY
Case No. 4:11-cv-05341-YGR (JSC)

3

1 nevertheless asserts that these discovery requests encompass the Accused MXC Products because
2 their "definition of 'Freescale Accused Products' . . . expressly includes all Freescale products
3 that support certain specified functionality, including functionality contained in each of the MXC
4 Chips." Dkt. No. 139-4 at 2. MediaTek fails to acknowledge that Magistrate Judge Corley
5 explicitly rejected MediaTek's attempt to take discovery of products not specifically identified in
6 its infringement contentions. Dkt. No. 77 at 3 ("In other words, even if MediaTek did not identify
7 a Freescale product by name in its PICs [(preliminary infringement contentions)], it demands that
8 Freescale produce discovery as to that unnamed product if Freescale determines that the product
9 contains one of the above-identified features. The Court is unpersuaded that MediaTek is
10 entitled to such broad discovery."); see also Dkt. No. 115 at 3. Magistrate Judge Corley held that
11 MediaTek "must first seek and be allowed to amend its PICs" to specifically identify accused
12 products before seeking discovery of such products. Dkt. No. 77 at 1. Accordingly, Freescale
13 was not obligated to provide discovery on the Accused MXC Products until after May 31, 2013,
14 when Magistrate Judge Corley granted MediaTek leave to amend its infringement contentions to
15 accuse these products.

16 Second, MediaTek's accusation that Freescale delayed in providing discovery on the
17 Accused MXC Products is incorrect. As MediaTek concedes, it did not serve its Amended
18 Contentions until June 10, 2013, ten days after Magistrate Judge Corley granted MediaTek leave
19 to do so. (Dkt. No. 139-4 at 3.) Upon receiving MediaTek's Amended Contentions, Freescale
20 promptly began collecting responsive documents and information for the Accused MXC
21 Products. Freescale produced responsive sales data for such products on July 2, just over three
22 weeks after receiving MediaTek's Amended Contentions. (Id.) Freescale therefore produced this
23 discovery in well under the 30 days granted by the Federal Rules for providing written responses
24 to requests for production. See Fed. R. Civ. P. 34(b)(2)(A). Indeed, even if the Court considers
25 MediaTek's June 4, 2013, email to be a proper request for sales data for the Accused MXC
26 Products (which is questionable given MediaTek had yet to serve its Amended Contentions at that
27 time), Freescale produced responsive discovery in less than 30 days. Consequently, the notion
28

FREESCALE'S OPP. TO MEDIATEK'S ADMIN. MOT. TO EXTEND FACT DISCOVERY
Case No. 4:11-cv-05341-YGR (JSC)

4

that Freescale is to blame for MediaTek's dilatoriness is incorrect and provides no support for MediaTek's failed attempt to show of good cause for its requested extension.

### C. MediaTek's Motion Contradicts Its Representation to the Court That Granting Leave to Amend MediaTek's Infringement Contentions Would Not "Alter the Case Schedule in Any Way"

Finally, MediaTek's request for an extension of fact discovery contradicts its prior representations to the Court. In MediaTek's motion for leave to amend its infringement contentions, it argued that sufficient time remained in fact discovery to accommodate its proposed amendment and specifically represented to the Court that "granting this motion [for leave to amend] will not alter the case schedule in any way." Dkt. No. 79-3 at 19. Having made this representation in support of its motion for leave to amend, MediaTek should not be permitted a modification of the procedural schedule to accommodate additional discovery relevant to its Amended Contentions, particularly in view of the fact that MediaTek could have sought this discovery earlier, but chose not to do so.

### III. CONCLUSION

For the foregoing reasons, Freescale requests that MediaTek's Motion for Administrative Relief to Extend the Fact Discovery Deadline for Third-Party Discovery From Motorola Mobility LLC should be denied.

Dated: July 30, 2013                         MORRISON & FOERSTER LLP


By: */s/ Joshua A. Hartman*
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
ALAN COPE JOHNSTON (CA SBN 66334)
ACJohnston@mofo.com
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, California  94304
Telephone: (650) 813-5600
Facsimile:  (650) 494-0792

ALEXANDER J. HADJIS (pro hac vice)
AHadjis@mofo.com
JOSHUA A. HARTMAN (pro hac vice)
JHartman@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
Facsimile:  (202) 887-0763

Attorneys for Defendant-Counterclaimant
FREESCALE SEMICONDUCTOR, INC.

## ATTESTATION OF E-FILED SIGNATURE

I, Rudy Y. Kim, am the ECF User whose ID and password are being used to file **FREESCALE'S OPPOSITION TO MEDIATEK INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO EXTEND THE FACT DISCOVERY DEADLINE FOR THIRD-PARTY DISCOVERY FROM MOTOROLA MOBILITY LLC**.  In compliance with General Order 45, X.B., I hereby attest that Joshua H. Hartman has concurred in this filing.

Dated:  July 30, 2013                                           */s/ Rudy Y. Kim*