IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDIATEK, INC.,

        Plaintiff,

    v.

FREESCALE SEMICONDUCTOR, INC.,

        Defendant.

Case No. 11-5341 YGR (JSC)

**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL DEPOSITION TRANSCRIPTS SUBMITTED WITH JOINT LETTER BRIEFS (Dkt. Nos. 135, 137, 142, 143, 161 & 162)**

    The Court is in the midst of the arduous process of reviewing the ten Joint Letter Briefs regarding discovery sought by Plaintiff MediaTek, Inc., ("MediaTek"). Several problems with the parties' submissions have come to the Court's attention.

    First, for at least some of those disputes for which deposition transcripts were submitted, the portions of the transcripts provided to the Court in hard copy are incomplete and do not match those portions cited by the parties in the joint letter briefs. The Court is unable to determine if the correct transcript portions were nonetheless electronically filed because the filings do not comply with this Court's Standing Order regarding administrative motions to seal. In particular, the Order provides that when a party files a motion to seal, it shall electronically file under seal the document which it seeks to have sealed as well as provide the Court with a chambers copy of the document. Here, the parties seek to file under

seal the deposition transcripts referenced in the letter briefs, but the parties failed to electronically file under seal any of the transcripts as required by the Court's Standing Order.

Second, MediaTek's Administrative Motions to Seal these deposition transcripts fail to comply with Local Rule 79-5. (Dkt. Nos. 135-1, 137-1, 142-1, 143-1, 161-1, 162-1). Local Rule 79-5 states that "the request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(b) or (c)." The request to file **all** referenced deposition testimony under seal is not narrowly tailored. Local Rule 79-5 also provides that the party which designated material as confidential must "file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality." *See* L.R. 79-5(d); see also 79-5(c) (1). Here, the parties submitted joint stipulations in support of MediaTek's administrative motions to seal which state that the materials to be filed under seal were designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (Dkt. No. 100) by Defendant Freescale Semiconductor, Inc., ("Freescale") and Freescale "wishes to maintain the confidentiality of certain information disclosed in the Joint Letter Brief." (Dkt. Nos. 135-1, 137-1, 142-1, 143-1, 161-1, 162-1). Local Rule 79-5(a), however, expressly states that "a stipulation . . . will not suffice to allow the filing of documents under seal." Although Freescale also submitted declarations in support of the sealing, the declarations do not establish why the entirety of the deposition testimony submitted should be filed under seal rather than select portions thereof. (Dkt. Nos. 153, 155, 157, 158, 167, and 168.) Moreover, Freescale's declarations were unnecessarily filed under seal. *See* http://cand.uscourts.gov/ecf/underseal.

Accordingly, the Court rules on MediaTek's Administrative Motions to Seal (Dkt. Nos. 135, 137, 142, 143, 161, 162) as follows:

1. MediaTek's Administrative Motion to Seal exhibits attached to its Joint Discovery Letter Brief Re: RFP No. 53 (Dkt. No. 135) is GRANTED as to Exhibits E and H, and DENIED without prejudice as to Exhibit F.

2. MediaTek's Administrative Motion to Seal exhibits attached to its Joint Discovery Letter Brief Re: Rule 30(b)(6) Designee for Newly Accused Products (Dkt. No. 137) is GRANTED as to Exhibit K and DENIED without prejudice as to Exhibit C.

3. MediaTek's Administrative Motion to Seal Exhibit C attached to its Joint Discovery Letter Brief Re: Chastain Deposition (Dkt. No. 142) is DENIED without prejudice.

4. MediaTek's Administrative Motion to Seal exhibits attached to its Joint Discovery Letter Brief Re: Rule 30(b)(6) Designee for Accused Products MPC8360E and MPC8358E (Dkt. No. 143) is DENIED without prejudice.

5. MediaTek's Administrative Motion to Seal exhibits attached to its Joint Discovery Letter Brief Re: Rule 30(b)(6) Limit (Dkt. No. 161) is DENIED without prejudice.

6. MediaTek's Administrative Motion to Seal exhibits attached to its Joint Discovery Letter Brief Re: MediaTek's Third Rule 30(b)(6) Deposition Notice (Dkt. No. 162) is GRANTED as to Exhibit B and DENIED without prejudice as to Exhibits J, K, L, N, Q and R.

For those motions which were granted in part, MediaTek shall electronically file the under seal documents within three days. For those motions which were denied in whole or in part, MediaTek may file renewed motions to seal which comply with Local Rule 79-5, this Court's Standing Order, and this Order. To the extent that either party wishes to have the Court consider the deposition pages cited in the joint letter briefs, the party shall file a renewed motion to seal attaching the proper portions of the deposition transcripts by noon Friday, August 23, 2013 – no chambers copies are required provided the party electronically file the documents under seal.

Finally, because MediaTek filed the joint letter briefs as exhibits to the administrative motions to seal referenced above, rather than as separate motions with independent docket entries, MediaTek shall separately re-electronically file each joint letter brief referenced herein as a separate docket entry (under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief.")

**IT IS SO ORDERED.**

Dated: August 21, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE