IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIATEK, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>FREESCALE SEMICONDUCTOR, INC.,<br><br>    Defendant. | Case No. 11-5341 YGR (JSC)<br><br>**ORDER RE: FREESCALE'S DISCOVERY LETTER BRIEFS (Dkt. Nos. 190, 191, 192, 193, & 194)** |

Now pending before the Court are five new discovery disputes filed by Defendant, Freescale Semiconductor, Inc. ("Freescale") on August 23, 2013. (Dkt. Nos. 190-3, 191-3, 192-3, 193-3, & 194-3.) Also, pending are the previously filed ten discovery disputes filed by Plaintiff MediaTek Inc. ("MediaTek") and the parties' motions to amend their respective infringement/invalidity contentions which are set for hearing this Thursday, August 29, 2013.

On July 23, 2013, the District Court granted Freescale leave to file discovery motions regarding the depositions of Messrs. Shieh, Sorensen, Tsou, and Yang until August 23, 2013; however, although the parties are aware of the requirements of this Court's Standing Order that the parties meet and confer and file discovery disputes as *joint* letter briefs (Dkt. Nos. 190, 191, 192, 193, & 194), Freescale's submissions are not joint letter briefs. Freescale's submissions do not even acknowledge that its letters are not joint letters or make any attempt

to justify non-compliance with the Court's Standing Order. Freescale's failure is all the more puzzling given that it evidently met and conferred with MediaTek to draft the "joint stipulation" to file the discovery disputes under seal as it is signed by both parties, and although Freescale states that the parties met and conferred regarding each dispute, part of that meet and confer involves drafting the joint letter brief.

Accordingly, Freescale's discovery letter briefs (Dkt. Nos. 190-3, 191-3, 192-3, 193-3, & 194-3) are DENIED for failing to comply with this Court's Standing Order or establish good cause for such non-compliance. The accompanying administrative motions to seal (Dkt. Nos. 190, 191, 192, 193, & 194) are similarly DENIED as they fail to comply with this Court's Standing Order or the Local Rules (*see* Dkt. No. 177 (requests for sealing must be "narrowly tailored" and parties may not stipulate to file things under seal)).

**IT IS SO ORDERED.**

Dated: August 26, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE