RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
ALAN COPE JOHNSTON (CA SBN 66334)
ACJohnston@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

ALEXANDER J. HADJIS (pro hac vice)
AHadjis@mofo.com
JOSHUA A. HARTMAN (pro hac vice)
JHartman@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

Attorneys for Defendant-Counterclaimant
FREESCALE SEMICONDUCTOR, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MEDIATEK INC., <br><br> Plaintiff, <br><br> v. <br><br> FREESCALE SEMICONDUCTOR, INC., <br><br> Defendant. | Case No. 4:11-cv-05341 YGR (JSC) <br><br> **DECLARATION OF JOSHUA A. HARTMAN IN SUPPORT OF MEDIATEK'S STIPULATED REQUEST TO EXTEND THE DEADLINE FOR CERTAIN RENEWED ADMINISTRATIVE MOTIONS FOR LEAVE TO FILE UNDER SEAL** |

I, Joshua A. Hartman, declare as follows:

1. I am an attorney with the law firm of Morrison & Foerster LLP, counsel for Defendant Freescale Semiconductor, Inc. (Freescale). I submit this declaration in support of MediaTek Inc.'s (MediaTek) Stipulated Motion to Extend the Deadline to File Renewed Motions to File Under Seal. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so competently.

2. On Wednesday, August 21, 2013, at 2:50 p.m. Eastern Daylight Time (EDT), Freescale received the Court's Order Re: Administrative Motions to Seal Deposition Transcripts Submitted With Joint Letter Briefs (Dkt. Nos. 135, 137, 142, 143, 161 & 162) (the Order). The Order granted-in-part and denied-in-part certain motions to file documents under seal in connection with discovery joint letter briefs submitted by MediaTek. The Order provided:

> For those motions [to file under seal] which were denied in whole or in part, MediaTek may file renewed motions to seal which comply with Local Rule 79-5, this Court's Standing Order, and this Order. To the extent that either party wishes to have the Court consider the deposition pages cited in the joint letter briefs, the party shall file a renewed motion to seal attaching the proper portions of the deposition transcripts by noon Friday, August 23, 2013.

(Dkt. No. 177 at 3:16-21.)

3. After receiving the Order, Freescale immediately began reviewing the deposition transcripts and transcript excerpts attached as exhibits to the joint letters submitted by MediaTek at Dkt. Nos. 135, 137, 142, 143, 161, and 162. As the Court may appreciate, this review was no small task, as the parties both submitted a full set of all ten transcripts from the depositions of Freescale's 30(b)(6) witnesses in connection with Dkt. No. 161 and included excerpts from such transcripts as exhibits to Dkt. Nos. 135, 137, 142, 143, and 162. The set of ten 30(b)(6) deposition transcripts attached to the declaration of my colleague, Jacob Ewerdt, filed in connection with Dkt. No. 162 (the Ewerdt Declaration) accounted for more than 1,900 pages of testimony. Freescale devoted considerable time between receiving the Order on Wednesday, August 21, and the Order's deadline of noon, Friday, August 23, to re-reviewing these more than 1,900 pages line-by-line to identify the particular portions that contain Freescale or third-party confidential information, such that sealing is warranted.

1  4. Once these 1,900 pages were reviewed and proposed redactions were applied, Freescale worked to copy these proposed redactions to other deposition transcripts and transcript excerpts attached as exhibits to Dkt. Nos. 135, 137, 142, 143, 161, and 162. In particular, the proposed redactions needed to be copied from the final transcripts attached as exhibits to the Ewerdt Declaration to the rough transcripts attached as exhibits to the declaration of Brett Hammon, counsel to MediaTek, filed in connection with Dkt. No. 162 (Hammon Declaration). Because of the differences in pagination between the final and rough transcripts, this copying was a cumbersome, time-consuming process. In addition, Freescale prepared redacted versions of transcript excerpts attached as exhibits to Dkt. Nos. 135, 142, 143, and 161.

5. Two attorneys and two legal assistants from Morrison & Foerster worked to re-review the deposition transcripts, prepared proposed redactions, and apply proposed redactions to each of the deposition transcripts and transcript excerpts included with Dkt. Nos. 135, 137, 142, 143, 161, and 162. These individuals devoted many hours over the course of the roughly 48 hours between Freescale's receipt of the Order and the deadline to file renewed motions to seal to these efforts. At the same time, Freescale's counsel was working towards meeting two other significant deadlines — the deadline to serve initial expert disclosures and reports and the deadline to file motions to compel related to the depositions of MediaTek witnesses that were rescheduled due to inclement weather. Initial expert reports and motions to compel were both due on August 23, 2013, the same date set by the Order for filing renewed motions to file under seal.

6. Because of the extensive amount of work required to re-review the deposition transcripts and prepare the redacted exhibits, as well as the competing demands on Freescale's counsels' time from work on its initial expert report and on five letters to the Court seeking orders compelling discovery from MediaTek, Freescale was unable to complete its review of all ten 30(b)(6) transcripts before the noon, August 23, deadline for renewed motions to file under seal.

7. The previous time modifications in this case are provided below:

- The Court rescheduled the Claim Construction Technology Tutorial from November 2, 2012 to November 7, 2012;

- The Court rescheduled the Claim Construction Hearing from November 9, 2012 to November 28, 2012;
- The deadline for Freescale to take depositions of certain MediaTek witness was extended from July 19, 2013, to August 16, 2013;
- The deadline for motions to compel filed by Freescale related to issues arising out of such depositions was extended from July 26, 2013, to August 23, 2013;
- The deadline for initial expert disclosures and reports was extended from August 2, 2013, to August 23, 2013;
- The deadline for the rebuttal expert disclosures and reports was extended from September 6, 2013, to September 27, 2013;
- The deadline to complete expert discovery was extended from September 27, 2013, to October 18, 2013;
- The deadline for dispositive and *Daubert* motions was extended from October 15, 2013, to October 29, 2013;
- The deadline for filing certain discovery letter briefs was extended for two hours to 2:00 a.m. July 27, 2013; and
- The deadline for the parties to participate in mediation was extended from August 15, 2013, to September 30, 2013;

See Dkt. Nos. 60, 61, 131, 174, 177.

8. The time modification proposed in this Stipulated Request would not have any effect on the procedural schedule. No other events in the procedural schedule depend on this deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 26th day of August, 2013, at Washington, D.C.

*/s/ Joshua A. Hartman*
Joshua A. Hartman

**ATTESTATION OF E-FILED SIGNATURE**

I, Rudy Y. Kim, am the ECF User whose ID and password are being used to file this Declaration. In compliance with General Order 45, X.B., I hereby attest that Joshua A. Hartman has concurred in this filing.

Dated: August 26, 2013 /s/ Rudy Y. Kim