WILMERHALE

August 27, 2013

**Nathan Walker**

+1 650 858 6070 (t)
+1 650 858 6100 (f)
nathan.walker@wilmerhale.com

<u>**VIA ECF FILING**</u>

The Honorable Jacqueline Scott Corley
U.S. Magistrate Judge for the Northern District of California
San Francisco Division
450 Golden Gate Ave.
San Francisco, CA 94102

Re:  *MediaTek Inc. v. Freescale Semiconductor, Inc.*, **Case No. 4:11-cv-05341 (YGR) (JSC)**

Dear Magistrate Judge Corley:

Pursuant to the Court's discovery orders, Plaintiff MediaTek Inc. ("MediaTek") respectfully submits this statement in response to Defendant Freescale Semiconductor Inc.'s ("Freescale's") letter to the Court dated August 26, 2013 (Dkt. No. 200).  In its letter, Freescale seeks reconsideration of the Court's denial of five discovery letter briefs (Dkt. Nos. 190-3, 191-3, 192-3, 193-3, and 194-3) for failure to comply with the Court's Standing Order (or establish good cause for such non-compliance).  Dkt. Nos. 196, 200.  Freescale's request for reconsideration should be denied for four reasons.

*First*, Freescale's request for reconsideration itself violates this Court's procedural rules in two ways.  To the extent Docket No. 200 is considered a discovery dispute, this Court's Standing Order requires the parties to meet and confer and present any remaining dispute in the form of a joint letter, whenever possible.  MediaTek learned of Freescale's two-page request for reconsideration by electronic notice from the Court.  Freescale never told MediaTek that it planned to file this letter brief, and the letter itself does not attempt to justify Freescale's non-compliance with the Court's Standing Order.  As importantly, the Court's Local Rule 7-9 provides express procedures governing motions for reconsideration.  Freescale did not attempt to conform its request to that rule.  Among other violations, Freescale ignored Rule 7-9's meet-and-confer requirements, the prohibition on seeking reconsideration without first filing a motion for leave, and did not even attempt to articulate any of the permissible grounds for filing any such motion (none of which apply in Freescale's case).  *See* Local Rule 7-9.

*Second*, with respect Dkt. Nos. 190-194, Freescale *could have* complied with the Court's Standing Order regarding discovery motions but *chose* not to do so.  As an initial matter, Freescale could have noticed MediaTek's 30(b)(6) depositions at any point during an 18-month discovery period, but *chose* to wait until June 4—just six weeks before the close of fact discovery—to do so.  Then, because it could not complete the 30(b)(6) depositions by the July 19 fact discovery deadline, Freescale obtained an extension conditioned on an August 23 deadline for any motions to compel arising from the depositions.  *See* Dkt. No. 131.  Despite agreeing to this deadline, however, Freescale *chose* to delay for upwards of three weeks between the time

Wilmer Cutler Pickering Hale and Dorr LLP, 950 Page Mill Road, Palo Alto, CA 94304

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WilmerHale

August 27, 2013
Page 2


that it deposed a 30(b)(6) witness and the time that it served a letter brief on MediaTek. Freescale completed the deposition of MH Shieh, for example, on August 2—21 days before the August 23 close of fact discovery.  Those three weeks were more than enough time for Freescale to comply with the Court's Standing Order on any issue arising out of Mr. Shieh's deposition. Freescale simply *chose* not to do so.  Instead, Freescale delayed for more than a week until Saturday, August 10 before first criticizing Mr. Shieh's deposition, and then waited until August 23 to first serve letter briefs about it.  Freescale's delay with the deposition of MN Tsou, completed on August 7, is even more prejudicial to MediaTek.  Freescale delayed more than two weeks until August 21 to first take issue with Mr. Tsou's testimony, and then unilaterally filed letter briefs on Mr. Tsou just two days later.  Freescale's similarly delayed raising any issue with the depositions of Richard Yang, completed August 9, and Joern Sorensen, completed August 13.  In short, Freescale could have complied with the Court's standing order, but simply chose not to in order to maximize the prejudice to MediaTek.

*Third*, Freescale's suggestion that MediaTek agreed that it was somehow *proper* for Freescale to file unilateral letter briefs is mistaken.  MediaTek agreed only that Freescale had delayed raising any issue with these 30(b)(6) depositions for so long that it was no longer feasible to comply with the joint letter brief requirement.  Dkt. No. 200-1.  MediaTek never condoned this conduct or the prejudice that it visits on MediaTek.

*Fourth*, Freescale's suggestion that MediaTek somehow caused Freescale's delay in seeking relief is incorrect.  As set forth above, Freescale did not raise any issue with MediaTek's 30(b)(6) witnesses until weeks after their depositions and, in one case, just *two days* before the August 23 motion deadline.  Promptly after receiving Freescale's complaints, MediaTek made itself available to meet and confer not once but *twice*—the first time on August 20 and the second on August 22.  It is Freescale's delay in raising these issues—not any conduct of MediaTek—that is to blame.  Freescale had ample time to present any discovery issues arising from MediaTek's 30(b)(6) depositions to the Court in the proper joint letter brief format, had it simply identified those issues promptly.  MediaTek should not be prejudiced by Freescale's delay.

For each of these reasons, MediaTek opposes Freescale's request for reconsideration of the Court's orders in Docket No. 196.

Very truly yours,

  /s/  *Nathan L. Walker*
Nathan L. Walker