# MORRISON | FOERSTER

2000 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20006-1888

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

August 27, 2013

Writer's Direct Contact
202.887.8775
JHartman@mofo.com

**VIA ECF FILING**

The Honorable Jacqueline Scott Corley
U.S. Magistrate Judge for the Northern District of California
San Francisco Division
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   **MediaTek Inc. v. Freescale Semiconductor, Inc.**, No. 4:11-cv-05341 (YGR) (JSC)

Dear Magistrate Judge Corley,

Freescale Semiconductor, Inc. (Freescale) submits this response to MediaTek Inc.'s (MediaTek) letter seeking additional register transfer level (RTL) code for the i.MX6 and MXC91131, MXC91321, and MXC91331 (collectively, "MXC") product families and additional technical documents for the MXC product families. (Dkt. No. 141.)

Contrary to MediaTek's assertions, Freescale has made a complete production of responsive source code and technical documents for i.MX6 and MXC product families, having produced over 4,100 RTL code files for these products. Freescale has produced the i.MX6 RTL code requested by MediaTek, including RTL code for the DVFS load tracking block, for NIC-301 modules, and that shows connections between master modules, slave modules, and NIC-301 modules. (Dkt. No. 141-5 at 1.) Freescale's production also includes MXC RTL code sufficient to show the technical features identified in MediaTek's infringement contentions. Specifically, Freescale has produced RTL code for the EMI, M3IF, and AHB crossbar (MAX) modules, the components specifically identified in MediaTek's infringement contentions as meeting the limitations of '753 patent claim 2, the only claim that the MXC product families allegedly infringe. (Dkt. No. 79-11 at Ex. C-7, passim.)

Likewise, Freescale has produced the technical documents for the MXC product families that it was able to find through a reasonable search. Freescale's production includes highly detailed reference manuals for each of the MXC product families. These reference manuals were produced at Bates ranges FSL-00229436–230461 (1,026-page MXC91131 reference manual), FSL-02224240–2226281 (2,042-page MXC91321 reference manual), and FSL-002226287–2226900 (614-page MXC91331 reference manual). MediaTek received these documents in December 2012.

MediaTek's letter fails to explain why it requires additional RTL code and technical documents for the i.MX6 and MXC product families, and no credible reason for needing such code exists. Freescale's production of RTL code encompasses the components

MORRISON | FOERSTER

August 27, 2013
Page Two

specifically identified in MediaTek's infringement contentions for the i.MX6 and MXC products families. MediaTek's letter does not identify any i.MX6 RTL code that Freescale has not produced. Although MediaTek has purported to point to a figure from Freescale's MXC91321 reference manual as "exemplary of what . . . is missing" for the MXC product families, that figure appears nowhere in MediaTek's infringement contentions for those product families. (Compare Dkt. No. 141-7 at 2 (citing Figure 3-1 of FSL-02224270 with Dkt. No. 79-11 at Ex. C-7, passim (infringement contention claim chart for MXC product families).) And, as stated above, Freescale has produced the reference manuals for each MXC product family.

Moreover, any additional i.MX6 and MXC code sought by MediaTek is highly disproportionate and cumulative of the ample technical documentation that Freescale has produced for the accused products. (Cf., Ex. 1, Feb. 25, 2013, Letter from J. Hartman to C. Franklin at 1-2.) MediaTek apparently agrees, as its expert reports on infringement, served August 23, 2013, rely on Freescale documents and testimony from Freescale's technical witnesses, rather than RTL code produced by Freescale. (E.g., Ex. 2, Ex. D-1 to the Expert Report of Charles Narad Regarding Infringement of U.S. patent No. 6,088,753, passim.) Accordingly, any claim that the additional i.MX6 and MXC RTL code is noncumulative, or that MediaTek has been prejudiced by nonproduction, is inconsistent with its technical experts' approach. Highlighting this point, MediaTek has chosen not to review Freescale's production of i.MX6 RTL code in the more than a month since Freescale informed MediaTek that such code was available. (Dkt. No. 141-5 at 1.)

MediaTek suggests that Freescale should have begun collecting i.MX6 and MXC RTL code on March 29, 2013, when MediaTek moved for leave to amend its infringement contentions. (Dkt. No. 141-4 at 2.) The Court's order denying MediaTek's motion to compel discovery of unaccused products specifically held otherwise, Dkt. No. 77 at 1, and MediaTek elected not to serve infringement contentions for the i.MX6 and MXC product families until June 10. Moreover, although MediaTek argues that Freescale should have known of the relevance of the RTL code at issue here, MediaTek chose not to identify to Freescale the specific i.MX6 and MXC RTL code it wished to be produced until July 24 and 25 for the i.MX6 and MXC product families, respectively. (Dkt. No. 141-5 at 1-2; Dkt. No. 141-7 at 1-2.) If MediaTek wished to review particular i.MX6 and MXC RTL code, it should have identified such code to Freescale after the Court granted leave to accuse these products, rather than wait until after the close of fact discovery and after Freescale's engineers had already devoted significant time to collecting i.MX6 and MXC RTL code.

Accordingly, MediaTek's request for further i.MX6 and MXC RTL code should be rejected.

Respectfully submitted,

*/s/ Joshua A. Hartman*

Joshua A. Hartman

**MORRISON | FOERSTER**

August 27, 2013
Page Three

Enclosures
cc: Counsel of Record

## ATTESTATION OF E-FILED SIGNATURE

I, Rudy Y. Kim, am the ECF User whose ID and password are being used to file this Letter. In compliance with General Order 45, X.B., I hereby attest that Joshua A. Hartman has concurred in this filing.

Dated: August 27, 2013  */s/ Rudy Y. Kim*
Rudy Y. Kim