MORRISON | FOERSTER

2000 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20006-1888

TELEPHONE: 202.887.1500
FACSIMILE: 202.887.0763

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

September 6, 2013

Writer's Direct Contact
202.887.8775
JHartman@mofo.com

*Via ECF System*

The Honorable Jacqueline Scott Corley
U.S. Magistrate Judge for the Northern District of California
San Francisco Division
450 Golden Gate Avenue
San Francisco, California 94102

**Re:  MediaTek Inc. v. Freescale Semiconductor, Inc.,
        No. 4:11-cv-05341-YGR (JSC) (N.D. Cal.)**

Dear Judge Corley:

Freescale Semiconductor, Inc. (Freescale) submits this letter in response to MediaTek Inc.'s (MediaTek) September 5, 2013, letter requesting clarification of the Court's Order disposing of Docket No. 181.  (See Dkt. No. 235 (seeking clarification of Dkt. No. 208).)  Freescale disagrees that clarification is necessary.  Furthermore, Freescale fails to understand why MediaTek has continued this dispute given the significant hurdle to MediaTek that it involves — i.e., depositions of members of Freescale's in-house legal team who are responsible for managing this case and for negotiating the patent dispute between the parties and the minimal probative value of any testimony that MediaTek could obtain from these members of Freescale's legal team.

First, it is our view that Your Honor disposed of all portions of Docket No. 181, such that clarification is not needed.  Docket No. 181 primarily sought a further 30(b)(6) deposition for topics relating to Freescale's patent licensing efforts.  MediaTek, in pursuing Docket No. 181, sought the depositions of Changhae Park, Pete Roossien, and Mark Patrick, members of Freescale's in-house legal team who work directly on this litigation, because it allegedly received inadequate 30(b)(6) testimony on such licensing topics.  (Dkt. No. 181 at 3, 8.)  MediaTek's requests for depositions of Messrs. Park, Roossien, and Patrick are therefore part of its request for a further 30(b)(6) deposition on licensing topics.  Accordingly, Your Honor properly denied such requests when you disposed of Docket No. 181.

Second, MediaTek's request for clarification is untimely.  MediaTek had ample opportunity to seek clarification during the August 29, 2013, hearing, in which the parties were before Your Honor for several hours.  Rather than seek clarification at that time, however, MediaTek waited over a week to submit its letter.  MediaTek did not meaningfully attempt to meet and confer over its request for clarification and has attempted to re-litigate this issue at

MORRISON | FOERSTER

The Honorable Jacqueline Scott Corley
September 6, 2013
Page Two

a time when the parties are engaged in expert discovery, are beginning to prepare dispositive motions, and are attempting to resolve the other remaining fact discovery disputes. MediaTek's delay is reason alone to reject its request for clarification.

Third, MediaTek's request improperly attempts to expand the factual record in connection with Docket No. 181 by noting for the first time that Mr. Park is not a lawyer. (See Dkt. No. 235 at 1.) Mr. Park, however, is part of Freescale's legal team as he serves as its Vice President of IP Licensing, is a member of the legal team for this litigation, and is directly responsible for negotiating with MediaTek to resolve the parties' patent disputes. MediaTek did not raise this point in either its opening or reply portions of Docket No. 181. Its attempt to inject this point after the parties have submitted full briefing on this issue and, indeed, after Court already resolved Docket No. 181, is therefore both procedurally deficient and fundamentally unfair. Regardless, MediaTek's new point does not change the analysis. Accordingly, should the Court entertain MediaTek's request for clarification, Freescale requests an opportunity to submit further briefing on this issue.

Finally, since submission of Docket No. 181, MediaTek's damages expert has confirmed that Messrs. Park, Roossien, and Patrick lack probative information that would justify highly unusual depositions of Freescale's in-house legal team responsible for this matter. Although MediaTek purportedly seeks depositions of Messrs. Park, Roossien, and Patrick because they are knowledgeable of Freescale patent licenses produced in this case (see Dkt. No. 181 at 8), MediaTek's expert has now opined that none of these licenses are comparable to a hypothetical license to the patents in suit.[1] Given this opinion, MediaTek has no good-faith reason to continue to pursue depositions of Messrs. Park, Roossien, or Patrick.

Kind regards,

*/s/ Joshua A. Hartman*

Joshua A. Hartman

cc:   Counsel of record

---

[1] Should the Court entertain MediaTek's request for clarification, Freescale requests leave to submit excerpts from the expert report of Catherine Lawton, MediaTek's damages expert, providing her opinion that no comparable licenses exist, including the licenses produced by Freescale in this case for which MediaTek purportedly seeks Messrs. Park's, Roossien's, and Patrick's testimony.

MORRISON | FOERSTER

The Honorable Jacqueline Scott Corley
September 6, 2013
Page Three

## ATTESTATION OF E-FILED SIGNATURE

I, Rudy Y. Kim, am the ECF User whose ID and password are being used to file this Discovery Letter Brief. In compliance with General Order 45, X.B., I hereby attest that Joshua A. Hartman has concurred in this filing.

Dated: September 6, 2013     /s/ Rudy Y. Kim
                              Rudy Y. Kim