1   Keith L. Slenkovich  (SBN 129793)
      Keith.Slenkovich@wilmerhale.com
2   Joseph F. Haag  (SBN 248749)
      Joseph.Haag@wilmerhale.com
3   WILMER CUTLER PICKERING
      HALE AND DORR LLP
4   950 Page Mill Road
    Palo Alto, CA  94304
5   Telephone:  (650) 858-6000
    Facsimile:  (650) 858-6100

6   William F. Lee (*pro hac vice*)
7     William.Lee@wilmerhale.com
    WILMER CUTLER PICKERING
8     HALE AND DORR LLP
    60 State Street
9   Boston, MA  02109
    Telephone:  (617) 526-6000
10  Facsimile:  (617) 526-5000

11  James M. Dowd  (SBN 259578)
      James.Dowd@wilmerhale.com
12  WILMER CUTLER PICKERING
      HALE AND DORR LLP
13  350 S. Grand Avenue, Suite 2100
    Los Angeles, CA  90071
14  Telephone:  (213) 443-5300
    Facsimile:  (213) 443-5400

15
    *Attorneys for Plaintiff* MEDIATEK INC.
16

17                  **UNITED STATES DISTRICT COURT**

18                  **NORTHERN DISTRICT OF CALIFORNIA**

19                           **OAKLAND DIVISION**

| | |
|---|---|
| MEDIATEK INC.<br><br>       Plaintiff,<br><br>   v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>       Defendant. | **Civil Action No.  4:11-cv-05341 (YGR)**<br><br>**MEDIATEK INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO FURTHER EXTEND THE DEADLINE FOR THIRD-PARTY DISCOVERY FROM  MOTOROLA MOBILITY LLC**<br><br>Hon. Yvonne Gonzalez Rogers |

In Docket No. 208, this Court extended fact discovery for plaintiff MediaTek Inc. ("MediaTek") to obtain document and deposition discovery from third-party Motorola Mobility LLC ("Motorola") to September 11, 2013 (two weeks from the date of the Order), finding that MediaTek had demonstrated good cause for the extension. (*See* Dkt. No. 208 at 14). Pursuant to Civil Local Rules 7-11, 6-1, and 6-3, MediaTek now respectfully asks the Court to further extend fact discovery with respect to Motorola for thirty days, to October 11, 2013.

Good cause exists for this requested time extension, for at least eight reasons:

**First**, the time extension is needed because Motorola, a third-party, needs additional time to provide the requested discovery. Although MediaTek promptly served its subpoena on Motorola after the Court issued Docket No. 208, and although MediaTek requested in its subpoena that Motorola produce its documents and a witness for deposition by the September 11 deadline, Motorola informed MediaTek that Motorola was unable to produce its documents and a witness for deposition by the September 11 return date. (*See* Declaration of Christopher Franklin ("Franklin Decl.") at ¶¶ 1-3, Exs. 1-3). Motorola indicated that it would need additional time to respond to the subpoena—until September 20 to produce documents, and until at least October 4, 2013 to produce any witness for deposition. (*Id.*) Accordingly, the extension of time now sought is needed to accommodate third-party Motorola.

**Second**, MediaTek has diligently pursued discovery from Motorola. After the Court issued Docket No. 208 on August 28 permitting MediaTek to subpoena Motorola, MediaTek promptly served its subpoena on Motorola, requesting that Motorola produce the discovery by the September 11 deadline.

**Third**, as detailed in MediaTek's prior motion (*see* Dkt. No. 139-3 at 1), the discovery that MediaTek seeks from Motorola is highly relevant to MediaTek's claims of inducement of patent infringement against defendant Freescale Semiconductor, Inc. ("Freescale") in this action. As this Court noted in Docket No. 208, "***Freescale does not dispute the relevance of the discovery MediaTek seeks from Motorola***." (*See* Dkt. No. 208 at 13). By its subpoena, MediaTek seeks to obtain (a) documents sufficient to identify which Motorola products contain

certain Freescale accused chips; (b) documents sufficient to show the volume of Motorola's sales of those products in the United States and abroad; and (c) a corporate designee to testify in deposition regarding the contents and authenticity of those sales documents.  (*See* Dkt. No. 139-5 at 9). This information is directly relevant and critical to MediaTek's claim that Freescale has induced patent infringement by selling chips that are incorporated into Motorola products and used in the United States.

**Fourth**, if the Court does not extend the time for discovery from Motorola, MediaTek will be substantially prejudiced.  As discussed above, the discovery sought is critical to MediaTek's claim that Freescale had induced infringement.  Without this discovery, and the time extension needed for it, MediaTek will be unable to fully prove up its infringement claims in this case.

**Fifth**, the requested time extension will cause no prejudice to Freescale.

**Sixth**, the requested time extension is strictly limited to discovery from Motorola, and it will have no effect on any other date in the case schedule. *See* [Proposed] Order Granting Further Extension of Discovery Deadline.

**Seventh**, there has been no modification of the deadline for taking third-party discovery, apart from this Court's Order at Docket No. 208, extending the deadline for fact discovery from Motorola to September 11, 2013. In addition, there has been no modification of the trial date, which is set for February 2014.

**Eighth**, before filing this motion, MediaTek asked Freescale to stipulate to an extension of time for fact discovery from Motorola, and explained that the extension is needed because Motorola needs additional time to respond to the subpoena.  Freescale responded that it opposed the request, without identifying any basis for its opposition. (*See* Franklin Decl. ¶ 4, Ex. 4).  No reasonable basis exists.

MediaTek respectfully requests that the Court grant this motion and extend fact discovery to October 11, 2013, for the limited purpose of allowing MediaTek to obtain document and deposition discovery from third-party Motorola, as set forth in its subpoena.

Dated:  September 11, 2013

Respectfully submitted,

MEDIATEK INC.

By their attorneys,

  */s/ Keith L. Slenkovich*
Keith L. Slenkovich  (SBN 129793)
  Keith.Slenkovich@wilmerhale.com
Joseph F. Haag  (SBN 248749)
  Joseph.Haag@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee (*pro hac vice*)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

James M. Dowd  (SBN 259578)
  James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

*Attorneys for Plaintiff* MEDIATEK INC.