Keith L. Slenkovich  (SBN 129793)
   Keith.Slenkovich@wilmerhale.com
Joseph F. Haag  (SBN 248749)
   Joseph.Haag@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee (*pro hac vice*)
   William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

James M. Dowd  (SBN 259578)
   James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

*Attorneys for Plaintiff* MEDIATEK INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MEDIATEK INC.<br><br>         Plaintiff,<br><br>    v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>         Defendant. | **Civil Action No.  4:11-cv-05341 (YGR)**<br><br>**DECLARATION OF CHRISTOPHER A. FRANKLIN IN SUPPORT OF MEDIATEK INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO FURTHER EXTEND THE DEADLINE FOR THIRD-PARTY DISCOVERY FROM  MOTOROLA MOBILITY LLC**<br><br>**DEMAND FOR JURY TRIAL** |

I, Christopher A. Franklin, declare as follows:

I am an attorney with the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Plaintiff MediaTek Inc. ("MediaTek") in the above-captioned matter. I submit this declaration in support of MediaTek's Motion for Administrative Relief to Further Extend the Deadline for Third-Party Discovery from Motorola Mobility LLC. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so competently.

1. I understand that on August 29, 2013, Catherine Case, a paralegal at Wilmer Cutler Pickering Hale and Dorr LLP transmitted MediaTek's Subpoena of Documents and Things and Deposition Testimony to Motorola Mobility LLC ("the Motorola Subpoena") to process service company First Legal Network, requesting that it serve the subpoena on Motorola. Attached as **Exhibit 1** is a true and accurate copy of an August 29, 2013 email from Catherine Case to First Legal Network.

2. I understand that on August 30, 2013, First Legal Network served the Motorola Subpoena on the registered agent for Motorola Mobility LLC ("Motorola"). Attached hereto as **Exhibit 2** is a true and accurate copy of an August 30, 2013 email from Kelli Emmons of First Legal Network to Ms. Case confirming service of the Motorola Subpoena.

3. On September 6 and September 10, 2013, I spoke on the telephone with Matt Lubozynski of Kilpatrick Townsend & Stockton LLP, outside counsel for Motorola Mobility LLC, regarding the Motorola Subpoena. During these conversations, Mr. Lubozynski stated that Motorola Mobility LLC would not be able to produce documents responsive to the subpoena by the September 9, 2013 noticed date, and would not be able to produce a witness to provide deposition testimony on these documents by September 11, 2013. I asked Mr. Lubozynski how much additional time Motorola would require to respond to MediaTek's subpoena. Mr. Lubozynski indicated that, if MediaTek would agree to limit its document requests to those documents aged two years or less, Motorola could likely produce responsive documents by September 20, 2013, and could likely identify a witness to testify about those documents within

ten business days after the document production. On September 11, 2013, I sent an email to Mr. Lubozynski, memorializing our September 10 discussion, and agreeing to limit MediaTek's subpoena to sales data going back two years. Attached hereto as **Exhibit 3** are true and accurate copies of email correspondence between Mr. Lubozynski and me memorializing our telephone conversations on September 6 and September 10, 2013.

4. On Tuesday, September 10, 2013, I emailed Joshua Hartman, counsel for Freescale Semiconductor, Inc. ("Freescale"), to notify him of MediaTek's plans to request an extension to the deadline to complete discovery from Motorola, and to ask if Freescale would stipulate to this request. That same day, Mr. Hartman emailed me to notify me that Freescale planned to oppose MediaTek's request, and would not stipulate to the request. Attached hereto as **Exhibit 4** is a true and accurate copy of email from Joshua Hartman to me dated September 10, 2013, stating that Freescale plans to oppose MediaTek's request.

5. If MediaTek is not permitted to pursue discovery from Motorola, MediaTek will be precluded from fully establishing its infringement claims against Freescale in this case.

6. The previous time modifications in this case are as follows.

    a) The Court rescheduled the Claim Construction Technology Tutorial from November 2, 2012 to November 7, 2012.

    b) The Court rescheduled the Claim Construction Hearing from November 9, 2012 to November 28, 2012.

    c) The Court's July 23, 2013 Order amended the procedural schedule as follows:

        i. The fact discovery deadline for Freescale to take the depositions of certain MediaTek witness was extended from July 19, 2013 to August 16, 2013;

        ii. The deadline for motions to compel filed by Freescale related to issues arising out of the depositions of certain MediaTek witnesses was extended from July 26, 2013 to August 23, 2013;

      iii. The deadline for initial expert disclosures and reports was extended from August 2, 2013 to August 23, 2013;

      iv. The deadline for the rebuttal expert disclosures and reports was extended from September 6, 2013 to September 27, 2013;

      v. The deadline to complete expert discovery was extended from September 27, 2013 to October 18, 2013;

      vi. The deadline for dispositive and *Daubert* motions was extended from October 15, 2013 to October 29, 2013;

   d) The Court extended the deadline for filing certain discovery letter briefs for two hours to 2:00 a.m. July 27, 2013;

   e) The Court extended the deadline to complete fact discovery from non-party Motorola Mobility LLC from July 19, 2013 to September 11, 2013;

   f) The Court extended the deadline for the parties to participate in mediation from August 15, 2013, to September 30, 2013; and

   g) The Court extended the deadline for filing certain revised Administrative Motions for Leave to File Under Seal Deposition Transcript Exhibits to the parties' Joint Letter Briefs from noon, August 23, 2013, to 2:00 p.m., August 26, 2013.

*See* Dkt. Nos. 60, 61, 131, 174, 176, 208, and 212.

7. The time modification proposed in this Motion for Administrative Relief would have no effect on the procedural schedule.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 11, 2013

*/s/ Christopher A. Fahl*

1                                        Christopher A. Franklin

**Wilmer Cutler Pickering Hale and Dorr LLP**
950 Page Mill Road
Palo Alto, California 94304