RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
ALAN COPE JOHNSTON (CA SBN 66334)
ACJohnston@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

ALEXANDER J. HADJIS (pro hac vice)
AHadjis@mofo.com
JOSHUA A. HARTMAN (pro hac vice)
JHartman@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

Attorneys for Defendant-Counterclaimant
FREESCALE SEMICONDUCTOR, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MEDIATEK INC., <br><br> Plaintiff, <br><br> v. <br><br> FREESCALE SEMICONDUCTOR, INC., <br><br> Defendant. | Case No. 4:11-cv-05341-YGR (JSC) <br><br> **FREESCALE'S OPPOSITION TO MEDIATEK INC.'S MOTION FOR ADMINISTRATIVE RELIEF TO FURTHER EXTEND THE DEADLINE FOR THIRD-PARTY DISCOVERY FROM MOTOROLA MOBILITY LLC** |

1  Freescale Semiconductor, Inc. (Freescale) opposes MediaTek Inc.'s (MediaTek) Motion for
2  Administrative Relief to Further Extend the Deadline for Third-Party Discovery From Motorola Mobility
3  LLC (Motorola). MediaTek's request for a further extension is contrary to the Court's order granting
4  MediaTek's original request for an extension of the deadline for discovery from Motorola, would severely
5  prejudice Freescale by impeding its preparations of summary judgment motions and rebuttal expert
6  reports, and is not supported by a showing of diligence.

7  MediaTek's motion requests a second extension of fact discovery so that it can continue to pursue
8  discovery from Motorola related to Freescale's accused MXC91131, MXC91321, and MXC91331 product
9  families (the MXC products). (Dkt. No. 256 at 1; Dkt. No. 139-5 at 5 (subpoena seeking information
10 related to MXC products).) MediaTek originally sought, and was granted, an extension of fact discovery
11 until September 11, 2013, to pursue this discovery. Dkt. No. 208 at 14. In its order granting this
12 extension, the Court provided that "MediaTek may not use this extension as a justification for seeking an
13 extension of any other case deadlines." Id.

14 Now, after representing that its first extension of fact discovery would "have no effect on any
15 other date in the case schedule" (Dkt. No. 139-4 at 4), and despite the Court's remonstrance against
16 seeking additional extensions of case deadlines, MediaTek seeks an additional one-month extension of fact
17 discovery. Once again, it asks the Court to further extend the deadline to pursue discovery from Motorola,
18 this time until October 11.

19 MediaTek's motion should be denied. First, MediaTek's motion runs afoul of the Court's order
20 granting MediaTek's initial request for an extension. As stated above, the Court indicated that no
21 MediaTek could not seek a further extension of the procedural schedule based on its initial extension of
22 the deadline to pursue fact discovery from Motorola. Dkt. No. 208 at 14. MediaTek's motion completely
23 ignores this instruction.

24 Second, a further extension of the deadline for discovery from Motorola would prejudice
25 Freescale. In order to move for summary judgment on an issue, the Court has required the parties to
26 outline that issue in a letter submitted by October 4, 2013, so that it can be discussed during the next case
27 management conference on October 11. Dkt. No. 175 at 1. Permitting a further extension of the deadline
28 for discovery from Motorola will therefore interfere with Freescale's ability to seek summary judgment on

FREESCALE'S OPP. TO MEDIATEK'S ADMIN. MOT. TO EXTEND FACT DISCOVERY
Case No. 4:11-cv-05341-YGR (JSC)                                              1

1    issues related to the MXC products. Indeed, MediaTek has stated that a deposition of Motorola would not

2    occur before October 4, the same date on which Freescale must provide its letter outlining issues for which

3    it will seek summary judgment. (Dkt. No. 256-1 at ¶ 3; see also Dkt. No. 256-4 at 3.) Accordingly,

4    granting MediaTek's requested extension may effectively prevent Freescale from moving for summary

5    judgment on issues relating to the MXC products.

6           A further extension of the deadline for discovery from Motorola will also interfere with

7    preparations of Freescale rebuttal expert report on damages, which is due by September 27, 2013, under

8    the current procedural schedule. Dkt. No. 131 at 2. In its motion, MediaTek has represented that

9    Motorola will not produce documents before September 20 and, again, will not provide a witness for

10   deposition until October 4. This schedule would place Freescale and its damages expert in the impossible

11   position of having to provide opinions on damages for alleged infringement by the MXC products without

12   the benefit of all facts on which MediaTek might rely or else will force Freescale to incur additional costs

13   preparing a supplemental expert report on the MXC products. Furthermore, Freescale will be placed in

14   this position despite MediaTek's representation that its original motion to extend fact discovery as to

15   Motorola would "have no effect on any other date in the case schedule." (Dkt. No. 139-4 at 4.)

16   Accordingly, because a further extension of the fact discovery deadline would severely prejudice

17   Freescale, MediaTek's motion should be denied. Johnson v. Mammoth Recreations, 975 F.2d 604, 609

18   (9th Cir. 1992) ("[T]he existence or degree of prejudice to the party opposing the modification" of a

19   scheduling order may provide reasons to deny such modification).

