IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIATEK, INC., <br>             Plaintiff, <br> v. <br> FREESCALE SEMICONDUCTOR, INC., <br>             Defendant. | Case No. 11-5341 YGR (JSC) <br><br> **ORDER RE: MEDIATEK'S REQUEST FOR CLARIFICATION WITH RESPECT TO DOCKET NO. 181 (Dkt. No. 235)** |

Plaintiff MediaTek, Inc. ("MediaTek") filed a request for clarification of this Court's Order (Dkt. No. 208) resolving various outstanding discovery disputes including MediaTek's discovery dispute at Docket No. 181. In that dispute MediaTek (1) challenged the adequacy of the Freescale Semiconductor Inc. ("Freescale") Federal Rule of Civil Procedure 30(b)(6) designee regarding licensing-related topics, and (2) sought to compel the depositions of three Freescale employees. (Dkt. No. 181.) The Court disposed of the dispute on the basis that MediaTek had already exceeded the 42-hour limit on Rule 30(b)(6) deposition testimony. (Dkt. No. 208.) MediaTek now moves for clarification of this Order contending that the Court did not reach the second request for relief (Dkt. No. 235); that is, the depositions of individual, not 30(b)(6), witnesses. Freescale opposes MediaTek's request for clarification and requests that it be granted leave to submit further briefing if the Court is inclined the

grant the request. (Dkt. No. 238.) The Court hereby GRANTS MediaTek's request for clarification in part.

There is no dispute that MediaTek properly noticed the depositions of Messrs. Park, Patrick, and Roossien each in their individual capacity prior to the close of fact discovery; nor is there a dispute as to whether MediaTek has exceeded the 175 hours of party depositions authorized under the Case Management Order (Dkt. No. 37). It has not. Further, because MediaTek offered to withdraw its request for the depositions of Messers Patrick and Roossien, this Order only considers whether MediaTek is entitled to depose Mr. Park. The Court concludes that MediaTek is entitled to do so.

Although MediaTek's initial submission regarding Mr. Park's deposition indicated that he was the Vice President of IP Licensing and a member of Freescale's in-house legal team, MediaTek's request for clarification states that Mr. Park is not in fact an attorney. Freescale does not dispute Mr. Park's status; instead, it seeks the opportunity to submit additional briefing regarding this subject to the extent the Court is inclined to grant the request for clarification. If Freescale has additional arguments to raise it should have included them in its opposition; absent a showing that there was a reason it could not include these additional arguments (whatever they may be) due to exigent circumstances—which Freescale has not made—Freescale's request for additional briefing is denied.

Federal Rule of Civil Procedure 30(a) provides that a party may depose "any person." Fed. R. Civ. P. 30(a). Although there is a heightened requirement for deposing the opposing party's counsel, *Fausto v. Credigy Servs. Corp.*, No. 07-5658, 2008 WL 4793467, at *1 (N.D. Cal. Nov. 3, 2008) objections overruled, No. 07-05658, 2008 WL 5158915 (N.D. Cal. Dec. 9, 2008), this presumption does not apply here as Mr. Park is not an attorney.[1] Rather, the inquiry is limited to whether Mr. Park has relevant non-privileged information. *See e.g. Mass. Mutual Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D. Cal. 1998).

---

[1] Freescale's opposition to MediaTek's initial request to compel Mr. Park's deposition also indicates that Mr. Park is not involved in the day-to-day management of the litigation.

2

1  MediaTek seeks information from Mr. Park related to the calculation of monetary
2 terms in licenses based on his role as the Vice President of IP Licensing; it does not seek any
3 information regarding his conduct in this litigation.[2]  The information sought is relevant to
4 MediaTek's claims.  Accordingly, MediaTek's request for clarification is GRANTED and
5 Docket No. 181 is GRANTED with respect to the deposition of Mr. Park only.  The parties
6 shall meet and confer to select a mutually agreeable date for his deposition which shall occur
7 within the next 14 days.  The deposition shall be limited to four hours.

This Order disposes of Docket Nos. 235 and 238.

**IT IS SO ORDERED.**

Dated:  September 17, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Freescale again seeks the opportunity to submit additional evidence in support of its contention that Mr. Park's testimony would not be probative.  This unidentified information should have been included with Freescale's opposition.