IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIATEK, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>FREESCALE SEMICONDUCTOR, INC.,<br><br>    Defendant. | Case No. 11-5341 YGR (JSC)<br><br>**ORDER RE: FREESCALE'S DISCOVERY LETTER BRIEF RE: DISPUTE OVER REMAINING TIME FOR RULE 30(B)(6) DEPOSITION TESTIMONY (Dkt. No. 241)** |

  Now pending before the Court is the discovery letter brief of Defendant Freescale Semiconductor Inc. ("Freescale") regarding a dispute over the time remaining for any further Rule 30(b)(6) deposition testimony of Plaintiff MediaTek, Inc. ("MediaTek") witnesses. (Dkt. No. 241.) Freescale did not file the letter brief as a joint statement as required by this Court's Standing Order. Nevertheless, as MediaTek has filed an opposition to the letter brief (Dkt. No. 250), and in the interests of expediency, the Court has considered both parties' submissions and hereby finds that Freescale has exceeded the time allowed under the Scheduling Order.[1]

---

[1] Freescale's letter brief requests that the Court set a briefing schedule for a joint letter addressing this dispute; however, no further briefing is required—the parties should have laid out all their arguments in the pending submissions.

The Court previously considered a related request regarding the calculation of time as to MediaTek's Rule 30(b)(6) deposition testimony of Freescale's witnesses. (Dkt. No. 208.) The Court found that MediaTek had exceeded the agreed upon 42-hour limit for Rule 30(b)(6) deposition testimony in large part because MediaTek had failed to manage its time with respect to the depositions both in terms of how the time was recorded and how the time was used. As the Court noted, with respect to exclusion of time, the party taking the deposition is required to maintain a record of what should be excluded from the time "so each party is put on notice as to how its opponent is calculating the time [giving] parties an opportunity to address how time should be calculated at the beginning of the process, rather than at the end." (*Id*. at 4:25-27.) Further, "[w]hen confronted with time limits, whether at deposition or at trial, parties have to make choices about what is most important." (*Id.* at 5:9-10.)

Here, the parties' positions are reversed with Freescale now arguing that it has not exceeded the 42-time limit and MediaTek countering that Freescale has done so by more than 14 hours. The dispute centers on whether translation time should be counted towards the 42-hour limit. Freescale contends that for the Mandarin-speaking deponents the time should be halved such that one-hour of testimony from these deponents actually counts as only 30 minutes. However, there is no indication in the record that Freescale ever suggested this calculation mechanism to MediaTek; rather, the record reflects that the parties agreed that "Messrs. Yang, Shieh, and Tsou will be available to provide 14 hours of testimony since they will testify in Mandarin and thus will require translation." (Dkt. No. 250-3 at 2.) Notably absent from this email from Freescale's counsel confirming the agreement with counsel for MediaTek is any indication that although these witnesses would provide 14 hours of *testimony* each, their testimony would only count for 7 hours each; that MediaTek agreed to make these witnesses available for a longer period of time due to the translation issues does not suggest an understanding that this additional testimony time would not count toward the 42-hour limit. To the extent Freescale thought otherwise, it should have confirmed as much with MediaTek before the depositions occurred. Just as MediaTek should have confirmed at

the beginning of its Rule 30(b)(6) depositions whether particular questions were directed at the witness in their individual, rather than designee capacity, Freescale should have confirmed its intention to only count 50% of the testimony time of MediaTek's Mandarin speaking designees towards the parties' 42-hour limit. Freescale, as the party taking the depositions, bore the burden of ensuring that it made a contemporaneous record regarding the calculation of time and what time did and did not count towards the parties' agreed upon limit. As Freescale failed to do so, its belated efforts to impose a restriction on the time calculation are unavailing.

Four of Freescale's pending discovery disputes seek an order compelling MediaTek to designate further Rule 30(b)(6) witnesses on various topics. The disputes are thus contingent upon Freescale having additional Rule 30(b)(6) deposition time. Because the Court concludes that they do not have any time remaining, those requests are moot. Accordingly, Docket Nos. 190-3, 193-3, and 194-3 are DENIED AS MOOT.[2]

This Order disposes of Docket Nos. 190-3, 193-3, 194-3, 241, 245, 247, 250.

**IT IS SO ORDERED.**

Dated: September 23, 2013

                                                          _____
                                                          JACQUELINE SCOTT CORLEY
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] The Court will separately address Docket No. 192-3 as it seeks both further Rule 30(b)(6) testimony and production of related documents.