IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIATEK, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>FREESCALE SEMICONDUCTOR, INC.,<br><br>        Defendant. | Case No. 11-5341 YGR (JSC)<br><br>**ORDER RE: FREESCALE'S DISCOVERY LETTER BRIEF RE: PRODUCTION OF DOCUMENTS RELATED TO MEDIATEK'S ACQUISITION OF THE PATENTS IN SUIT (Dkt. No. 191-3)** |

Now pending before the Court is Defendant Freescale Semiconductor Inc.'s ("Freescale") discovery letter brief regarding production of documents related to Plaintiff MediaTek, Inc.'s ("MediaTek") acquisition of the patents in suit. (Dkt. No. 191-3.) Although Freescale failed to submit the dispute as a joint letter brief in accordance with this Court's Standing Order, the Court agreed at the August 29, 2013 hearing to consider the motion if the parties met and conferred and MediaTek had the opportunity to file an opposition, which it has (Dkt. No. 243).

Freescale seeks an order compelling MediaTek to produce three categories of documents related to the patents in suit: (1) documents related to a processor which implemented the technology discussed in the '845 patent, (2) documents in the possession of

MediaTek's Rule 30(b)(6) designee MH Shieh, and (3) documents in the possession of MediaTek's Rule 30(b)(6) designee Richard Yang.[1]

With respect to the first category of documents, MediaTek represents that following the deposition of Joern Soerensen, one of the named inventors of the '845 patent, it conducted a further search for related documents and produced all responsive documents. Absent a showing, which Freescale has not made, that there are particular documents which have not been produced, the Court relies on MediaTek's representation that it has produced all responsive documents.

As for the second category of documents, those of Mr. Shieh, Freescale contends that his deposition testimony gives rise to questions regarding whether he conducted an adequate search for responsive documents. In particular, Freescale points to Mr. Shieh's testimony that he did not search for responsive documents until the day before his deposition and seeks documents such as datasheets and roadmaps for certain products, organization charts, and documents related to certain customers. (Dkt. No. 191-3 citing Dkt. No. 191-15 at 38:3-7.) MediaTek counters that this testimony was limited to Mr. Shieh's search of email files citing earlier deposition testimony. (Dkt. No. 243 citing Dkt. No. 191-6 at 32:6; 33:4-5.) It is not clear from the excerpts of Mr. Shieh's testimony provided to the Court whether his testimony regarding the documents referenced at page 38 of his transcript, which he had just provided to counsel, were in fact the same email files he was testifying about five pages earlier. Accordingly, MediaTek is ordered to produce responsive documents to the extent that they have not already been produced and are not excluded under the Court's ESI Order (Dkt. No. 97).

Finally, Freescale likewise takes issue with the document collection efforts of Mr. Yang. However, MediaTek's opposition represents that all of Mr. Yang's "non-email documents have been searched and his non-privileged responsive documents have been produced." (Dkt. No. 243 at 2.) Further, MediaTek contends that the documents referenced

---

[1] A fourth category of documents related to the MT8135 product family is no longer relevant given the Court's denial of MediaTek's motion to amend its infringement contentions to include this product family. (Dkt. No. 232.)

2

1  during Mr. Yang's deposition were all electronic documents and he was similarly not
2  designated as an email custodian in accordance with the Court's ESI Order.  The Court has
3  reviewed the three pages of Mr. Yang's testimony provided and concludes that he does
4  appear to be referencing electronic documents only.  Absent a showing that these documents
5  are not covered by the ESI Order, which Freescale has not made, it appears that MediaTek
6  has produced all responsive documents.
7      Accordingly, Freescale's motion to compel further production of documents is
8  DENIED except as to any responsive documents in Mr. Shieh's possession which have not
9  already been produced.
10     This Order disposes of Docket Nos. 191-3 and 243.
11     **IT IS SO ORDERED.**

13 Dated:   September 23, 2013

                                                          _____
                                                          JACQUELINE SCOTT CORLEY
                                                          UNITED STATES MAGISTRATE JUDGE