IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIATEK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FREESCALE SEMICONDUCTOR, INC., <br><br> Defendant. | Case No. 11-5341 YGR (JSC) <br><br> **ORDER RE: FREESCALE'S DISCOVERY LETTER BRIEF RE: TESTIMONY AND PRODUCTION OF DOCUMENTS RELATED TO ACQUISITION OF THE '753 PATENT (Dkt. No. 192-3)** |

Now pending before the Court is Defendant Freescale Semiconductor Inc.'s ("Freescale") discovery letter brief regarding testimony and production of documents related to Plaintiff MediaTek, Inc.'s ("MediaTek") acquisition of the '753 patent. (Dkt. No. 192-3.) Although Freescale failed to submit the dispute as a joint letter brief in accordance with this Court's Standing Order, the Court agreed at the August 29, 2013 hearing to consider the motion if the parties met and conferred and MediaTek had the opportunity to file an opposition, which it has (Dkt. No. 249).

Freescale seeks an order compelling (1) further Rule 30(b)(6) deposition testimony regarding MediaTek's acquisition of the '753 patent, and (2) production of documents related to the same acquisition. The Court has concluded that Freescale had exceeded the parties' agreed upon 42-hour limit for Rule 30(b)(6) deposition testimony such that any pending

1  requests to compel further Rule 30(b)(6) testimony are moot. (Dkt. No. 265.) Thus, the
2  Court denies the request to compel additional Rule 30(b)(6) testimony regarding acquisition
3  of the '753 patent.
4      This ruling leaves, however, Freescale's request to compel production of documents
5  related to MediaTek's evaluation of the '753 patent, and in particular, one or more technical
6  documents regarding the patent provided by a third-party consultant. MediaTek contends the
7  documents are privileged because they were provided by a third-party to MediaTek "for the
8  purpose of facilitating legal advice (in anticipation of litigation)." (Dkt. No. 249 at 2.)
9  MediaTek's 30(b)(6) designee, Richard Yang, who initially testified regarding the documents,
10 also submitted a declaration in support of MediaTek's opposition in which he asserts that
11 MediaTek retained the consultant's services because the '753 patent is highly technical and
12 MediaTek required the consultant's services to evaluate the patents and prepare a report
13 which was "necessary to enable MediaTek's attorneys to render effective legal advice." (Dkt.
14 No. 249-23 ¶ 4.)
15     As an initial matter, it does not appear that MediaTek has produced a privilege log
16 identifying any responsive documents withheld on privilege grounds, at least a log has not
17 been provided to the Court. *See In re CV Therapeutics, Inc. Securities Litigation*, 2006 WL
18 1699536 *7-8 (N.D. Cal. June 16, 2006) (reviewing privilege log to determine if documents
19 provided to third party were for the purpose of obtaining legal advice). The Court only
20 knows the vague categories of documents Mr. Yang testified to and those addressed in his
21 follow-up declaration; namely, the report prepared by the consultant and the categories of
22 email documents identified in paragraphs 5 through 7 of Yang's declaration (Dkt. No. 249-23
23 ¶¶ 5-7). Because MediaTek represents that Freescale has not sought email documents in this
24 litigation and Freescale's motion does not suggest otherwise, the Court only considers
25 whether the report prepared by the third-party consultant should be produced.
26     MediaTek's motion is also vague as to whether it asserts attorney client privilege or
27 work product protection over the document or both; instead, MediaTek generally asserts that
28 the report is "privileged" because the consultant was necessary to enable MediaTek's lawyers

to render effective advice. "In general, legal advice is implicated if the nonlegal aspects of the consultation are integral to the legal assistance given and the legal assistance is the primary purpose of the consultation." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1127 (N.D. Cal. 2003) (internal citations and quotations omitted.) In considering so-called dual purpose documents, "the critical question is the extent to which the communication solicits or provides legal advice or functions to facilitate the solicitation or provision of legal advice." *In re CV Therapeutics, Inc. Sec. Litig.*, C-03-3709, 2006 WL 1699536, at *4 (N.D. Cal. June 16, 2006) as clarified on reconsideration, 2006 WL 2585038 (N.D. Cal. Aug. 30, 2006). The Court cannot evaluate the claim of privilege here without reviewing the document *in camera* in light of the absence of any substantive information regarding the document's contents other than that it contains "technical information" and was for purposes of "advice."

Accordingly, on or before September 26, 2013, MediaTek shall file a privilege log for any responsive documents withheld on a claim of privilege. At the same time MediaTek shall submit to the Court copies of any of the identified documents for *in camera* review.

**IT IS SO ORDERED.**

Dated: September 23, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE