# WILMERHALE

October 15, 2013

**VIA ECF FILING**

Keith Slenkovich

+1 650 858 6110 (t)
+1 650 858 6100 (f)
keith.slenkovich@wilmerhale.com

The Honorable Yvonne Gonzalez Rogers
U.S. District Court Judge
Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA  94612

    Re:  *MediaTek Inc. v. Freescale Semiconductor, Inc.*, **Case No. 4:11-cv-05341 (YGR)**

Dear Judge Gonzalez Rogers:

Pursuant to the Court's Minute Order following an August 20, 2013 Case Management Conference (*see* Dkt. No. 175), as subsequently modified (*see* Dkt. No. 262), Plaintiff MediaTek Inc. ("MediaTek") respectfully submits this letter outlining the issues that it requests be decided by dispositive motion in this case.

MediaTek hereby requests leave to move for summary judgment of validity of the asserted claims of U.S. Patent No. 6,738,845 ("the '845 patent"). Freescale Semiconductor Inc. ("Freescale") has failed to disclose prior art that, alone or in combination, teaches each and every limitation of the asserted claims (claims 1-2, 5, 21-22, and 25) of the '845 patent. For example, the prior art identified by Freescale does not disclose the following limitations from claim 1 of the '845 patent:

- "a direct memory access (DMA) subsystem comprising a DMA controller coupled to a third bus as a third bus master"; and

- "wherein the DMA subsystem is configured and arranged such that, when the first and second arbitration units enables the DMA subsystem to access each of the first and second slave subsystems, the DMA controller can cause data to be transferred between the first slave subsystem and the second slave subsystem via the third bus."

In addition, Freescale's prior art references fail to disclose the following limitation of claim 21 of the '845 patent:

- "a bus arbitration module (BAM), having the first, second, third, and fourth busses coupled thereto, configured and arranged to couple each of the third and fourth busses to any selected one of at least the first and second busses so that each of first and second slave subsystems can be independently accessed by either of the first and second data processing subsystems, thereby enabling the first and second data processing subsystems

WILMERHALE

October 15, 2013
Page 2

>to access different ones of the first and second slave subsystems at the same time, the BAM being further configured and arranged to employ an arbitration scheme for access to at least a first one of the first and second slave subsystems in which, during any period when all requests for access to the first one of the first and second slave subsystems are of the same priority level, a first one of the first and second data processing subsystems is guaranteed to have access to a greater portion of the available bandwidth of the first one of the first and second slave subsystems than is a second one of the first and second data processing subsystems."

Freescale's expert, Dr. Frank Vahid, has opined that claims 1-2 and 5 are rendered obvious by a single combination of alleged prior art: Bhuyan *et al.*, Performance of Multiprocessor Interconnection Networks, IEEE, 1989 ("Bhuyan") with U.S. Patent No. 5,828,856 to Bowes ("Bowes856").  Freescale has therefore admitted that neither reference teaches each and every limitation of claims 1-2 and 5.  Dr. Valid fails to demonstrate any reason why a person of ordinary skill in the art would combine the two references in the way that his report suggests, nor has he explained exactly how the two references would be combined.  Moreover, the system resulting from any such "combination" would be inoperable.

Freescale's expert has also opined that claims 21-22 and 25 are rendered obvious by the combination of Bhuyan with U.S. Patent No. 5,546,547 to Bowes ("Bowes547").  Again, Freescale has admitted that neither reference teaches each and every limitation of claims 21-22 and 25.  Dr. Vahid has likewise not explained why or how Bhuyan should be combined with Bowes547, and the system resulting from the proposed combination simply would not work.

To support his opinions concerning these combinations, Dr. Vahid improperly relies on portions of the references that are not cited in Freescale's Patent Local Rule 3-3 contentions.  MediaTek intends to move separately to strike these improper opinions as untimely disclosed.

Very truly yours,


*/s/Keith L. Slenkovich*
Keith L. Slenkovich