Keith L. Slenkovich (SBN 129793)
  Keith.Slenkovich@wilmerhale.com
Joseph F. Haag (SBN 248749)
  Joseph.Haag@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (*pro hac vice*)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

James M. Dowd (SBN 259578)
  James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400
Attorneys for Plaintiff MEDIATEK INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MEDIATEK INC., | Case No. 4:11-cv-05341 YGR (JSC) |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Date:    October 21, 2013 |
| FREESCALE SEMICONDUCTOR, INC., | Time:    3:00 p.m. |
| Defendant. | Courtroom: 5 |
| | Hon. Yvonne Gonzalez Rogers |

Pursuant to the Court's Standing Order for Patent Cases, its Claim Construction Order dated July 16, 201, and its Minute Order following an August 19, 2013 Case Management Conference (*see* Dkt. No. 175), as subsequently modified (*see* Dkt. No. 262), Plaintiff MediaTek Inc. ("MediaTek") and Defendant Freescale Semiconductor, Inc. ("Freescale") respectfully submit the following Joint Case Management Statement in advance of the conference scheduled for October 21, 2013.

**I.      CERTIFICATION OF CLAIM CONSTRUCTION ORDER FOR IMMEDIATE APPEAL TO THE FEDERAL CIRCUIT**

Neither MediaTek nor Freescale wishes to seek to certify the Court's claim construction ruling for immediate appeal to the Federal Circuit.

**II.     DISPOSITIVE MOTIONS**

**A.      MediaTek's Position**

Pursuant to the Court's Civil Standing Order and the Court's instructions during the August 19, 2013, case management conference, MediaTek is concurrently submitting a letter brief seeking leave to move for summary judgment, and setting forth the grounds for MediaTek's summary judgment positions.  Specifically, MediaTek would like to move for summary judgment that the asserted claims of the '845 patent are valid because Freescale has failed to disclose prior art that, alone or in combination, teaches each and every limitation of the claims.  If the Court grants leave, MediaTek will move for appropriate relief with respect to this motion by the deadlines set by the Court.  *See* Dkt. No. 131.

MediaTek opposes Freescale's request to expand the page limits for summary judgment briefing.  Twenty-five pages is more than adequate for each of the parties to present their respective motions, particularly where these motions are required to be based upon undisputed facts.

**B.      Freescale's Position**

Pursuant to the Court's Civil Standing Order and the Court's instructions during the August 19, 2013, case management conference, Freescale is concurrently submitting a letter

seeking leave to move for summary judgment, requesting a pre-filing conference, and setting forth the grounds for Freescale's summary judgment positions.  Freescale would like to move for summary judgment on the following grounds:

     1.    The '331 Patent

          The asserted claims of the '331 patent are not infringed by the i.MX31, i.MX35, and i.MX50 accused products.

     2.    The '845 Patent

          The asserted claims of the '845 patent are not infringed by the accused products.

     3.    Kindle e-Reader Product Accusations

          The accused Freescale products incorporated in Kindle e-Readers do not infringe the asserted patents because they were not sold in the United States.

     4.    Scope of Relief

          MediaTek is not entitled to an injunction.

The currently-set deadline for dispositive motions set by the Court is October 29, 2013. (See Dkt. No. 131 at 2.)  The parties have agreed to move jointly for an order: (i) extending from October 18 to October 23, 2013, the deadline to complete the deposition of MediaTek's expert Mr. Charles Narad and (ii) extending from October 29 to November 5, 2013, the deadline for dispositive and Daubert motions.

Freescale feels that this case can be significantly streamlined through summary judgment directed to the technical, extraterritoriality, and injunction issues identified above.  In order to brief summary judgment, and as explained in its letter seeking leave to move for summary judgment, Freescale seeks leave to expand the 25-page limit to a 50-page limit.

