CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

WILMERHALE

October 18, 2013

**Keith Slenkovich**

+1 650 858 6110 (t)
+1 650 858 6100 (f)
keith.slenkovich@wilmerhale.com

The Honorable Yvonne Gonzalez Rogers
U.S. District Court Judge
Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA  94612

Re:  *MediaTek Inc. v. Freescale Semiconductor, Inc.*, **Case No. 4:11-cv-05341 (YGR)**

Dear Judge Gonzalez Rogers:

MediaTek Inc. ("MediaTek") respectfully opposes Freescale Semiconductor, Inc.'s ("Freescale's") request for leave to file summary judgment motions (Dkt. No. 282).  Engaging in a summary judgment process on the matters identified in Freescale's request would waste Court and party resources, as highlighted by Freescale's request for expanded briefing limits, because each matter raises substantial questions of disputed fact.

## I.     The '331 Patent

### A.     The Accused Products Infringe Claim 11

Freescale's suggestion that the accused products do not practice claim 11 of U.S. Patent No. 6,889,331 ("the '331 patent") is incorrect, and this claim is not susceptible to resolution on summary judgment, for at least two reasons.  First, Freescale ignores that the Court construed "plurality of registers" to mean a "plurality of circuits capable of storing one or more bits."  The evidence of MediaTek and its expert, Charles Narad, is that Freescale's accused chips practice this element because they store at least two separate bits in at least two separate circuits.  (*See* Expert Report of Charles Narad Regarding Infringement of U.S. Patent No. 6,889,331 ("Narad Report"), Ex. C-1 at 29: "The two FSVAI bits are a plurality of circuits capable of storing one or more bits.").  Freescale disputes this fact, but that is a question for the jury to decide.

Second, contrary to Freescale's assertions, the two bit-wide registers that store the FSVAI bits in the accused chips *do* store information indicating the clock frequency requirement.  MediaTek's expert demonstrated that a clock frequency requirement is stored in the two FSVAI bits.  (Narad Report, Ex. C-1 at 34: "As described above, FSVAI is a two-bit encoded value that indicates that a frequency change is required ('clock frequency requirement').")  This is (once again) a dispute of fact not susceptible to summary judgment.

### B.     The i.MX31, i.MX35, and i.MX50 Infringe Claim 35

The parties have a similar fact dispute over whether the i.MX31, iMX35, and i.MX50 contain a "power supply" as recited in '331 patent claim 35.  Freescale argues that, because these chips do

CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

**WILMERHALE**

October 18, 2013
Page 2

not include a Power Management IC ("PMIC"), they do not satisfy the "power supply" limitation. MediaTek disagrees. As MediaTek's expert has demonstrated, these products are specifically designed for use with a PMIC that generates a variable voltage. (Narad Report, Ex. C-1 at 39-41.) The PMIC delivers its variable voltages to an on chip power pin, which is itself a power supply adapted to provide that variable voltage level to the internal components of the chips. Because claim 35 requires only a power supply "adapted to provide" a voltage – not one that generates the voltage – claim 35 does not require an on chip PMIC. Because the parties dispute the facts of what constitutes a "power supply," summary judgment is not appropriate.

## II. The '845 Patent

### A. The i.MX6 Infringes Claims 1, 2, and 5

Freescale argues that, as a matter of *fact*, its accused i.MX6 products lack claim 1's "first arbitration unit . . . configured and arranged to arbitrate among at least the first data processing subsystem, the second data processing subsystem, and the DMA subsystem." This factual assertion is hotly disputed. As MediaTek's technical expert, Dr. Krste Asanovic, demonstrated in his report, REDACTED Dr. Asanovic has demonstrated, in other words, that the i.MX6 in *fact* practices this disputed element of claim 1. Who is correct is, once again, a dispute of fact for the jury.

### B. The i.MX51 and i.MX53 Infringe Claims 21, 22, and 25

Freescale's assertion that the i.MX51 and i.MX53 do not infringe '845 patent claims 21, 22, and 25 again presents a classic dispute of fact. Freescale's factual assertion is that the ARM core and IPU masters in these chips cannot issue requests at the same priority to the same slave subsystem. Freescale's own documentation demonstrates that the contrary is true: these chips have a dynamic priority feature where the ARM and IPU masters issue requests at the same priority to the same slave. As MediaTek's expert has explained, for example, Section 49.2.9 of the i.MX53 Reference Manual is entitled "Arbitration Scheme when Masters Have *Same Priority*." This section shows that a dynamic arbitration scheme is used for a slave element called the M4IF – a slave to which the ARM and IPU are both masters. (*See* Asanovic Report, Ex. D-1 at 25). The manual explains how the chips operate when two or more masters to the M4IF—including the ARM and IPU— issue requests that "are the same value." (*Id.*, citing i.MX53 Reference Manual at 3467-3468.) Contrary to Freescale, this demonstrates that the ARM and IPU in the accused chips can issue requests at the same priority to a slave subsystem.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

**WILMERHALE**

October 18, 2013
Page 3

REDACTED

Because these facts are disputed, summary judgment is not appropriate.

### III. Accused Products Incorporated in Kindle E-Readers Are Sold in the United States

Freescale's Kindle argument again presents a classic fact dispute. Contrary to Freescale's argument, Freescale's infringing acts with regard to chips incorporated in Amazon's Kindle *do* occur in the United States. As MediaTek's expert, Cathy Lawton, demonstrates in her report, REDACTED Freescale's own documents confirm REDACTED Freescale's Rule 30(b)(6) testimony confirmed REDACTED This testimony also confirmed REDACTED Freescale's email production likewise confirms REDACTED Freescale's infringing acts thus occur within the United States.

In addition, Freescale has indirectly infringed the patents-in-suit by REDACTED As Freescale's email production shows, REDACTED Thus, Freescale's assertion that its accused chips incorporated in Kindle products do not infringe is simply mistaken, and unsuitable for resolution on summary judgment.

### IV. MediaTek Is Entitled to Injunctive Relief

As with the issues discussed previously, this issue is wholly inappropriate for summary judgment. Freescale states simply that MediaTek has shown no evidence of competition with the Freescale accused products, which is merely *one* of the factors to be considered in determining whether to grant injunctive relief. Even as to this single factor, as Freescale has known since July 8, 2013, MediaTek and Freescale are competitors in the eReader market, including between the Freescale i.MX6 product and the MediaTek MT8135 product.

Accordingly, MediaTek requests that the Court deny Freescale leave to move for summary judgment on these issues.

CONTAINS CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

WILMERHALE

October 18, 2013
Page 4


Very truly yours,


*/s/Keith L. Slenkovich*
Keith L. Slenkovich