HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1    Keith L. Slenkovich  (SBN 129793)
       Keith.Slenkovich@wilmerhale.com
2    Joseph F. Haag  (SBN 248749)
       Joseph.Haag@wilmerhale.com
3    WILMER CUTLER PICKERING
       HALE AND DORR LLP
4    950 Page Mill Road
     Palo Alto, CA  94304
5    Telephone:  (650) 858-6000
     Facsimile:   (650) 858-6100
6
7    William F. Lee (*pro hac vice*)
       William.Lee@wilmerhale.com
     WILMER CUTLER PICKERING
8      HALE AND DORR LLP
     60 State Street
9    Boston, MA  02109
     Telephone:  (617) 526-6000
10   Facsimile:   (617) 526-5000

11   James M. Dowd  (SBN 259578)
       James.Dowd@wilmerhale.com
12   WILMER CUTLER PICKERING
       HALE AND DORR LLP
13   350 S. Grand Avenue, Suite 2100
     Los Angeles, CA  90071
14   Telephone:  (213) 443-5300
     Facsimile:   (213) 443-5400
15
     *Attorneys for Plaintiff* MEDIATEK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MEDIATEK INC.<br><br>Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>Defendant. | **Civil Action No.  4:11-cv-05341 (YGR)**<br><br>**MEDIATEK INC.'S MOTION TO STRIKE IMPROPER EXPERT OPINIONS OF DR. FRANK VAHID**<br><br>Hon. Yvonne Gonzalez Rogers<br>Hearing Date:     December 10, 2013<br>Time:                   2:00 p.m.<br>Courtroom:         5<br><br>**DEMAND FOR JURY TRIAL** |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

# NOTICE OF MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on December 10, 2013, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of the above entitled court, located at United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Plaintiff MediaTek Inc. ("MediaTek") will and hereby does move the Court pursuant to Patent Local Rule 3-3 for the Northern District of California and Federal Rules of Civil Procedure 26 and 37 for an Order striking untimely and improper opinions in the Opening and Rebuttal Expert Reports of Dr. Frank Vahid concerning the invalidity of United States Patent Nos. 6,088,753, 6,738,845, and 6,889,331, as well as non-infringing alternatives to United States Patent No. 6,088,753.

This Motion is based upon the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of James Dowd, the exhibits attached thereto, the [Proposed] Order filed concurrently herewith, the records and files in this action, and any other matters of which this Court may take judicial notice.

## STATEMENT OF REQUESTED RELIEF

Pursuant to Patent Local Rule 3-3 and Federal Rules of Civil Procedure 26 and 37, MediaTek seeks an order striking Dr. Frank Vahid's untimely and improper expert opinions concerning the invalidity of United States Patent Nos. 6,088,753, 6,738,845, and 6,889,331, as well as non-infringing alternatives to United States Patent No. 6,088,753.

Dated: November 5, 2013

Respectfully submitted,

MEDIATEK INC.

By their attorneys,

*/s/ James M. Dowd*
Keith L. Slenkovich (SBN 129793)
Keith.Slenkovich@wilmerhale.com
Joseph F. Haag (SBN 248749)
Joseph.Haag@wilmerhale.com

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee (*pro hac vice*)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

James M. Dowd  (SBN 259578)
  James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

*Attorneys for Plaintiff* MEDIATEK INC.

4:11-cv-05341 (YGR)　　　　ii　　　MEDIATEK'S MOTION TO STRIKE IMPROPER EXPERT OPINIONS

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   INTRODUCTION ..................................................................................................................... 1

II.  BACKGROUND ....................................................................................................................... 2

     A.   Freescale's Patent L.R. 3-3 Invalidity Contentions ................................................. 2

     B.   Freescale's Expert Reports ........................................................................................ 3

III. ARGUMENT ............................................................................................................................. 4

     A.   Dr. Vahid's New Opinions On The '753 Patent ....................................................... 4

     B.   Dr. Vahid's New Opinions On The '845 Patent ....................................................... 7

     C.   Dr. Vahid's New Opinions On The '331 Patent ....................................................... 7

IV.  CONCLUSION ......................................................................................................................... 9

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ACCO Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.*,
　592 F.Supp.2d 1208 (N.D. Cal. 2008) ..................................................................................1, 2

*Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*,
　2007 WL 2103896 (N.D. Cal., Jul. 20, 2007) ............................................................................4

*Baxter Healthcare Corp. v. Spectramed, Inc.*,
　49 F.3d 1575 (Fed. Cir. 1995) ....................................................................................................5

