Keith L. Slenkovich (SBN 129793)
  Keith.Slenkovich@wilmerhale.com
Joseph F. Haag (SBN 248749)
  Joseph.Haag@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (*pro hac vice*)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

James M. Dowd (SBN 259578)
  James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Plaintiff* MEDIATEK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MEDIATEK INC.<br><br>        Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>        Defendant. | Civil Action No. 4:11-cv-05341 (YGR)<br><br>**DECLARATION OF MH SHIEH IN SUPPORT OF FREESCALE SEMICONDUCTOR INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**DEMAND FOR JURY TRIAL** |

I, MH Shieh, declare as follows:

1. I am an employee of MediaTek Inc. ("MediaTek"), plaintiff in the above-captioned matter. My current job title is Special Assistant to the General Manager. I submit this declaration in support of Freescale Semiconductor Inc.'s ("Freescale") Administrative Motion to File Under Seal Freescale's Motion for Summary Judgment ("Administrative Motion") pursuant to Local Rules 7-11 and 79-5. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so competently.

2. Freescale's Administrative Motion seeks to have filed under seal confidential, unredacted versions of Freescale's Separate Statement of Undisputed Material Facts in Support of Freescale's Motion for Summary Judgment ("Freescale's Statement"), and Exhibit 30 to Freescale's Motion for Summary Judgment. Freescale's Statement and Exhibit 30 contain information concerning MediaTek's acquisition of the patents-in-suit and MediaTek's competition in the semiconductor marketplace.

3. MediaTek does not publicly disclose information concerning its patent acquisitions. Instead, MediaTek protects this information as a trade secret, and takes steps to ensure that this information remains confidential, including marking the information included in Exhibit 30 as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" when MediaTek produced this information in this action. If this information were publicly disclosed, MediaTek's competitors could use the information in Exhibit 30 to MediaTek's economic disadvantage by tailoring their negotiation strategies regarding intellectual property transfers and licensing to exploit MediaTek's negotiation practices.

4. Similarly, MediaTek does not publicly disclose information concerning its efforts to compete in the semiconductor marketplace. As with information concerning patent acquisitions, MediaTek protects this information as a trade secret, and has taken steps to ensure that this information remains confidential, including marking the information included in Freescale's Statement as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" when MediaTek has produced this information in this action. If this information were publicly

disclosed, MediaTek's competitors could use the information in Freescale's Statement to MediaTek's economic disadvantage by adjusting their strategies to compete with MediaTek in certain sectors of this marketplace.

5. The requested relief is narrowly tailored to protect the confidentiality of this information. Only those portions of Freescale's Statement and Exhibit 30 that describe the MediaTek's practices regarding patent acquisitions and competition in the semiconductor marketplace are covered by Freescale's Administrative Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: November 11, 2013

*Meng-Hann Shieh*
_____
MH Shieh