1  Keith L. Slenkovich  (SBN 129793)
     Keith.Slenkovich@wilmerhale.com
2  Joseph F. Haag  (SBN 248749)
     Joseph.Haag@wilmerhale.com
3  WILMER CUTLER PICKERING
     HALE AND DORR LLP
4  950 Page Mill Road
   Palo Alto, CA  94304
5  Telephone:  (650) 858-6000
   Facsimile:   (650) 858-6100

6
   William F. Lee (*pro hac vice*)
7    William.Lee@wilmerhale.com
   WILMER CUTLER PICKERING
8    HALE AND DORR LLP
   60 State Street
9  Boston, MA  02109
   Telephone:  (617) 526-6000
10 Facsimile:   (617) 526-5000

11 James M. Dowd  (SBN 259578)
     James.Dowd@wilmerhale.com
12 WILMER CUTLER PICKERING
     HALE AND DORR LLP
13 350 S. Grand Avenue, Suite 2100
   Los Angeles, CA  90071
14 Telephone:  (213) 443-5300
   Facsimile:   (213) 443-5400

15
   *Attorneys for Plaintiff* MEDIATEK INC.
16

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MEDIATEK INC.<br><br>          Plaintiff,<br><br>     v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>          Defendant. | **Civil Action No.  4:11-cv-05341 (YGR)**<br><br>**MEDIATEK INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Hon. Yvonne Gonzalez Rogers<br>Hearing Date:    December 10, 2013<br>Time:                     2:00 p.m.<br>Courtroom:           5<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................2

    A. Freescale Has Failed to Identify a Genuine Dispute of Material Fact That Its Proposed Combination of Bhuyan With Bowes856 Renders the Asserted '845 Patent Claims Obvious..........................................................................................2

        1. Freescale Cannot Establish a *Prima Facie* Case of Obviousness at Trial..................................................................................................................2

        2. Freescale's Expert Has Failed to Explain How to Combine the Proposed Prior Art to Arrive at an Operable Invention ...............................4

    B. Freescale Has Failed to Identify a Genuine Dispute of Material Fact That Its Proposed Combination of Bhuyan with Bowes547 Renders the Asserted '845 Patent Claims Obvious..........................................................................................7

        1. Freescale Cannot Establish a *Prima Facie* Case of Obviousness at Trial..................................................................................................................7

        2. Freescale's Expert Has Failed to Explain How to Combine the Proposed Prior Art to Arrive at an Operable Invention ...............................7

III. CONCLUSION....................................................................................................................10

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

**Table of Authorities**

**Page(s)**

CASES

*Allergan, Inc. v. Sandoz Inc.*,
    726 F.3d 1286 (Fed. Cir. 2013)..................................................................................................5

*Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*,
    249 F.3d 1341 (Fed. Cir. 2001)..................................................................................................8

*In re Fulton*,
    391 F.3d 1195 (Fed. Cir. 2004)..................................................................................................6

*Markman v. Westview Instruments,
    Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995) *aff'd*, 517 U.S. 37 (1996) ............................................4

*McGinley v. Franklin Sports, Inc.*,
    262 F.3d 1339 (Fed. Cir. 2001).................................................................................4, 5, 6, 10

*Otsuka Pharm. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)..................................................................................................................10

*Solomon v. Kimberly-Clark Corp.*,
    216 F.3d 1372, 1378-79 (Fed. Cir. 2000) .................................................................................4

*Unigene Labs., Inc. v. Apotex, Inc.*,
    655 F.3d 1352 (Fed. Cir. 2011) *cert. denied*, 132 S. Ct. 1755(U.S. 2012) ...............................8

*Wyers v. Master Lock Co.*,
    616 F.3d 1231 (Fed. Cir. 2010)..................................................................................................5

