Keith L. Slenkovich  (SBN 129793)
  Keith.Slenkovich@wilmerhale.com
Joseph F. Haag  (SBN 248749)
  Joseph.Haag@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100

William F. Lee (*pro hac vice*)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:   (617) 526-5000

James M. Dowd  (SBN 259578)
  James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:   (213) 443-5400

*Attorneys for Plaintiff* MEDIATEK INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MEDIATEK INC.<br><br>              Plaintiff,<br><br>     v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>              Defendant. | **Civil Action No.  4:11-cv-05341 (YGR)**<br><br>**MEDIATEK INC.'S OBJECTION TO REPLY EVIDENCE SUBMITTED BY FREESCALE (Civil L.R. 7-3(d)(1))**<br><br>Hon. Yvonne Gonzalez Rogers<br>Hearing Date:     December 10, 2013<br>Time:                  2:00 p.m.<br>Courtroom:        5<br><br>**DEMAND FOR JURY TRIAL** |

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

Pursuant to Civil L.R. 7-3(d)(1), Plaintiff MediaTek Inc. ("MediaTek") submits this Objection to Reply Evidence in response to Defendant Freescale Semiconductor, Inc.'s ("Freescale's") Reply in Support of Its Motion for Summary Judgment (Dkt. No. 348).

## I.   INTRODUCTION

Freescale's Reply responds to MediaTek's identification of genuine issues of material fact by generating new "evidence" in the form of a declaration from Allen Wagner (Dkt. No. 348-23) (hereinafter "Wagner Decl.") and raising new non-infringement arguments and alleged facts in a Separate Statement of Undisputed Material Facts (Dkt. No. 348-25) (hereinafter "SUMF").  Freescale could have and should have included this "evidence" in its Opening Brief. Instead, Freescale waited until its Reply to allege these purported new facts, leaving MediaTek no opportunity to respond.  In addition, Freescale's Reply fails to explain how this new "evidence" demonstrates the absence of genuine issues of material fact.

## II.   OBJECTIONS TO NEW EVIDENCE

### A.   Freescale's Declaration from Allen Wagner Is Untimely and Should Be Stricken

MediaTek's Opposition to Freescale's Motion for Summary Judgment (the "Opposition") regarding non-infringement of the i.MX6 products as to the '845 patent demonstrated that genuine disputes of material fact exist.  Among other evidence, MediaTek's Opposition relied on the opening report of its expert, Dr. Krste Asanović, as well as testimony Freescale elicited from Dr. Asanović in his deposition.  Freescale was fully aware of this evidence before filing its Motion for Summary Judgment, and had ample opportunity to address it in its Opening Brief – including, as needed, through a declaration from Allen Wagner.  Instead, Freescale waited until its Reply to allege new facts from Mr. Wagner.  For example, the Wagner Declaration includes additional allegations of fact regarding the structure and function of the FAST3 NIC-301 arbiter in the i.MX6DQ and i.MX6SDL products, as well as the PER2 NIC-301 arbiter in the i.MX6SL product.  (*See* Dkt. No. 348-23 at 2-5.)

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1    Before filing its Motion for Summary Judgment, Freescale knew MediaTek's

2    infringement theories, and knew that MediaTek was relying (in part) on Mr. Wagner's testimony

3    as supporting those theories.  In particular, Freescale identified Mr. Wagner as its corporate

4    designee to testify to the structure and operation of Freescale's accused products, including the

5    i.MX6 products.  MediaTek took Mr. Wagner's deposition on these topics on June 28, 2013.

6    (Dkt. No. 222-17 (Deposition of Allen Wagner).)  On August 23, 2013, MediaTek served the

7    Opening Expert Report of Dr. Krste Asanović Regarding Infringement of U.S. Patent No.

8    6,738,845, in which Dr. Asanović demonstrated infringement by the i.MX6 products and cited

9    Mr. Wagner's testimony.  (*See* Dkt. Nos. 325-14, 325-15, 325-16 (Asanović Opening Report).)

10   Freescale took the deposition of Dr. Asanović for 14 hours on October 17-18, 2013, and

11   extensively deposed Dr. Asanović regarding his infringement opinions related to the i.MX6

12   products.  (*See* Dkt. No. 325-18 (Excerpts of Deposition of Dr. Krste Asanović).)

