1  RUDY Y. KIM (CA SBN 199426)
   RudyKim@mofo.com
2  ALAN COPE JOHNSTON (CA SBN 66334)
   ACJohnston@mofo.com
3  MORRISON & FOERSTER LLP
   755 Page Mill Road
4  Palo Alto, California  94304
   Telephone: (650) 813-5600
5  Facsimile: (650) 494-0792

6  JOSHUA A. HARTMAN (pro hac vice)
   JHartman@mofo.com
7  MORRISON & FOERSTER LLP
   2000 Pennsylvania Avenue, NW
8  Suite 6000
   Washington, DC 20006
9  Telephone: (202) 887-1500
   Facsimile: (202) 887-0763
10
   ALEXANDER J. HADJIS (pro hac vice)
11 Alexander.Hadjis@cwt.com
   CADWALADER, WICKERSHAM & TAFT LLP
12 700 Sixth Street, N.W.
   Washington, D.C. 20001
13 Telephone: (202) 862-2323
   Facsimile: (202) 862-2400
14
   Attorneys for Defendant-Counterclaimant
15 FREESCALE SEMICONDUCTOR, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MEDIATEK INC.,<br><br>            Plaintiff,<br><br>       v.<br><br>FREESCALE SEMICONDUCTOR, INC.,<br><br>            Defendant. | Civil Action No. 4:11-cv-05341 (YGR)<br><br>**FREESCALE'S RESPONSE TO MEDIATEK'S OBJECTION TO REPLY EVIDENCE SUBMITTED BY FREESCALE**<br><br>Date: December 17, 2013<br>Time: 2:00 p.m.<br>Courtroom: 5<br>Hon. Yvonne Gonzalez Rogers |

Defendant Freescale Semiconductor, Inc. (Freescale) submits this response to MediaTek Inc.'s (MediaTek) Objection to Reply Evidence in response to Freescale's Reply in Support of Its Motion for Summary Judgment (Objection). (Dkt. No. 355.) For the following reasons, the Court should ignore MediaTek's Objection.

## I. THE DECLARATION OF ALLEN WAGNER IS APPROPRIATE REPLY EVIDENCE BECAUSE IT REFUTES AN IMPROPER NEW INFRINGEMENT THEORY

MediaTek objects to the Declaration of Allen Wagner (Wagner Declaration) as untimely new evidence. (MediaTek Inc.'s Objection to Reply Evidence Submitted by Freescale (Civil L.R. 7-3(d)(1)) (Objection), Dkt. No. 355, at 1-2.) MediaTek premises its objection to the Wagner Declaration on its assertion that, "[b]efore filing its Motion for Summary Judgment, Freescale knew MediaTek's infringement theories." (Objection at 2.) That assertion is misleading, however, since the Wagner Declaration responds to an improper new infringement theory for claim 1 of the '845 patent. Specifically, in its Opposition brief, MediaTek argued for the first time that "internal buffers" within certain accused arbiters allow for "arbitrat[ion] among" the two "data processing subsystems" of claim 1. (See Freescale's Reply in Support of Its Motion for Summary Judgment (Reply), Dkt. No. 348-5, at 1-3.)

Contrary to MediaTek's assertion, Freescale did not know, and could not have known, that MediaTek would rely on this "internal buffers" theory to oppose summary judgment. As Freescale's reply brief explains, MediaTek's expert, Dr. Asanović, admitted that he did not include that theory in his expert report; instead, Dr. Asanović disclosed his "internal buffers" theory for the first time in deposition. (Id.) Dr. Asanović conceded during his deposition that he did not know the facts — that he would have to "examine the [relevant] component in more detail to establish whether the accused product infringes." (Id. at 3 (citation omitted).) MediaTek has not sought leave to supplement Dr. Asanović's expert report to add his "internal buffers" theory or the results of any analysis "in detail" of the relevant arbiters (nor would supplementation be proper even if MediaTek had sought leave). Instead, MediaTek relies on the unsupported assertions in the Declaration of Dr. Krste Asanović (Asanović Declaration) accompanying its Opposition. (See Asanović Declaration, Dkt. No. 325-10 at ¶¶ 6-7.)

