United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDIATEK, INC., <br><br> Plaintiff, <br><br> v. <br><br> FREESCALE SEMICONDUCTOR, INC., <br><br> Defendant. | Case No. 11-5341 YGR (JSC) <br><br> **ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL FILINGS RELATED TO FREESCALE'S MOTION FOR ADVERSE INFERENCES (Dkt. Nos. 308, 334 & 352)** |

Now pending before the Court are three Administrative Motions to Seal filings related to the motion of Freescale Semiconductor, Inc. ("Freescale") for adverse inferences wherein the parties seek to file under seal portions of the briefs and exhibits relating to the motion. (Dkt. Nos. 308, 344 & 352.) The motions are GRANTED in part and DENIED in part as follows.

Freescale's Motion for Adverse Inferences stems from Plaintiff MediaTek, Inc.'s ("MediaTek") purported concealment of technical documents relating to U.S. Patent No. 6,088,753 ("the '753 patent"). The dispute centers on a report prepared by a third-party consultant for MediaTek in connection with MediaTek's acquisition of the '753 patent. The Court previously overruled MediaTek's claim of attorney client privilege with respect to the

document and ordered it produced to Freescale. (Dkt. No. 280.) Both parties seek to file references to the contents of the report and related documents and depositions under seal.

Pursuant to Local Rule 79-5 "[a]sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" Civil L.R. 79-5(b). Any request for sealing under this rule must be "narrowly tailored to seek sealing only of sealable material." *Id*. The parties seek to file under seal (1) information contained in and related to the report prepared by the third-party consultant, (2) technical information that relates to Freescale's products, and (3) information regarding MediaTek's patent acquisition and licensing practices. (Dkt. Nos. 308-2, 310, 334-3, 357.) The Court finds that the parties have established good cause for sealing categories two and three, but have failed to demonstrate good cause with respect to their request for sealing of all information regarding the report prepared by the third-party consultant.

With respect to category one, although the parties initially sought to file any reference to the company who prepared the report under seal, the publicly filed version of Freescale's reply brief discloses the identity of the company who prepared the report. (Dkt. No. 352-4.) Even if this were not the case, the Court fails to see how the name of the company is confidential and subject to sealing. Likewise, although MediaTek initially sought to file its privilege logs herein under seal, Freescale's publicly filed reply brief discloses the contents of the privilege logs, and even were this not the case, MediaTek could not demonstrate good cause for sealing a privilege log. A privilege log should not contain confidential information as a privilege log by its very purpose seeks to shield confidential information from disclosure and only contains that information which is necessary to show that the underlying documents are privileged. Accordingly, the Court denies the motion to seal with respect to any references to the "Chipworks report" and any reference or exhibit relating to MediaTek's privilege logs. **At the hearing on December 19, 2013 the parties shall be prepared to address why all aspects of the Chipworks report are sealable, and in particular, the**

**portions which reference any search Chipworks may have made for prior art in connection with its report.**  This includes portions of or the entirety of the following:

- Freescale's Motion for Adverse Inferences, Docket No. 308-6.
- Declaration of Frank Vahid, Docket No. 308-8.
- Exhibit 1 to the Declaration of Jacob Ewerdt, Docket No. 308-11.
- Exhibit 10 to the Ewerdt Declaration, Docket No. 308-20.
- MediaTek's Opposition to Freescale's Motion for Adverse Inferences, Docket No. 334-6.
- Exhibit 3 to the Declaration of Brett Hammon, Docket No. 334-16.
- Declaration of Charles Narad, Docket No. 334-8.
- Freescale's Reply in Support of its Motion for Adverse Inferences, Docket No. 352-5.

**The administrative motions to seal are DENIED as to the following:**

- Declaration of Jacob Ewerdt, Docket No. 308-10.
- Exhibit 1 to the Hammon Declaration, Docket No. 334-12
- Exhibit 2 to the Hammon Declaration, Docket No. 334-14
- Exhibits 12 & 13 to the Hammon Declaration, Docket Nos. 334-27 & 334-29: both of these exhibits were designated as confidential by Freescale, but Freescale does not appear to have submitted a declaration in support of sealing as required by Local Rule 79-5(e) and the exhibits are publicly available.

**The administrative motions to seal are otherwise GRANTED as follows:**

- Exhibit 9 to the Ewerdt Declaration, Docket No. 308-19.
- Exhibit 11 to the Ewerdt Declaration, Docket No. 308-21.
- Exhibit 12 to the Ewerdt Declaration, Docket No. 308-23.
- Exhibit 17 to the Ewerdt Declaration, Docket No. 308-29.
- Exhibit 18 to the Ewerdt Declaration, Docket No. 308-30.
- Exhibit 7 to the Hammon Declaration, Docket No. 334-21.

**IT IS SO ORDERED.**

Dated: December 18, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE