Keith L. Slenkovich (SBN 129793)
  Keith.Slenkovich@wilmerhale.com
Joseph F. Haag (SBN 248749)
  Joseph.Haag@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee (*pro hac vice*)
  William.Lee@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

James M. Dowd (SBN 259578)
  James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Plaintiff* MEDIATEK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MEDIATEK INC.<br><br>Plaintiff,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR, INC.<br><br>Defendant. | Civil Action No. 4:11-cv-05341 (YGR)<br><br>**DECLARATION OF MH SHIEH IN SUPPORT OF FREESCALE SEMICONDUCTOR INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**DEMAND FOR JURY TRIAL** |

I, MH Shieh, declare as follows:

1. I am an employee of MediaTek Inc. ("MediaTek"), plaintiff in the above-captioned matter. My current job title is Special Assistant to the General Manager. I submit this declaration in support of Freescale Semiconductor Inc.'s ("Freescale") Stipulated Administrative Motion to File Documents Under Seal ("Administrative Motion") (Dkt. No. 403) pursuant to Local Rules 7-11 and 79-5. I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so competently.

2. Freescale's Administrative Motion seeks to have filed under seal confidential, unredacted versions of Exhibits 1, 10, 35, 38, and 40 to the Declaration of Joshua A. Hartman In Support of Freescale's Opposition to MediaTek's Motions *in Limine*. (Dkt. No. 404-1.) Hartman Exhibits 1, 10, 35, 38, and 40 contain excerpts of MediaTek's damages expert report (Lawton Report) including information regarding the development of a product that has yet to be released and documents concerning MediaTek's acquisition of the patents-in-suit, including the purchase and sale agreements.

3. MediaTek does not publicly disclose information concerning the development of its products, particularly those products that have yet to be released. Instead, MediaTek protects this information as a trade secret, and takes steps to ensure that this information remains confidential, including marking the information included in Hartman Exhibit 1 (excerpts from the Lawton Report) as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" when MediaTek produced this information in this action. If this information were publicly disclosed, MediaTek's competitors could use the information in Hartman Exhibit 1 to MediaTek's economic disadvantage by designing their own competing processors to target similar product markets and customers. Therefore, the requested relief is necessary to protect MediaTek from such competitive harm.

4. MediaTek does not publicly disclose information concerning its patent acquisitions. Instead, MediaTek protects this information as a trade secret, and takes steps to ensure that this information remains confidential, including marking the information included in

Hartman Exhibits 10, 35, 38, and 40 as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" when MediaTek produced this information in this action. If this information were publicly disclosed, MediaTek's competitors could use the information in Freescale's Corrected Motion to MediaTek's economic disadvantage by tailoring their negotiation strategies regarding intellectual property transfers and licensing to exploit MediaTek's practices. Therefore, the requested relief is necessary to protect MediaTek from such competitive harm.

5. The requested relief is narrowly tailored to protect the confidentiality of this information. Only those portions of Hartman Exhibits 1, 20, 35, 38, and 40 that describe the development of the yet-to-be-released MediaTek processor and MediaTek's practices regarding patent acquisitions and licensing are covered by Freescale's Administrative Motion.

6. I understand that Freescale's Administrative Motion was filed on January 29, 2014 and that the Court's rules require MediaTek to file a supporting declaration within four days or by February 3, 2014. Due to the national Chinese New Year holiday, MediaTek's offices in Taiwan were closed from January 30, 2014 through February 4, 2014. I was therefore not aware of the need for this declaration until after I returned to work from the holiday.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: February 5, 2014

_Meng-Hann Shieh_
MH Shieh