UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MEDIATEK, INC.,**<br>      **PLAINTIFF,**<br>VS.<br>**FREESCALE SEMICONDUCTOR, INC.,**<br>      **DEFENDANT** | **CASE NO,: 11-CV-5341 YGR**<br><br>**PRETRIAL ORDER NO. 1**<br>**RE: INITIAL PRETRIAL CONFERENCE** |

On Friday, February 7, 2013, the Court held an initial pretrial conference. Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, and for good cause shown the Court **CONFIRMS THE ORDERS** stated on the record and **ISSUES ADDITIONAL ORDERS** as set forth herein:

    1.    **<u>Trial Date and Schedule:</u>**  The Court **GRANTS** Plaintiff's Motion to Continue Trial Date from February 24, 2014. (Dkt. No. 423.) The trial date of February 24, 2014, is **VACATED**, to be reset on a date to be determined.

    2.    Generally, trial days begin at 8:30 a.m. Counsel shall arrive in court early enough to proceed promptly at 8:30 a.m. Trial schedule will be Monday through Friday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks. Counsel shall be advised in advance whether the Court will be required to go dark on any given day.

    3.    Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to

anticipate issues so that they may be addressed outside of normal trial hours.  In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

4. **Standard Motions *in Limine*:**  The Court hereby orders: (a) that witnesses shall be excluded until testimony is completed; (b) that there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) that there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).  An order on the pending motions will be issued separately.

5. Parties are ordered to admonish witnesses of the Court's rulings.  Failure to comply with a ruling by the Court may result in sanctions including, without limitation, the striking of the witness's entire testimony.

6. **Procedural Stipulations**:  Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, the parties shall file said document by February 24, 2014.

7. **Witnesses:**  The parties are limited to calling the witnesses submitted on the list filed in advance of the Pretrial Conference.  (Dkt. Nos. 414, 416.)  Only upon a showing of good cause, including for rebuttal or impeachment purposes, will additional witnesses be allowed, and only by Court order.

8. The parties shall file a list of all witnesses in alphabetical order to be shown to prospective jurors during voir dire.  The list previously provided (Dkt. No. 409) shall be revised to exclude all references to lawyers and shall have a simple heading with the case name, number, and title: "Potential Trial Witnesses."

2

9.      **Initial Pretrial Tasks:**  During the initial pretrial conference, the parties were given a list of tasks to complete.  **By February 12, 2014**, the parties shall file a simple Joint Statement of the Pretrial Tasks confirming all the tasks on which they are proceeding.

10.     **Exhibits and Exhibit Lists:**  The parties shall continue to meet and confer on trial exhibits.  No witness may be shown any document or other object until it has been marked for identification using an exhibit number.  **By noon on February 24, 2014**, the parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility and/or foundation exists with an "S" in the appropriate box.

The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

11.     **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used.  Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to appropriate time for doing so.  Court security requires a court order to allow equipment; parties will need to file a request and proposed order.

12.     **Jurors and Peremptory Challenges:**  The Court will seat a total of no more than nine (9) jurors and no alternates.  The Court sets the number of peremptory challenges at four (4).  *Batson/Wheeler* motions must be made in a timely fashion.  Argument on the same shall be made outside the presence of the jury panel.

13.     Per the Court's Standing Order, the Court will give Model Instructions 1.1B, 1.2, 1.3 and/or 1.4, 1.6–1.12, 1.14–1.15, 1.19, and 3.1–3.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit  (2007 Edition).

14.     **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no later than **March 10, 2014**.  The parties shall meet and confer regarding any disagreement.  Any

3

unresolved objections shall be filed in a writing not to exceed three pages by **March 14, 2014**. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show. If necessary, the Court will address the issue at the next scheduled case management conference.

15. **Fed. R. Civ. P. 68 Offers:** On the first day of trial, Counsel shall lodge with the Court, in a sealed envelope, any offers of judgment made under Fed. R. Civ. P. 68.

16. **Doe Defendants**: All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

17. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness. All other parties are expected to have their own copies available.

18. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. Such lodging shall occur no later than one week before the start of trial. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

19. The parties shall meet and confer regarding deposition designations. **By noon on February 24, 2014,** the parties shall file any remaining list of disputes.