20          Separate from the prejudice to Freescale of MediaTek's requested extension, MediaTek's motion

21   should also be denied because MediaTek has not been diligent in pursuing discovery from Motorola. To

22   the contrary, MediaTek's motion reveals that it cavalierly pursued discovery from Motorola after serving

23   its subpoena, as MediaTek apparently unilaterally agreed that Motorola need not comply with the

24   subpoena's September 9 and 11 return dates for documents and a deposition, respectively. (Dkt. No. 256-

25   4 at 2 (September 6 email in which Motorola counsel states, "This will confirm that I do not need to serve

26   responses to the Requests for Documents on Monday [September 9] and that we will not be providing such

27   documents on Monday and further that we will not be putting up a deponent on Wednesday, September

28   11."). MediaTek granted Motorola this extension without notice to Freescale, without regard to the impact

1   it would have on the deadlines Freescale faces, and without any effort to work jointly to manage the
2   upcoming items in the procedural schedule. In fact, despite granting Motorola this extension on
3   September 6, MediaTek did not even inform Freescale of it until after midnight, East Coast time, on
4   September 11 (Dkt. No. 256-5 at 2), and MediaTek did not request Freescale's position on its motion for
5   an extension until shortly before MediaTek filed it (id.).

6   Freescale is sympathetic about issues related to third-party discovery, particularly discovery of
7   Freescale's customers. Freescale notes, however, that accommodations which might be possible in the
8   middle of fact discovery, when the effects on other procedural deadlines are minimal, may become
9   prejudicial after fact discovery has closed and the parties are at work on expert reports and summary
10  judgment motions. Here, MediaTek's choice to permit Motorola additional time to provide responsive
11  documents and a deponent cannot be reconciled with its representation that its original request for an
12  extension would "have no effect on any other date in the case schedule." (Dkt. No. 139-4 at 4.)

13  Finally, MediaTek's assertion that it "will be unable to fully prove up its infringement claims"
14  without the requested discovery are beside the point. MediaTek placed itself in this position, as it has
15  controlled the course of discovery from Motorola all along.

16  MediaTek first waited to move to amend its infringement contentions until March 29, 2013,
17  despite having the technical documentation it needed to accuse the MXC products in early December
18  2012. (Dkt. No. 115 at 11)

19  MediaTek next waited to serve a subpoena on Motorola until after learning the value of
20  Freescale's sales to Motorola, despite knowing that Motorola is one of only two customers of the MXC
21  products (Dkt. No. 146 at 2-3) and despite its need to prove direct infringement by a third-party to succeed
22  on its indirect infringement claim against Freescale, Akamai Techs. v. Limelight Networks, Inc., 692 F.3d
23  1301, 1316 (Fed. Cir. 2012) ("[O]ne of the elements of induced infringement is proof that there has been
24  direct infringement.").

25  MediaTek next waited to serve its subpoena on Motorola until after it obtained consent for its
26  counsel, Wilmer Hale, to do so, notwithstanding the fact that MediaTek had previously employed alternate
27  counsel to pursue discovery of third parties. (Dkt. No. 107 at 1 (notice of subpoena to non-party Ford filed
28  by MediaTek attorney Robert E. Camors, Jr.).)

FREESCALE'S OPP. TO MEDIATEK'S ADMIN. MOT. TO FURTHER EXTEND FACT DISCOVERY
Case No. 4:11-cv-05341-YGR (JSC)

3

1   Finally, MediaTek unilaterally decided that Motorola need not comply with the subpoena's September 9 and 11 return dates, notwithstanding the fact that MediaTek was required to complete discovery of Motorola by September 11 and ignoring the Court's statement that MediaTek would not be permitted to use the extension until September 11 "as a justification for seeking an extension of any other case deadlines." Dkt. No. 208 at 14.

As this timeline shows, MediaTek has been granted considerable leeway in pursuing fact discovery from Motorola. Additional time for such discovery is not warranted and would prejudice Freescale. Accordingly, MediaTek's motion to further extend the deadline to pursue discovery from Motorola should be denied.

Dated: September 16, 2013            MORRISON & FOERSTER LLP


By: */s/ Joshua A. Hartman*
RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
ALAN COPE JOHNSTON (CA SBN 66334)
ACJohnston@mofo.com
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

ALEXANDER J. HADJIS (pro hac vice)
AHadjis@mofo.com
JOSHUA A. HARTMAN (pro hac vice)
JHartman@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

Attorneys for Defendant-Counterclaimant
FREESCALE SEMICONDUCTOR, INC.

**ATTESTATION OF E-FILED SIGNATURE**

I, Rudy Y. Kim, am the ECF User whose ID and password are being used to file MOTION FOR ADMINISTRATIVE RELIEF TO FURTHER EXTEND THE DEADLINE FOR THIRD-PARTY DISCOVERY FROM MOTOROLA MOBILITY LLC.  In compliance with General Order 45, X.B., I hereby attest that Joshua A. Hartman has concurred in this filing.

Dated:  September 16, 2013                              /s/ Rudy Y. Kim