## III.    ADVICE OF COUNSEL DEFENSE; BIFURCATION OF TRIAL

### A.    MediaTek's Position

MediaTek opposes bifurcation of the trial into liability and damages proceedings.  The trial of this case will be no more complex than any other patent case, and indeed far less complex than many, and does not warrant bifurcation.

1

2    MediaTek has only asserted three patents in this case, and the technologies claimed by the

3    patents-in-suit are all closely related, dealing with semiconductor hardware and software design.

4    Two of the asserted patents, and seven of the nine asserted claims, concern the operation of

5    busses in a semiconductor framework.  The third patent, with its two asserted claims, concerns

6    power consumption.  The damages issues in this case, which concern Freescale's sales of

7    products practicing the patents-in-suit over the past two years, are less complicated than other

8    patent infringement case with longer damages periods.  For example, WilmerHale (MediaTek's

9    counsel) and Morrison Foerster (Freescale's counsel) recently tried *Apple v. Samsung* together

10   before the Hon. Lucy Koh.  *See* Civil Action No. 11-cv-01846-LHK.  That case was far more

11   complex, involving a damages claim by Apple for more than $2.5 billion on infringement of both

12   utility patents and design patents (each of which require a different type of damages analysis), as

13   well as affirmative counterclaims by Samsung seeking damages for alleged infringement of its

14   own patents.  Yet the same law firms representing the parties in this case were more than capable

15   of efficiently trying all issues raised in *Apple v. Samsung* together to a single jury.

16       Contrary to Freescale's argument, this case involves none of the complexity of the

17   *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.* case that Freescale cites below.

18   *Yamaha* involved **thirty** asserted patents, with multiple counterclaims, including both antitrust

19   claims and claims for estoppel.  *Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier Inc.*, SA CV

20   00-549-DOCEEX, 2001 WL 501354, at *1 (C.D. Cal. May 4, 2001).  By contrast, this case

21   concerns only three patents with straight forward evidence demonstrating both infringement and

22   damages.  And Freescale asserts only the standard declaratory judgment counterclaims.

23       Under these circumstances, courts in this district have repeatedly held that bifurcation is

24   simply not warranted.  *See, e.g., Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99,

25   101 (N.D. Cal. 1992) (denying motion to bifurcate liability and damages phases of patent trial).

26   *See also Mformation Techs., Inc. v. Research in Motion Ltd.*, C 08-04990 JW, 2012 WL 1142537,

27   at *1 (N.D. Cal. Mar. 29, 2012) (denying motion to bifurcate indirect infringement, damages, and

28   willfulness claims from direct infringement, invalidity claims); *Onyx Pharm., Inc. v. Bayer Corp.*,

C-09-2145 EMC, 2011 WL 4527402, at *2 (N.D. Cal. Sept. 21, 2011) (denying motion to bifurcate equitable claims from damages claims); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l Inc.*, C 03-1431 SBA, 2006 WL 1646108, at *3 (N.D. Cal. June 12, 2006) (denying motion to bifurcate equitable claims); *Quantum Corp. v. Tandon Corp.*, C-89-1812 WHO, 1991 WL 213819, at *1 (N.D. Cal. Apr. 19, 1991) (denying motion to bifurcate infringement phase from willfulness phase).  Accordingly, this case should be tried once to a single jury.

### B.  Freescale's Position

Freescale does not intend to rely on the advice of counsel defense to MediaTek's claims of willful infringement.

Freescale believes that bifurcating the trial into liability and damages phases would be beneficial due to the number and complexity of issues in both phases and the lack of overlapping issues between phases.  Bifurcation will simplify the issues for the Court and, depending on the outcome of the liability phase, may save resources and time in the damages phase.  Indeed, if Freescale is successful on liability, damages will not need to be tried and decided.