*Ecolab, Inc. v. Paraclipse, Inc.*,
　285 F.3d 1362 (Fed. Cir. 2002) ..................................................................................................6

*Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*,
　2006 WL 1329997 (N.D.Cal., 2006) .....................................................................................4, 5

*Funai Elec. Co., Ltd. v. Daewoo Electronics Corp.*,
　593 F.Supp.2d 1088 (N.D. Cal. 2009), *aff'd*, 616 F.3d 1357 (Fed. Cir. 2010) ......................1, 2

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
　279 F.3d 1357 (Fed. Cir. 2002) ..................................................................................................5

**STATUTES**

35 U.S.C. § 103 ................................................................................................................................7

35 U.S.C. § 112(1) .......................................................................................................................1, 3

**OTHER AUTHORITIES**

Patent L.R. 3-3 ....................................................................................................................... *passim*

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## I.     INTRODUCTION

This case seeks to remedy Freescale Semiconductor, Inc.'s ("Freescale's") infringement of U.S. Patent Nos. 6,088,753 ("the '753 patent"); 6,738,845 ("the '845 patent"); and 6,889,331 ("the '331 patent").  Pursuant to Patent L.R. 3-3 and the Court's scheduling order, Freescale was required to identify every prior art reference that it would rely upon to assert an invalidity defense, chart "where specifically in each alleged item of prior art each limitation of each asserted claim is found," and state "[a]ny grounds of invalidity based on … written description under 35 U.S.C. § 112(1)" on or before May 25, 2012.  (Patent L.R. 3-3; Dkt. No. 37.)  Any invalidity theory not disclosed in compliance with these rules was waived.  *ACCO Brands, Inc. v. PC Guardian Anti-Theft Products, Inc.*, 592 F.Supp.2d 1208, 1215-16 (N.D. Cal. 2008) (granting patentee summary judgment and dismissing accused infringer's invalidity challenges because it failed to serve invalidity contentions) ("Fellowes is barred from raising an invalidity claim at this stage in the proceeding."); *see also Funai Elec. Co., Ltd. v. Daewoo Electronics Corp.*, 593 F.Supp.2d 1088, 1102 (N.D. Cal. 2009), *aff'd*, 616 F.3d 1357 (Fed. Cir. 2010) ("[T]o the extent that Daewoo presents an entirely new ground for arguing that claims 1, 3, and 4 are indefinite, based on the doctrine of claim differentiation, that argument is waived by Daewoo's failure to include this theory in its invalidity contentions, as required under the Patent Local Rules.").

Despite these clear rules, the reports of Freescale's expert, Dr. Frank Vahid, offer numerous opinions on references and theories that Freescale never revealed in its contentions. The Rebuttal Expert Report of Dr. Frank Vahid ("Rebuttal Report"), for example, opines that REDACTED Freescale's L.R. 3-3 contentions never once mention Okazawa for any purpose, however, and certainly fail to chart "where specifically [in Okazawa] each limitation of each asserted claim is found."  (*Id.* Ex. 2.) Similarly, the Opening Report of Dr. Frank Vahid ("Opening Report") opines that claim 35 of the '331 patent "fails to satisfy the written description requirement under 35 U.S.C. § 112, ¶ 1…."  (*Id.* Ex. 3 ¶¶ 183-196.)  But, Freescale's L.R. 3-3 contentions do not state the same

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

written description challenge to claim 35. (*Id.* Ex. 2.) Freescale should not be permitted to engage in trial by ambush. These and Dr. Vahid's numerous other surprise opinions should be stricken. *See ACCO Brands*, 592 F.Supp.2d at 1215-16; *Funai*, 593 F.Supp.2d at 1102, *aff'd*, 616 F.3d 1357.

## II. BACKGROUND

### A. Freescale's Patent L.R. 3-3 Invalidity Contentions

Freescale served its L.R. 3-3 invalidity contentions on May 25, 2012. On September 4, 2013, Freescale was denied leave to amend these contentions because it failed demonstrate good cause (among other reasons). (Dkt. No. 232.) Freescale's resulting L.R. 3-3 contentions fail to disclose any of the following invalidity theories:

**'753 Contentions**

1. No disclosure of U.S. Patent No. 5,483,642 to Okazawa et al. ("Okazawa") for any purpose (*see* Dowd Decl. Ex. 2 Ex. A);

2. No disclosure that Figure 1-4 of the MC88410 – Secondary Cache Controller User's Manual ("MC88410 Manual") could teach the "bus arrangement" or "first address transaction" / "second address transaction" limitations of asserted claim 2 (*see id.* A-5);