## I. **INTRODUCTION**

MediaTek Inc. ("MediaTek") has moved for summary judgment that Freescale Semiconductor, Inc. ("Freescale") cannot meet its burden to prove by clear and convincing evidence that the asserted claims of U.S. Patent No. 6,738,845 patent ("the '845 patent") are invalid as obvious in light of two proposed combinations of references.  Freescale cannot show that the first proposed combination—of a theoretical paper on computer systems called Bhuyan *et al.*, *Performance of Multiprocessor Interconnection Networks*, IEEE (Feb 1989) ("Bhuyan") with U.S. Patent No. 5,828,856 ("Bowes856")—discloses all the DMA limitations of '845 claims 1, 2, and 5.  Nor can Freescale show that the second proposed combination, of the same Bhuyan reference with U.S. Patent No. 5,546,547 ("Bowes547"), teaches all the BAM limitations of '845 claims 21, 22, and 25.  Moreover, Freescale cannot show that either proposed combination would have resulted in an operable system and therefore that a person of ordinary skill in the art ("POSITA") would have combined the two references as Freescale's expert, Dr. Frank Vahid, proposes.

In response, Freescale tries to add new invalidity theories to those actually presented by Dr. Vahid in his invalidity report.  These new invalidity theories should be rejected as improper and untimely.  Freescale also points to deposition testimony of Dr. Vahid that it contends supports a more expansive approach to the disclosures in Dr. Vahid's expert report.  But, when the additional testimony is examined, and the portions of his expert report referenced are reviewed, Freescale's citations do nothing to cure the deficiencies in the opinions that appear in its expert's report.  To avoid summary judgment, Freescale also cites to the deposition testimony of an inventor of the '845 patent and of MediaTek's technical expert, Dr. Krste Asanovic.  But, inventor testimony is irrelevant to the task of comparing prior art disclosures to issued patent claims, and the testimony from Dr. Asanovic, when examined in context, does not support Freescale's position.

In short, Freescale's opposition has failed to identify sufficient evidence to create a genuine issue of material fact to avoid summary judgment.

## II. ARGUMENT

### A. Freescale Has Failed to Identify a Genuine Dispute of Material Fact That Its Proposed Combination of Bhuyan With Bowes856 Renders the Asserted '845 Patent Claims Obvious

Nothing about Freescale's opposition raises a ***genuine*** issue of material fact, based on evidence that Freescale can properly introduce at trial, regarding whether the combination of the Bhuyan reference with the Bowes856 patent renders claims 1-2 and 5 of the '845 patent obvious. Freescale cannot prove that the proposed combination results in an operable system, much less teaches all the limitations of those claims.

#### 1. Freescale Cannot Establish a *Prima Facie* Case of Obviousness at Trial

Freescale wrongly asserts that "MediaTek's motion does not dispute that the combination discloses every limitation of ['845 claims 1-2 and 5]." (Dkt. No. 321-5 (hereinafter "FSC Opp.") at 4.) Indeed, a first reason to grant MediaTek's motion is Freescale's failure to show that all the limitations of those claims exist in the cited art, "either alone or ***in combination***." (Dkt. No. 298-5 (hereinafter "MTK Br.") at 10.) The DMA controller of '845 claim 1 must be master of a "third bus" (*i.e.*, its local bus) over which it transfers data between two slave subsystems when granted access to them.[1] (SUMF Fact 27.) Freescale has not demonstrated the presence of such a DMA controller in either the Bhuyan or Bowes856 references, or in the proposed combination of the two.