13       Freescale's attempt to dispute the sworn testimony of Mr. Wagner and opinions of Dr.

14   Asanović by waiting until its Reply to serve the Wagner Declaration only highlights the

15   existence of genuine disputes of material fact.  But in any event, the Wagner Declaration should

16   be stricken as an improper attempt to introduce new evidence in connection with its reply papers.

17   *See Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308, n.5 (N.D. Cal, 2005); *In re High-Tech*

18   *Employee Antitrust Litig.*, 11-cv-02509-LHK, 2013 WL 5770992, at *6, n.4 (N.D. Cal. Oct. 24,

19   2013).

20   **B.    Freescale's Disputes to MediaTek's Additional Material Facts Should Be Stricken**

21

22       Pursuant to the Court's Standing Order in Civil Cases § 9(c)(2), MediaTek submitted a

23   Responsive Separate Statement with its Opposition, setting forth its bases for disputing

24   Freescale's "undisputed material facts," and identifying Additional Material Facts from the

25   existing record in support of its Opposition.  (Dkt. No. 325-8.)  MediaTek's Additional Material

26   Facts were based on the original infringement reports of its experts as well as deposition

27   testimony of its own and Freescale's technical experts.  (*Id.*)  At the time Freescale filed its

28   Opening Brief, Freescale was well-aware of MediaTek's infringement theories and MediaTek's

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

1   experts' opinions supporting the same.  Nevertheless, in its Reply, Freescale attempts to respond

2   to MediaTek's Additional Material Facts by describing its "disputes" with these additional

3   material facts, often arguing new non-infringement theories that it failed to present in its

4   Opening Brief.[1]  (*See, e.g.,* Dkt. No. 348-25 (SUMF) at Additional Fact 77 (setting forth a non-

5   infringement argument regarding the "memory unit" and "second slave subsystem" limitations of

6   claim 1).)  Freescale leaves only five of MediaTek's Additional Material Fact Nos. 74-103

7   undisputed, effectively acknowledging the existence of numerous genuine disputes of material

8   fact.  (*Id.* at Additional Fact Nos. 85, 86, 90, 91, 96).  In responding to MediaTek's Additional

9   Material Facts, Freescale also relies on the newly-introduced Wagner Declaration, and/or on

10  paragraphs in the Rebuttal Report of Dr. Frank Vahid that it had not previously identified in

11  Freescale's Opening Brief, introducing yet another level of material dispute.  (*See, e.g., id.* at

12  Additional Fact Nos. 75-82, 84.)

13          Wholly apart from the reality that Freescale's attempt to "dispute" MediaTek's

14  Additional Material Facts actually supports MediaTek's arguments that there are genuine

15  disputes of material fact, the new facts and theories identified in Freescale's Reply Statement of

16  Material Facts (Dkt. No. 348-25) should be stricken as an improper attempt to introduce new

17  evidence in connection with its reply papers.  *Contratto*, 227 F.R.D. at 308, n.5; *In re High-Tech*

18  *Employee Antitrust Litig.*, 2013 WL 5770992, at *6,  n.4.

19  **III.**    **CONCLUSION**

20          For the foregoing reasons, MediaTek respectfully requests that the Court strike

21  Freescale's attempt to introduce new evidence in its Reply.

22

23

24

25

26

27

28

---

[1] The Court's Standing Order makes no provisions for the moving party to file a Reply Statement of Material Facts.

Dated:  December 3, 2013

Respectfully submitted,
MEDIATEK INC.
By their attorneys,

_/s/ James M. Dowd_

Keith L. Slenkovich  (SBN 129793)
  Keith.Slenkovich@wilmerhale.com
Joseph F. Haag  (SBN 248749)
  Joseph.Haag@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

William F. Lee (_pro hac vice_)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000

James M. Dowd  (SBN 259578)
  James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400

_Attorneys for Plaintiff_ MEDIATEK INC.