1          The Wagner Declaration addresses Dr. Asanović's new "internal buffers" theory and
2   unsupported assertions in his declaration. It provides the "detail" that Dr. Asanović failed to
3   investigate when preparing his expert report. (Freescale's Reply, Dkt. No. 348-5 at 3.)
4   Accordingly, it is proper reply evidence. See Apple Inc. v. Samsung Elecs. Co., 877 F. Supp. 2d
5   838, 857 (N.D. Cal. 2012) (overruling objection to expert declaration submitted with reply brief
6   because it was "appropriately responsive to arguments and evidence raised by [the opposing
7   party] in its opposition papers."). Indeed, the Wagner Declaration outlines the facts and shows
8   that Dr. Asanović's speculation is incorrect.

9          MediaTek had ample opportunity to discover the information provided in the Wagner
10  Declaration. As MediaTek admits in its Objection, it deposed Mr. Wagner extensively on the
11  structure and operation of Freescale's accused products. (Objection, Dkt. No. 355, at 2.) During
12  that deposition, MediaTek had a full opportunity to question Mr. Wagner on the issue of "internal
13  buffers." Yet, MediaTek did not ask Mr. Wagner a single deposition question concerning the use
14  of "internal buffers" in Freescale's accused products. MediaTek's failure to avail itself of an
15  opportunity to obtain relevant evidence to support its expert's untimely theory should not
16  preclude Freescale from offering such evidence to rebut that theory. Domingo v. Donohue,
17  No. C 11-05333 CRB, 2013 U.S. Dist. LEXIS 151183, at *24-25 (N.D. Cal. Oct. 18, 2013)
18  (overruling objection because evidence submitted along with reply brief was "previously
19  available to Plaintiff.").

20         In addition, MediaTek suggests that the Wagner Declaration somehow contradicts Mr.
21  Wagner's deposition testimony and thus shows that genuine factual disputes exist. MediaTek's
22  failure to question Mr. Wagner about such "internal buffers" undermines its bald claim that the
23  Wagner Declaration contradicts his deposition testimony. Indeed, although MediaTek accuses
24  Freescale of attempting to dispute Mr. Wagner's deposition testimony, it points to no testimony
25  that even remotely contradicts the information provided in his declaration. Moreover,
26  MediaTek's suggestion violates Local Civil Rule 7-3(d)(1), which provides that any objection to
27  reply evidence "may not include further argument on the motion." Civil L.R. 7-3(d)(1).
28

FREESCALE'S RESP. TO MEDIATEK'S OBJECTION
CASE NO. 4:11-CV-05341 (YGR)                                                                    2

Finally, MediaTek's suggestion that it had no opportunity to respond to Wagner's declaration is a puzzling position. (Objection at 1.) Mr. Wagner submitted a declaration to set the factual record straight in response to the unsupported assertions that appear for the first time in MediaTek's Opposition. As MediaTek knew when it filed its Objection, the Court will hear argument on Freescale's summary judgment motion on December 17, 2013. If the Court entertains MediaTek's new "internal buffers" theory, it should consider the Wagner Declaration, which provides the actual facts that are relevant to this theory. MediaTek will have a full opportunity to address the Wagner Declaration at the hearing. See El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1040-1041 (9th Cir. 2003) (holding district court did not abuse its discretion by entertaining argument raised for first time in reply brief because it was responding to opposing party's argument and because it afforded opposing party opportunity to address new argument at hearing). In the alternative, the Court should ignore MediaTek's improper new "internal buffers" infringement theory that Dr. Asanović omitted from his expert report.

## II. FREESCALE'S RESPONSIVE FACTUAL STATEMENT PRESERVES FACTUAL DISPUTES; IT DOES NOT SHOW ANY MATERIAL FACTUAL DISPUTES EXIST

MediaTek also objects to Freescale's responses to purported "additional material facts"—or new assertions — identified by MediaTek in its Responsive Separate Statement of Undisputed Material Facts (Responsive Statement). (Objection at 3-4.) MediaTek's "objection" is nothing more than a transparent attempt to provide further argument that genuine material factual disputes exist. As stated above, the Local Rules prohibit such "further argument." Civil L.R. 7-3(d)(1).

Irrespective of MediaTek's noncompliance with the Local Rules, its objection should be ignored. Freescale's responses do no more than preserve any factual disputes contemplated by the new assertions in MediaTek's Responsive Statement, instead of allowing them to stand unchallenged. That MediaTek has presented incomplete, incorrect, unsupported, or purely legal assertions, however, does not suggest that these disputes are material to Freescale's summary judgment motion.