20. **Video Depositions at Trial:** A video deposition may only be shown after the designations, counter-designation and objections are resolved. A transcript shall be provided of the portions played to the jury. The court reporter shall be relieved of her duties to transcribe that portion of the trial. In lieu of the court reporter's transcription, the parties shall file in the docket a copy of that portion of the transcript(s) used during the trial. The filing shall be designated: "Plaintiff's /Defendant's Trial Related Transcript(s) for Video Deposition(s)." The filing shall

4

include an index listing the name of the deponent-witness and the date used during trial in chronological order. Each transcription shall be attached as an exhibit thereto. The filing shall be completed no later than two business days after the case is submitted to the jury.

21. The parties shall meet and confer regarding video deposition designations. **By noon on February 24, 2014,** the parties shall file any remaining list of disputes.

22. **Witnesses at Trial:** The party presenting evidence shall give the other party(ies) 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

23. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a rebuttal requested, "Not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

24. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

25. **Punitive Damages:** If the jury will be asked to consider punitive damages, the following additional orders apply:

    a. Defendant/Cross-Defendant(s) shall have all relevant financial data in Court in a sealed envelope once trial begins;

      b. Counsel shall have all witnesses who will be called to testify regarding the financial status of the relevant party (e.g., to authenticate relevant documents, etc.) available on one (1) hour notice once jury deliberations begin;

      c. The parties shall meet and confer regarding written stipulations to streamline this phase of the case.

26. **Interpreters:**

If a witness requires an interpreter, counsel are advised to carefully review and be prepared to satisfy the Court that the interpreter is capable of providing the required translation. The parties shall meet and confer and identify one joint translator.

27.     **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** two weeks prior to the commencement of the trial.

28.     **Mandatory Settlement Conference/Mediation:**

The parties are hereby ordered to Mandatory Settlement Conference with Magistrate Judge Spero on **Wednesday, February 26, 2014**. Judge Spero shall issue his own order with the specifics of the same.

29.     Counsel shall promptly notify the Court by phone and email email (for after hours, use: ygrchambers@cand.uscourts.gov) of any settlement. The notification shall indicate what further steps need to be taken to finalize the settlement. Unless the Court receives notice of settlement by two business days prior to jury selection, jury costs may be assessed where the parties do not proceed to trial as scheduled. Parties are advised that the trial and all trial-related dates will not be vacated until a formal Notice of Settlement is filed.

30.     **Trial Decorum and Procedure:** Counsel, parties and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury –

in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

During voir dire you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors.  You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

31. **Failure to Comply:**  Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

32. **Pretrial Conferences**: The Court sets the next pre-trial conference for **Friday, February 28, 2014, at 9:00 a.m., and every subsequent Friday** until the Court is satisfied that the case is adequately prepared for trial.

The pretrial conference previously scheduled for **Wednesday, February 26, 2014 is hereby VACATED** in light of the settlement conference.

33. **Mandatory Appearance of Corporate Designees**:  Parties are hereby ordered to identify a corporate designee for trial.  Said designee shall appear at each pretrial conference held with the undersigned.

This terminates Docket No. 423.

**IT IS SO ORDERED.**

DATED:  FEBRUARY 10, 2014

_____
**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **MEDIATEK, INC.**<br><br>    **PLAINTIFF,**<br><br>    **VS.**<br><br>**FREESCALE SEMICONDUCTOR, INC.**<br><br>    **DEFENDANTS** | CASE NO.: 11-CV-5341 YGR<br><br>**PROCEDURAL STIPULATIONS**<br>**(EXHIBIT A TO PRETRIAL ORDER)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.

    For the Plaintiff _____      For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.

    For the Plaintiff _____      For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.

    For the Plaintiff _____      For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Deputy Clerk's determination that all jurors are present.

1    For the Plaintiff _____        For the Defendant _____

3  In the absence if the trial judge, any judge of this court may receive the verdict.

4    For the Plaintiff _____        For the Defendant _____

6  (Party Name) _____        (Party Name) _____

8  _____        _____
9    Signature (Plaintiff's Attorney)            Signature (Defense Attorney)