MediaTek has alleged infringement of three patents and has asserted nine claims.  Although the three patents in suit all relate to integrated circuits, the asserted claims relate to different aspects of integrated circuits technology.  Four asserted claims relate to bus architecture (claims 1, 2, and 5 of the '845 patent; claim 2 of the '753 patent), three asserted claims relate to bus arbitration (claims 21, 22, and 25 of the '845 patent), and two asserted claims relate to power management technology (claims 11 and 35 of the '331 patent).  MediaTek has accused eleven different Freescale product families — taken from three different categories (Freescale's i.MX processors, MXC processors, and PowerQUICC processors) — of infringing some combination of the asserted claims, such that there is little overlap in the claims asserted against these eight product families.

As laid out in Ms. Lawton's expert report, MediaTek will present a complex damages case involving analyses of licenses and testimony provided by Freescale, allegations of competition between MediaTek and Freescale, the location of certain transactions related to Freescale accused

products, and the details of shipments related to Ford vehicle model years. The complexity of the damages case will include detailed accounting, commercial terms, and geographical activity analyses associated with thousands and thousands of transactions.

In particular, MediaTek has accused eleven product families, comprising more than four hundred separate Freescale products, sold from different Freescale entities, located in many different countries outside of the United States, to hundreds of different customers scattered around the world. Complex extraterritoriality issues will need to be resolved to determine whether Freescale has committed acts that can constitute allegedly infringing acts within the United States for which MediaTek may recover damages. If so, it will then need to be determined which of the myriad transactions include acts that constitute infringement and to what extent they constitute infringement.

MediaTek has also alleged contributory infringement and active inducement against Freescale for each of the patents, and has pursued extensive financial discovery from Freescale and from third-parties to support such allegations. See, e.g., Dkt. Nos. 139-3 at 1, 139-5 at 9 (seeking extension of fact discovery to obtain financial documents from Motorola Mobility LLC); Dkt. Nos. 85 at 1, 85-1, passim (noticing subpoenas served on fifteen third-parties seeking financial information and documents). Like MediaTek's allegations of direct infringement, these claims also attach to Freescale's activities outside of the United States. Thus, the indirect infringement claims will also require complex geographical assessments and accountings.

Moreover, like its willfulness contentions, MediaTek's contributory and induced infringement allegations will require MediaTek to prove that Freescale had notice of the patents in suit and that Freescale had the specific intent to contribute to or actively induce infringement.

Finally, the witnesses and the evidence presented in connection with the damages case will be different than what is presented in the liability phase of the case. The parties will use damages experts for the damages phase of the trial that will not need to testify on liability. The financial evidence necessary for the damages determination, such as the volumes of sales, transaction details, revenue, cost, and margin, will also not need to be presented during the

liability case.

Accordingly, given the separateness of the damages and liability proofs and the number and complexity of the liability and damages issues, bifurcation of trial of liability from damages is warranted.  See Yamaha Hatsudoki Kabushiki Kaisha v. Bombardier, No. SA CV 00-549 DOC (EEx), 2001 U.S. Dist. LEXIS 10738, at *9, *10-11 (C.D. Cal. May 4, 2001) (granting motion to bifurcate trial of liability from damages and stating, "Bifurcation, while perhaps not routine, is nonetheless common in patent litigation."); Amylin Pharms. V. Univ. of Minn., No. 96cv2061 JM (POR), 1998 U.S. Dist. LEXIS 5651, at *5 (S.D. Cal. Jan. 13, 1998) (granting motion to bifurcate liability from damages, in part, due to complexity of damages issues).

Freescale does not believe that any basis exists for bifurcating discovery of liability and damages issues.   Fact discovery has closed, expert discovery is closing, and MediaTek has already taken ample discovery related to both liability and damages issues.

## IV.   POST-CLAIM CONSTRUCTION DISCOVERY

### A.   MediaTek's Position

Barring unforeseen events and excluding customary supplementation, fact discovery is substantially complete.  The only remaining fact discovery issue is the small production of four documents that the Court directed MediaTek to complete by October 17, 2013.  See Dkt. No. 280. MediaTek expects that expert discovery will close on the deadline set forth in the parties' Joint Motion to Extend the Deadline for Expert Discovery and Dispositive and Daubert Motions.  Dkt. No. 281.