**'845 Contentions**

3. No disclosure that Figure 5 of Bhuyan et al., *Performance of Multiprocessor Interconnection Networks* ("Bhuyan") could teach any limitation of any asserted claim (*see id.* D-4, D-5);

4. No disclosure that Bhuyan could teach the additional element of asserted claim 5 of U.S. Patent No. 6,738,845 (the "'845 patent") (*see id.* D-4 at 52; Ex. D-5);

5. No disclosure that Figure 1A of U.S. Patent No. 5,828,856 to Bowes *et al*. ("Bowes856") teaches the "wherein the DMA subsystem is configured and arranged …" limitation of claim 1 (*see id.* Ex. D-4 at 51-52; Ex. D-2; Ex. D-3; Ex. D-6; Ex. D-7).

**'331 Contentions**

6. No disclosure that Figure 7 of E.P. Patent No. 0,991,191 to Houston ("Houston") could teach any element of any asserted claim (*see id.* Ex. C-11, Ex. C-9, Ex. C-10);

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

7.  No disclosure that any of Houston's instruction handler 30, logic component 32, or control interfaces 38 could constitute "components" as recited in asserted claim 11 (*see id.* Ex. C-11 at 78-79; Ex. C-9; Ex. C-10);

8.  No disclosure that Houston's "logic component 12" could teach the "clock frequency requirement" of claims 11 and 35 (*see id.* Ex. C-11 at 81-82; Ex. C-9; Ex. C-10);

9.  No disclosure that CPU 13 in U.S. Patent No. 6,311,287 to Dischler *et al*. ("Dischler") connects a "a dynamic power controller" to "the power supply" as recited in asserted claim 35 (*see id.* Ex. C-7 at 46-47); or

10. No disclosure that claim 35's "dynamic power controller" limitation lacks written description support under 35 U.S.C. § 112, ¶ 1 (*see id.* at 24-27).

### B.   Freescale's Expert Reports

Despite Freescale's failure to disclose any of the foregoing invalidity arguments in its L.R. 3-3 contentions, Freescale has now served reports from its expert, Dr. Vahid, purporting to advance every one of these brand-new prior art references and invalidity theories. In particular, Dr. Vahid's Opening Report asserts each of the new theories 2-10 above. And, perhaps most egregiously, REDACTED

A chart comparing the disclosure of Freescale's L.R. 3-3 contentions against these new theories set forth in Dr. Vahid's expert reports is attached for the Court's convenience as Attachment A to this brief.

MediaTek wrote to Freescale on October 2 and again on October 25 identifying these improper new theories and requesting that they be withdrawn. (Dowd Decl. Exs. 4, 5.) Freescale has consistently refused, indicating instead that it intends to present these surprise theories to the jury through the opinion testimony of Dr. Vahid.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## III. ARGUMENT

Patent L.R. 3-3(c) required Freescale to serve invalidity contentions "identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found." These disclosure requirements exist "to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, 2006 WL 1329997 at *4 (N.D. Cal., 2006) (citations omitted). "The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Id.* Any invalidity theories *not* disclosed pursuant to L.R. 3-3 are, accordingly, barred from presentation at trial (whether through expert opinion testimony or otherwise). *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 WL 2103896 (N.D. Cal., Jul. 20, 2007); *aff'd* 2007 WL 2433386 at *1 (N.D. Cal., Aug. 22, 2007).

As demonstrated in the chart attached as Attachment A, Freescale's Patent L.R. 3-3 contentions fail to state any of the eleven new invalidity theories identified in Part II(A) above. Freescale's expert, Dr. Vahid, is thus barred from presenting these new theories at trial, and they should be stricken from his reports.

### A. Dr. Vahid's New Opinions On the '753 Patent

#### 1. New Okazawa Opinions in Dr. Vahid's Rebuttal Report

Freescale has been aware of Okazawa from the outset of this case. Okazawa is cited on the face of the '753 patent, was substantively considered by the Patent Office during the prosecution of the '753 patent's parent application, and was even affirmatively raised by Freescale during the claim construction hearing in this case. (Dkt. No. 50 13-14; Dkt No. 52 ¶¶ 86-88.) Despite complete awareness of Okazawa, Freescale chose not to disclose *any* invalidity theory based on this purported prior art reference in its L.R. 3-3 contentions. In addition, Dr. Vahid's Opening Report on invalidity similarly makes *no* mention of Okazawa for any purpose. MediaTek thus rightly understood that Okazawa would not be a part of the invalidity contentions in this case.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Nevertheless, Dr. Vahid's Rebuttal Report—a report that is not supposed to address validity at all, and to which MediaTek has no right of REDACTED

REDACTED Freescale's ambush tactics violate both the plain language of Patent L.R. 3-3, requiring that a party specifically identify each prior art reference in its contentions, and the principles behind the rule, requiring the parties "to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Fresenius*, 2006 WL 1329997 at *4. REDACTED MediaTek would be severely and unfairly prejudiced. Because Freescale never included this theory in its contentions, and Dr. Vahid first disclosed this theory in his Rebuttal Report, paragraphs 38-43 of the Rebuttal Report setting forth this untimely opinion should be stricken.