MediaTek has noted, and Freescale has not disputed, that the Bhuyan reference does not mention any kind of DMA, much less the DMA controller recited by the claims. (MTK Br. at 10-11; FSC Opp. at 4-7.) Nor does the Bhuyan reference teach that any of its processors can act as the claimed DMA controller, by transferring data between two slave subsystems over its local bus ("third bus") after it is granted access to those subsystems, by using its two Memory Arbiters to grant access to two different slave subsystems for a single processor for such a transfer, or by

---

[1] Claims 1-2 and 5 of the '845 patent recite a "a direct memory access (DMA) subsystem comprising a DMA controller coupled to a third bus as a third bus master." (SUMF Fact 7.) These claims also require that the recited DMA subsystem be "configured and arranged, such that, when the first and second arbitration units enables the DMA subsystem to access each of the first and second slave subsystems, the DMA controller can cause data to be transferred between the first slave subsystem and the second slave subsystem via the third bus." (*Id.*)

1  reconfiguring any of its processors and Memory Arbiters to make such a transfer of data
2  possible.  (SUMF Fact 27.)  The claimed DMA controller simply is not present in Bhuyan.
3         Neither has Freescale shown that the DMA controller claimed in the '845 patent is
4  present in Bowes856.  In his report, Freescale's expert expressly relies on the "fly-by DMA" of
5  Bowes856 as teaching the DMA controller of the asserted '845 patent claims.  (MTK Br. at 6-7;
6  SUMF Facts 10-11.)  But, as MediaTek has conclusively shown, Dr. Vahid has failed to identify
7  the "third bus" over which that fly-by DMA both is master and transfers data between two slave
8  subsystems.  (SUMF Facts 17-20.)  The "third bus" from '845 patent claim 1 cannot be the
9  system bus of Bowes856 (because the fly-by DMA is not the master of it) or the control lines
10 (because the data transfer does not occur over those control lines).  (*Id*.)  In fact, the claimed
11 DMA controller, with its connection to a "third bus," exists nowhere in Bowes856.[2]
12        Finally, Freescale has failed to show that the proposed combination of Bhuyan and
13 Bowes856 somehow teaches the type of DMA controller required for the '845 patent claims that
14 is missing from both of the individual references on their own.  Dr. Vahid opines that if one of
15 Bhuyan's processors is either replaced with the Bowes856 fly-by DMA or reprogrammed to
16 function like it, the resulting combined system would teach the DMA controller of the '845
17 patent claims 1-2 and 5.  What he fails to address, however, is that under the claims the
18 combined system would have to grant access by that fly-by DMA to two slave subsystems and
19 transfer data between them via the bus (the "third bus") over which the fly-by DMA is master.
20 Dr. Vahid does not and cannot explain how that would happen.  (SUMF Facts 17-20.)  It is
21 simply not enough for Freescale to mark up a couple of figures from Bhuyan and claim that the

---

[2] Apparently realizing that the Bowes856 fly-by DMA does not meet the limitations of the '845 patent claims separately and cannot be implemented into the Bhuyan system, Freescale now attempts to rely on other purported disclosures of Bowes856 to supply the recited DMA controller.  (FSC Opp. at 5-6 (purportedly identifying in Bowes856 a "dual-bus multichannel DMA controller" and "generic DMA controller").)  Indeed, to support Bowes856's teaching of a "dual-bus multi-channel DMA controller" now, Freescale cites to almost the entire Bowes856 patent.  (FSC Opp. at 6, citing to "Bowes856 Abstract, 2:45-22:3.")  But Dr. Vahid himself never pointed to this purported disclosure (meaningless as such citation would be) and more significantly never analyzed the combination of either of those purported DMA's with Bhuyan to arrive at the claimed invention.  (MTK Br. at 6-7.)  These new invalidity theories are untimely, and Freescale should not be permitted to present them at trial.  Dr. Vahid only cited to the fly-by DMA from Bowes856 as satisfying the specific DMA limitations of claim 1 (MTK Br. at 6-7; SUMF Facts 10-11), and he should not be permitted to change those theories just to avoid summary judgment.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

sum of the two references would be greater than the parts, without some basic explanation for how the claimed limitations would actually be satisfied by the proposed combination.[3]