First, in many cases, Freescale's responses simply note instances in which the new assertions in MediaTek's Responsive Statement are incomplete or incorrect. (E.g., Dkt. No. 348-

1    25, at 18-19, 22, Additional Facts 74, 80, 92-95.) These instances, however, do not reflect

2    material disputes. (E.g., id. at 22, Additional Facts 92-97 (identifying the correct legal entity that

3    is party to particular contract); see id. at 23, Additional Fact 102 (identifying ambiguity in

4    MediaTek's characterization of fact).)

5    　　　　Second, in many other cases, MediaTek's new assertions are merely bald statements that

6    are unsupported by any actual evidence. (E.g., id. at 21, Additional Facts 87-88 ("MediaTek has

7    provided no evidence that the FSVAI bit 0 is stored in a flip flop or a latch, or that these are the

8    only two possibilities.").) Freescale's responses to these assertions are within the scope of the

9    arguments set forth in its opening brief and are therefore the proper subject of its responsive

10   statement. (See Freescale Reply, 348-5 at 10-11 (responding to argument in MediaTek

11   opposition brief concerning FSVAI bits).)

12   　　　　Third, in the remaining cases, MediaTek's new assertions are not facts at all. Instead, they

13   are legal contentions, such as MediaTek's arguments about what an asserted patent discloses

14   (e.g., Dkt. No. 348-25, at 20, Additional Fact 82 ("There is nothing in the '845 patent that

15   precludes having a zero percent bandwidth allocation for a bus master."), about what legal

16   theories its expert reports or infringement contentions disclosed (e.g., id., Additional Fact 83

17   ("Mr. Narad's report identifies the pin connections between the accused i.MX chips and an

18   external PMIC from which a variable level voltage is supplied"), and about how the accused

19   products allegedly meet certain claim limitations (e.g. id., at 18, Additional Fact 76).

20   　　　　Essentially, MediaTek seeks to provide incomplete or incorrect information to the Court

21   and then preclude Freescale from correcting such inaccuracies. Nothing in the Local Rules

22   contemplates that result. The Court should therefore ignore MediaTek's objection to Freescale's

23   Statement.

| | | |
|---|---|---|
| 1 | Dated:  December 12, 2013 | MORRISON & FOERSTER LLP |
| 2 | | By:   */s/ Alexander J. Hadjis*   |
| 3 | | ALEXANDER J. HADJIS (pro hac vice)<br>Alexander.Hadjis@cwt.com |
| 4 | | CADWALADER, WICKERSHAM & TAFT LLP |
| 5 | | 700 Sixth Street, N.W.<br>Washington, D.C. 20001 |
| 6 | | Telephone: (202) 862-2323<br>Facsimile: (202) 862-2400 |
| 7 | | |
| 8 | | RUDY Y. KIM (CA SBN 199426)<br>RudyKim@mofo.com |
| 9 | | MORRISON & FOERSTER LLP<br>755 Page Mill Road |
| 10 | | Palo Alto, California  94304<br>Telephone: (650) 813-5600 |
| 11 | | Facsimile: (650) 494-0792 |
| 12 | | |
| 13 | | JOSHUA A. HARTMAN (pro hac vice)<br>JHartman@mofo.com |
| 14 | | MORRISON & FOERSTER LLP<br>2000 Pennsylvania Avenue, NW |
| 15 | | Suite 6000<br>Washington, DC 20006 |
| 16 | | Telephone: (202) 887-1500<br>Facsimile: (202) 887-0763 |
| 17 | | |
| 18 | | Attorneys for Defendant-Counterclaimant<br>FREESCALE SEMICONDUCTOR, INC |

### ATTESTATION OF E-FILED SIGNATURE

I, Rudy Y. Kim, am the ECF User whose ID and password are being used to file Freescale's Response to Mediatek's Objection to Reply Evidence Submitted by Freescale.  In compliance with General Order 45, X.B., I hereby attest that Alexander J. Hadjis has concurred in this filing.

Dated:  December 12, 2013                              */s/ Rudy Y. Kim*   
                                                                         Rudy Y. Kim