### B.   Freescale's Position

On October 10, 2013, the Court granted Freescale's motion to compel the production of documents relating to MediaTek's acquisition of the '753 patent.  (See Dkt. No. 280 at 10.) MediaTek withheld these documents, along with associated testimony from its witnesses about the patent acquisition process, as privileged.  Accordingly, upon production of these documents Freescale may seek further discovery related to the content of these non-privileged documents and the patent acquisition process itself.

1

2   **V.   OTHER PRETRIAL MATTERS**

3       **A.   MediaTek's Position**

4       MediaTek is not aware of any other pretrial matters at this time.  Other than the deadline

5   for Dispositive and *Daubert* motions addressed Dkt No. 281, MediaTek opposes Freescale's

6   proposal to rewrite the pretrial schedule below.  Freescale has identified no legitimate reason to

7   deviate from the scheduled February 10, 2014 trial date that the parties have been diligently

8   working towards.

9       As an initial matter, and despite the Court's direction at the August 19, 2013 hearing that

10  the parties were to consult one another on pre-trial matters, Freescale failed to meet-and-confer

11  with MediaTek in advance of proposing the extended schedule it requests below.  As a result,

12  Freescale's request to extend the trial schedule in this case came as a complete surprise to

13  MediaTek when Freescale submitted its half of this joint statement.

14      Substantively, Freescale's request has no merit.  Freescale's four bullet points all relate to

15  events that have occurred in the past, have now been successfully completed, and have no going-

16  forward implications for the remaining deadlines in this case.  Freescale's final argument, relating

17  to Dkt. No. 281, reflects ***Freescale's*** inability to complete depositions by the existing deadline.

18  Specifically, MediaTek will have completed its depositions of all of Freescale's experts by the

19  current October 18 deadline.  Moreover, MediaTek offered dates for all of its own experts within

20  that current deadline.  Freescale, however, refused to take the deposition of MediaTek's expert,

21  Charles Narad, on the initially offered dates of October 17 and 18 because its counsel claimed it

22  was unable to conduct depositions in parallel.  Freescale should not be permitted to change the

23  trial schedule in this case – which MediaTek, its counsel, and this Court have had set on their

24  calendars for more than a year – merely because MediaTek accommodated that request as a

25  matter of professional courtesy.  Altering the expert schedule by three business days for one

26  deposition, and accommodating Freescale's demand to similarly extend dispositive and *Daubert*

27  motions as a result, would have no affect at all on the remaining case deadlines and is no basis to

28  change the trial date for this case.

**B.      Freescale's Position**

In response to the Court's request, Freescale proposes the schedule set forth below for the deadlines leading up to trial.  Freescale circulated its proposal to MediaTek at the initial exchange on October 14, 2013.

Previous modifications to the schedule have shifted certain events three weeks forward or more:

- The fact discovery deadline for Freescale to take the depositions of certain MediaTek witness was extended from July 19, 2013, to August 16, 2013;

- The deadline for initial expert disclosures and reports was extended from August 2, 2013, to August 23, 2013;

- The deadline for the rebuttal expert disclosures and reports was extended from September 6, 2013, to September 27, 2013;

- The Court extended the deadline to complete fact discovery from non-party Motorola Mobility LLC from July 19, 2013, to September 11, 2013, and then from September 11, 2013, to October 11, 2013.

The parties have also jointly moved for an extension of the deadline for Dispositive and Daubert motions to November 5, 2013.