    2. REDACTED

Dr. Vahid also improperly asserts in his Rebuttal Report, that, REDACTED

Dr. Vahid's opinion here is improper and should be stricken for at least two reasons.

First, as the Federal Circuit has repeatedly held, REDACTED

1. REDACTED
2. 
3. 
4. 
5. REDACTED
6. 
7. 
8. Second, REDACTED
9. 
10. As described previously, there was no disclosure of Okazawa in either Freescale's L.R. 3-3 contentions or Dr. Vahid's Opening Report. Furthermore, the Court has previously held that Lambrecht, which Freescale sought to introduce through an amendment to its contentions, is not a prior art reference in this litigation. (Dkt. No. 232 at 7-11.) Because Freescale did not disclose Okazawa or Lambrecht in its L.R. 3-3 contentions, Dr. Vahid's opinions about these references in paragraphs 55, 66, 77, 92, 98, and 107 of his Rebuttal Report should be stricken.

### 3. New MC88410 Opinion in Dr. Vahid's Opening Report

Freescale also launched a new invalidity theory based on the MC88410 User Manual for the first time in Dr. Vahid's Opening Report. Claim 2 of the '753 patent recites performing "a first address transaction" and "a second address transaction" between various components. Freescale's L.R. 3-3 contentions cite only to Figure 1-3 of the MC88410 User Manual as supposedly showing these limitations. (Dowd Decl. Ex. 2, Ex. A-5 at 15-16.) Dr. Vahid's Opening Report, by contrast, for the first time contends that Figure 1-4 supposedly discloses these limitations. (*See* Dowd Decl. Ex. 3 ¶ 71; *id.* Ex. C-4 at 15-19.) Because Freescale is not permitted to switch its invalidity theory to a different figure for the first time in expert reports, *see* Patent L.R. 3-3(c), the opinions set forth at paragraph 71, as well as at pages 15 through 19 of Exhibit C-4 to the Opening Report should be stricken.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

### B.   Dr. Vahid's New Opinions on the '845 Patent

Dr. Vahid's Opening Report with respect to the '845 patent, which relies solely on obviousness arguments under 35 U.S.C. § 103, likewise presents brand new theories of invalidity. In particular, Dr. Vahid presents three different combinations of references, combining supposed features of individual prior art references never previously identified, in ways not disclosed in Freescale's L.R. 3-3 contentions.

*First*, Exhibits D-3 and D-4 of Dr. Vahid's Opening Report, which purport to combine Bhuyan with various additional references, extensively rely on Figure 5 from Bhuyan as the basis for Dr. Vahid's obviousness opinion with respect to numerous '845 claim limitations. (Dowd Decl. Ex. 3 ¶ 98; *id.*, Exs. D-3 at 31-46, D-4 at 47-60.) Freescale's L.R. 3-3 contentions, however, never once mention Bhuyan's Figure 5 in conjunction with *any* '845 claim limitation.

*Second*, Exhibit D-1 also cites the Bhuyan reference as supposedly disclosing the additional limitations of '845 patent claim 5 (which depends on claim 1). (*Id.* ¶ 100, Ex. D-1 at 14-15.) But, once again, Freescale's L.R. 3-3 contentions never assert Bhuyan against '845 claim 5.

*Third*, Exhibit D-1 of Dr. Vahid's Opening Report, directed to a proposed combination of Bhuyan with Bowes856, states the opinion that the "prior art fly-by DMA scheme" of Bowes856 Figure 1A satisfies the "wherein the DMA subsystem is configured and arranged" limitation of '845 claim 1. (Dowd Decl. Ex. 3 ¶ 105; *id.* Ex. D-1 at 14.) This theory is entirely absent from Freescale's L.R. 3-3 contentions, which never identify Figure 1A of Bowes856 for any purpose (much less in conjunction with the claim 1's "DMA subsystem" limitation).