### 2. Freescale's Expert Has Failed to Explain How to Combine the Proposed Prior Art to Arrive at an Operable Invention

Dr. Vahid has likewise failed as a matter of law to provide the required showing of how his proposed combination of Bhuyan with Bowes856 would meet the limitations of '845 patent claims 1-2 and 5 because the combination he proposes in his report—of Bhuyan with the Bowes856 fly-by DMA—simply would not operate. *See, e.g., McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1354 (Fed. Cir. 2001) (noting that a *prima facie* case of obviousness does not exist if combining references would produce a seemingly inoperative device). Dr. Vahid does not explain how the fly-by DMA of Bowes856 (which transfers data between an I/O device and main memory over a shared system bus) would suddenly be capable of directing a data transfer from one location in Bhuyan's main memory to another, which Freescale alleges would happen. (MTK Br. at 12-13.) These aspects of the combined system are critical and fundamental, contrary to Freescale's hand-waving attempt to characterize them as "low-level steps." (FSC Br. at 10.) Dr. Vahid failed to address these requirements in his expert report, and the deposition testimony to which Freescale now cites ignores that the combination that Dr. Vahid actually proposed in his report was of the DMA from Bowes856 (*i.e.*, the fly-by DMA) with Bhuyan, not of Bhuyan with some generic understanding that a person of ordinary skill in the art might have had of different types of DMAs. (SUMF Fact 20.)

In opposition, Freescale repeatedly points to portions of Dr. Vahid's report or his deposition testimony as if the substance addressed there were a combination of Bhuyan with some generic DMA, rather than with the Figure 1A fly-by DMA of Bowes856 that Dr. Vahid

---

[3] Freescale cites the deposition testimony of an inventor of the '845 patent to support its expert's opinion that inclusion of a DMA controller in the Bhuyan system could be done. (FSC Opp. at 6, citing Krivacek Depo. Tr. 43:3-44:18.) But, inventor testimony is generally irrelevant to the task of comparing prior art disclosures to issued patent claims. *See, e.g., Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1378-79 (Fed. Cir. 2000); *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995) *aff'd*, 517 U.S. 37 (1996). And, here, Freescale never put the Bhuyan reference in front of Mr. Krivacek at his deposition, so Freescale is left to mischaracterize the testimony given, saying, "that a DMA controller can connect to multiple slave subsystems over a crossbar switch, ***such as the one depicted in Figure 3 of Bhuyan***." (FSC Opp. at 6) (bolded proposition never presented to Mr. Krivacek).

actually analyzed in his report.  (FSC Opp. at 10-11; SUMF Fact 20.)  But, Dr. Vahid did not opine in his expert report that a person of ordinary skill in the art, reviewing Bhuyan, would have been motivated to change one of the processors to some undefined generic DMA (rather than the fly-by DMA that Dr. Vahid actually analyzed), either by reprogramming it or by complete substitution, to arrive at the claimed invention.  The theory of obviousness in his expert report is predicated on the combination of Bhuyan with the specific fly-by DMA disclosed in Bowes856.  (SUMF Fact 20.)  Freescale's citations to Dr. Vahid's report and testimony must be viewed through that lens.

The law that even Freescale cites requires Dr. Vahid to provide sufficient explanation of how the specific fly-by DMA from Bowes856 that Dr. Vahid relies upon, incorporated into the Bhuyan system, would have actually resulted in a functioning system.  *McGinley*, 262 F.3d at 1354.  Dr. Vahid has not even attempted to provide those details—because the proposed combination would not have resulted in a functioning system.  (SUMF Fact 13; *see also* Dkt. No. 298-14 (Vahid Depo. Tr.) at 315:12-316:2)  Where, as here, the party challenging the validity of patent fails so completely to demonstrate that a POSITA would combine the two references to result in an operable system, summary judgment is appropriate.  *See, e.g., Wyers v. Master Lock Co.*, 616 F.3d 1231, 1238-39 (Fed. Cir. 2010) ("…*KSR* and our later cases establish that the question of motivation to combine may nonetheless be addressed on summary judgment or JMOL in appropriate circumstances.").