Freescale's proposed modification of the pretrial schedule is appropriate in view of the movement of previous scheduling deadlines, as summarized above, and the upcoming holidays. The modified schedule would shift the remaining dates a commensurate amount of time as the previous dates have been shifted and would provide the Court and the parties sufficient time to prepare for trial.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Dispositive and Daubert motions due | October 29, 2013 | November 5, 2013 |
| Deadline to exchange proposed motions in limine | December 20, 2013 | January 17, 2014 |
| Deadline to exchange exhibits and exhibits lists | December 20, 2013 | January 17, 2014 |
| Deadline to meet and confer | January 3, 2014 | January 31, 2014 |

| | | |
|---|---|---|
| regarding Joint PreTrial Conference Statement | | |
| Joint Pretrial Conference Statement due | January 10, 2014 | February 7. 2014 |
| Motions <u>in limine</u> due | January 10, 2014 | February 7. 2014 |
| Oppositions to motions <u>in limine</u> due | January 15, 2014 | February 12, 2014 |
| Deadline for pretrial filings and submission of Joint Trial Readiness Binder and Motions <u>in Limine</u> Binder | January 24, 2014 | February 21, 2014 |
| Final pretrial conference | January 24, 2014 | February 21, 2014 |
| Deadline to submit three sets of trial exhibits | February 7, 2014 | March 7, 2014 |
| Commencement of jury trial | February 10, 2014 | March 10, 2014 |

## VI.     THE STATUS OF SETTLEMENT DISCUSSIONS

### A.     MediaTek's Position

The parties discussed Alternative Dispute Resolution during the Rule 26(f) conference[1] and participated in private mediation on October 10, 2013.  Despite these efforts, no agreement has been reached.  The parties continue to discuss possible resolution of this case short of trial.

### B.     Freescale's Position

The parties participated in a mediation before The Honorable James Ware (Former Judge) on October 10, 2013.  Freescale was represented by principals with full settlement authority. They were Changhae Park, Vice President of IP Licensing, Lee Chastain, Director of IP Licensing, and Pete Roossien, Chief Litigation Officer.  The parties have also previously met on several occasions to discuss the resolution of this case and related litigations.  At present, the parties have been unable to resolve this dispute.

Dated:  October 15, 2013                              Respectfully submitted,

---

[1] MediaTek filed its ADR Certification on February 13, 2012 (Dkt. No. 31) and filed the parties' Stipulation and [Proposed] Order Selecting ADR Process on February 21, 2012 (Dkt. No. 33).  Freescale filed its ADR Certification on March 7, 2012 (Dkt. No. 35).  Copies of the above documents were forwarded to the ADR Unit.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEDIATEK INC.

By its attorneys,

*/s/ Keith L. Slenkovich*
Keith L. Slenkovich (SBN 129793)
  Keith.Slenkovich@wilmerhale.com
Joseph F. Haag (SBN 248749)
  Joseph.Haag@wilmerhale.com
Christopher A. Franklin (SBN 272587)
  Christopher.Franklin@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (pro hac vice)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

James M. Dowd (SBN 259578)
  James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Dated:  October 15, 2013

FREESCALE SEMICONDUCTOR, INC.

By its attorneys,

*/s/ Alexander J. Hadjis*
ALEXANDER J. HADJIS (pro hac vice)
  AHadjis@mofo.com
JOSHUA A. HARTMAN (pro hac vice)
  JHartman@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500

Facsimile: (202) 887-0763

RUDY Y. KIM (CA SBN 199426)
  RudyKim@mofo.com
ALAN COPE JOHNSTON (CA SBN 66334)
  ACJohnston@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

1

2        I, Michael P. Wickey, do hereby attest that on October 15, 2013, I obtained the

3  concurrence of Alexander Hadjis, counsel for defendant Freescale Semiconductor, Inc., to file

4  this document on behalf of both parties.

5  Dated:  October 15, 2013                    ___/s/ Michael P. Wickey_____
                                              Michael P. Wickey (SBN 216338)
6                                               Michael.Wickey@wilmerhale.com
                                              WILMER CUTLER PICKERING
7                                                 HALE AND DORR LLP
8                                              950 Page Mill Road
                                              Palo Alto, CA 94304
9                                              Telephone: (650) 858-6000
                                              Facsimile: (650) 858-6100
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28