Accordingly, Dr. Vahid's opinions at paragraphs 98, 100, and 105, as well as at Ex. D-1, pages 14-15, Ex. D-3, pages 31-46, and Ex. D-4, pages 47-60 should be stricken.

### C.   Dr. Vahid's New Opinions on the '331 Patent

Dr. Vahid's opinions regarding the '331 patent suffer from similar flaws, seeking support from references that were not sufficiently disclosed in Freescale's Invalidity Contentions, and, in the final paragraphs of his report, offering a brand new opinion concerning the adequacy of the '331 patent's written description.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

*First,* in Exhibit E-6, alleging that Houston anticipates claim 11, Dr. Vahid identifies the instruction handler 30, logic component 32, and control interfaces 38 as the "components." (Dowd Decl. Ex. 3 ¶ 153; *id.* Ex. E-6 at 73-75.) In contrast, Freescale's L.R. 3-3 contentions for Houston do not disclose ***any*** of instruction handler 30, logic component 32, or control interface 38 in connection with this limitation.

*Second*, Exhibit E-6 also states new anticipation theories based on Houston's Figure 7 as allegedly anticipating claims 11 and 35—and in particular the "controller" and "dynamic power controller" limitations of these claims. (*Id.* Ex. E-6 at 75-76, 80-86.) Freescale's L.R. 3-3 contentions do not disclose these theories, however, instead citing solely to a portion of the specification that discusses Houston's Figure 6. (Dowd Decl. Ex. 2, Ex. C-11 at 77-82.)

*Third*, in Exhibit E-6, with respect to Houston's alleged anticipation of claim 35, Dr. Vahid opines for the first time that the transistors connected to V1 and V2 in the Figure 7 embodiment of the Houston reference comprise the "power supply." (Dowd Decl. Ex. 3, Ex. E-6 at 75-76, 80-86.) Freescale's invalidity contentions, however, cite solely to portions of Houston that describe the Figure 6 embodiment, which makes no mention of voltages. (Dowd Decl. Ex. 2, Ex. C-11 at 80-82.)

*Fourth*, in Exhibit E-6, Dr. Vahid also relies for the first time on Houston's logic component 12 for determining the clock frequency requirement. (Dowd Decl. Ex. 3 ¶ 154; *id.*, Ex. E-6 at 83-85.) Freescale's invalidity contentions, by contrast, point solely to Figure 6, which describes the control interface. (Dowd Decl. Ex. 2, Ex. C-11 at 81-82.)

*Fifth,* Exhibit E-6 also relies on the Figure 7 embodiment of Houston for the voltage-related limitations of claims 11(c) and 35(e)-(f). (Dowd Decl. Ex. 3, Ex. E-6 at 75-76, 83-86.) Again, there is no mention of Figure 7 in Freescale's L.R. 3-3 contentions regarding Houston's supposed anticipation of the '331 patent.

*Sixth*, in Exhibit E-5, with respect to the allegation that Dischler supposedly anticipates claim 35, Dr. Vahid opines that Dischler discloses a dynamic power controller (DPC) that is connected to a power supply through CPU 13. (Dowd Decl. Ex. 3 ¶ 150; *id.* Ex. E-5 at

67-69.)  Freescale's invalidity contentions, however, make no such disclosure, and fail to provide any citation whatsoever regarding how the DPC is supposedly connected to the power supply.

*Finally*, Dr. Vahid argues for the first time in paragraphs 183-196 of his Opening Report that the '331 patent's written description fails to support claim 35's dynamic power controller limitation.  (Dowd Decl. Ex. 3 ¶¶ 183-196.)  Freescale's invalidity contentions failed to disclose any such theory.

Accordingly, paragraphs 150, 153, 154, and 183 through 196, as well as pages 67-69, pages 73-76, and pages 80-86 of Exhibit E of Dr. Vahid's Opening Report should be stricken.

## IV.   CONCLUSION

Accordingly, MediaTek respectfully requests that this Court strike the opinions described above from Dr. Vahid's Opening and Rebuttal Expert Reports.

Dated:  November 5, 2013

Respectfully submitted,
MEDIATEK INC.
By their attorneys,

*/s/  James M. Dowd*

Keith L. Slenkovich  (SBN 129793)
   Keith.Slenkovich@wilmerhale.com
Joseph F. Haag  (SBN 248749)
   Joseph.Haag@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (*pro hac vice*)
   William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

James M. Dowd  (SBN 259578)
   James.Dowd@wilmerhale.com

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:   (213) 443-5400

*Attorneys for Plaintiff* MEDIATEK INC.