Freescale relies on the *Allergan* case—a case addressing the unique question of the role of FDA approval in an obviousness analysis—for the proposition that only a reasonable expectation of success is required to demonstrate operability.  (FSC Opp. at 7, citing *Allergan, Inc. v. Sandoz Inc.,* 726 F.3d 1286, 1292 (Fed. Cir. 2013).)  In that case, the court found a reasonable expectation of success of arriving at a claimed composition once the constituent elements had been identified in the context of the "chemical arts," which the court noted are marked by "general unpredictability."  *Allergan*, 726 F.3d at 1292-93.  By contrast, here, no general unpredictability prevented Dr. Vahid from at least attempting to explain how a fly-by DMA might be introduced into the Bhuyan architecture.  As it stands, the system resulting from

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

Dr. Vahid's proposed combination would have been decidedly inoperable, and Dr. Vahid does not describe how or why the proposed combination would be operable. (SUMF Facts 13, 15, and 19.)

Freescale's reliance on *In re Fulton* is likewise inapposite. (FSC Br. at 18, citing *In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004).) Unlike in the *In re Fulton* case, MediaTek is not relying on statements in Bhuyan that expressly criticize, discredit, or discourage the implementation of the fly-by DMA from Bowes856—both parties agree that Bhuyan never mentions a DMA of any kind. Rather, the combination, as Freescale, through Dr. Vahid, has proposed it, simply would not function. *McGinley*, 262 F.3d at 1354.

A person of ordinary skill in the art would not have had a reasonable expectation of success in arriving at the invention(s) of claims 1-2 and 5 of the '845 patent by incorporating the fly-by DMA of Bowes856 into the Bhuyan system, as Dr. Vahid proposes. (SUMF Facts 10, 15.) It simply cannot be obvious to combine two references to make a combination that will not function. *See, e.g., McGinley*, 262 F.3d at 1354.

Finally, Freescale argues in desperation that MediaTek's allegedly deficient response to Freescale's contention interrogatories and alleged concealment of prior art somehow caused Freescale's failure of proof regarding obviousness of the '845 patent claims.[4] (FSC Opp. at 1, 10.) But, as set forth in MediaTek's Opposition to Freescale's Motion to Strike Certain Portions of MediaTek's Expert Reports (Dkt. No. 332-05 at 12-17), invalidity is Freescale's "clear and convincing" burden, MediaTek properly disclosed its expert opinions regarding validity issues, and Freescale never moved to compel or took issue in any way with MediaTek's allegedly deficient interrogatory response until it filed its motion to strike. In addition, Freescale was well aware from the beginning of this litigation of the prior art that Freescale now claims that MediaTek "concealed," and in any event this prior art is irrelevant to the issues in this motion.

---

[4] Freescale has filed a frivolous motion making these same accusations that MediaTek somehow "concealed" the existence of a 2009 Chipworks report and certain alleged "prior art" cited therein, which is based on a number of demonstrably false claims from Freescale. (Dkt. No. 308-6 (Freescale's Motion for Adverse Inferences). MediaTek has requested that Freescale be admonished against continuing to make false presentations such as those made in Freescale's Adverse Inferences Motion in the future. (Dkt. No. 334-06 (MediaTek Opposition to Freescale's Motion for Adverse Inferences) at 1-2.)

1  (*See generally* Dkt. No. 334-06 (MediaTek's Opposition to Freescale's Motion for Adverse
2  Inferences).)

### B. Freescale Has Failed to Identify a Genuine Dispute of Material Fact That Its Proposed Combination of Bhuyan with Bowes547 Renders the Asserted '845 Patent Claims Obvious

Freescale cannot prove at trial that the combination of Bhuyan with the Bowes547 patent renders claims 21-22 and 25 of the '845 patent obvious. Indeed, Freescale's opposition fails to identify a *genuine* issue of material fact, based on evidence that Freescale can properly introduce, regarding whether the proposed combination teaches all the limitation of those claims or even results in an operable system.

#### 1. Freescale Cannot Establish a *Prima Facie* Case of Obviousness at Trial

According to Freescale, it would have been obvious to a person of ordinary skill in the art to combine Bhuyan—a reference that teaches a mathematical model applicable to systems in which a bandwidth-favoring bus arbitration scheme would not make sense—with the Bowes547 patent—a patent that discloses a bandwidth-favoring bus arbitration module ("BAM"). (FSC Opp. at 14-15.) Such an argument is nonsensical because it would render the entire mathematical modeling disclosed in Bhuyan useless. Freescale nevertheless contends that such a nonsensical combination would then teach the BAM limitation of the '845 claim 21. (*Id.*) But, nothing about Freescale's opposition changes the basic facts: Bhuyan does not teach, and in fact teaches away from the use of, a bandwidth-favoring BAM; the system in the Bowes547 patent does not teach the multiple slave subsystems recited in the asserted claims; and Freescale's technical expert, Dr. Vahid, never explains how or why the proposed combination should be made to arrive at a system containing the recited BAM limitation. (SUMF Facts 44, 46-47.)

#### 2. Freescale's Expert Has Failed to Explain How to Combine the Proposed Prior Art to Arrive at an Operable Invention

As MediaTek demonstrated in its opening brief, Freescale's expert failed to explain why anyone would be motivated to combine the Bowes547 patent with the Bhuyan reference, and further failed to establish how the two should actually be combined to result in a functioning

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

device. (MTK Br. at 16-17, citing SUMF Fact 34, citing Asanovic Rebuttal Report ¶¶ 99-106.) The full portion of his expert report that sets forth his combination only explains his conclusory opinion that a person of ordinary skill in the art would make the proposed combination "because both systems require arbitration between multiple bus masters to shared memory":

| the BAM being further configured and arranged to employ an arbitration scheme for access to at least a first one of the first and second slave subsystems in which, | The BAM disclosed in Bhuyan can be implemented with the arbitration scheme disclosed in Bowes547. It would have been obvious to one of ordinary skill in the art in 1998 to combine the particular arbitration scheme in Bowes547 with the BAM of Bhuyan because both systems require arbitration between multiple bus masters to shared memory |
|---|---|

(Dkt. No. 298-11 (hereinafter "Vahid Opening Report") Ex. D at 25; SUMF Facts 44, 46-47.) Freescale's protestations to the contrary notwithstanding, there is no discussion anywhere else in Dr. Vahid's expert report about *why* the combination would be made, let alone any discussion in the above paragraph of Dr. Vahid's report, or elsewhere in his report, about *how* the combination would be made.

Thus, Freescale is left with a technical expert's bald assertion that the two references simply should be combined because they both address bus arbitration, an assertion that is insufficient to establish as a matter of law, by clear and convincing evidence, that a person of ordinary skill in the art would have combined the two references to arrive at the claimed inventions. *See Unigene Labs., Inc. v. Apotex, Inc.*, 655 F.3d 1352, 1360-61 (Fed. Cir. 2011) *cert. denied*, 132 S. Ct. 1755, (2012); *Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.,* 249 F.3d 1341, 1353 (Fed. Cir. 2001) ("It is well established that conclusory statements of counsel or a witness that a patent is invalid do not raise a genuine issue of fact.").

Recognizing that its evidence on this issue rests on such a thin reed, Freescale claims that MediaTek is being misleading by omitting citation to portions of Dr. Vahid's deposition transcript where he purportedly elaborates on his opinion *why* he believes that the proposed combination would be made:

> Q: I just want to make sure I understand your opinion. Your full reason for why the arbitration scheme in Bowes '547 would be combined with the bus arbitration module of Bhuyan is set forth in the top

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

paragraph on page 25 of Exhibit D-2 to your expert report; correct?

A: It's partly there and then proceeds on pages 25, 26 and 27.

(FSC Opp. at 16-17, citing Vahid Depo. Tr. 336:2-9.)  But, a review of pages 25, 26, and 27 of Exhibit D to Dr. Vahid's Report actually demonstrates that it is Freescale, not MediaTek, that is misleading here.  Exhibit D contains Dr. Vahid's claim charts that lay out the detailed analysis of his invalidity opinions with respect to the '845 patent, but nowhere on those additional pages does Dr. Vahid explain anything further about why (or how) the proposed combination of Bhuyan with Bowes547 would be made.  (Vahid Opening Report at 25-27.)  Instead, the additional material on the remainder of page 25 and on pages 26 and 27 resides under the heading "Bowes547" and, as indicated in its heading, contains a discussion only of the disclosure of Bowes547—nothing regarding why (or how) to combine the two references.  (*Id*.)  Likewise, nothing on page 12 of Dr. Vahid's expert report, which Freescale, through Dr. Vahid, also cites to avoid summary judgment (FSC Opp. at 17), discusses either Bhuyan or the Bowes547 patent at all, much less the combination of the two.  (*Id*. at 12.)

Even if Dr. Vahid had provided sufficient explanation *why* a POSITA would have been motivated to combine these two references (which he does not), nowhere in his report does Dr. Vahid even attempt to explain *how* the two references would be combined to form a functioning system.  As Dr. Asanovic has made clear, the additional work necessary to try to make the proposed combination would be neither obvious nor trivial to the person of ordinary skill in the art, and Dr. Vahid has not even tried to opine otherwise.  (SUMF Fact 24.)  Indeed, Dr. Vahid admitted at deposition that the single paragraph from his expert report (reprinted above) that he claims "establish[es] that the Bowes547 arbitration process can be used with the BAM – inside the BAM of Bhuyan" "*does not explain how you would combine*" the two.  (SUMF Fact 47.)

In the face of its expert's candid admission that he failed to explain how to combine the two references, Freescale points to the deposition testimony of Dr. Asanovic for a purported admission "that it was possible to build a bus arbiter [in Bhuyan] where in some cases, memories [in Bhuyan] would always be granted access to the bus to connect to the processors."  (FSC Opp. at 16, citing Asanovic Depo. Tr. 411:19-412:9.)  Freescale then concludes that it "only has to

show that one combination of Bhuyan and Bowes547 would invalidate." (*Id.*)  But, Dr. Asanovic conceded only that if one were concerned about fault resilience and if certain edge conditions occurred in Bhuyan, it "would be possible to construct" such a bus arbiter. (*Id.*)  That testimony does not concede that any such result would have been obvious to a POSITA at the time of invention.  It is Freescale's heavy burden to demonstrate that the combination would be made, that it would function properly, and that it would teach all of the limitations of the asserted claims.  *Otsuka Pharm. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 601 (1986); *McGinley*, 262 F.3d at 1354.  Dr. Vahid did not explain ***why*** the combination would be made (beyond that both references involve bus arbitration) or ***how*** it would be made so that it would function properly, and these failures render Dr. Vahid's obviousness combinations deficient as a matter of law.

## III.   CONCLUSION

For all of the reasons above, as well as for those presented in MediaTek's original motion, MediaTek respectfully requests that this Court grant its motion for summary judgment.

Dated:  November 26, 2013

Respectfully submitted,
MEDIATEK INC.
By their attorneys,

*/s/  Keith L. Slenkovich*
Keith L. Slenkovich  (SBN 129793)
  Keith.Slenkovich@wilmerhale.com
Joseph F. Haag  (SBN 248749)
  Joseph.Haag@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (*pro hac vice*)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109

Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

James M. Dowd  (SBN 259578)
   James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:   (213) 443-5400

*Attorneys for Plaintiff* MEDIATEK INC.