**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MEDIATEK INC.,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**FREESCALE SEMICONDUCTOR, INC.,**<br><br>　　　　Defendant. | Case No.: 11-cv-5341 YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL (DKT. NOS. 296, 298, 299, 302, 303, 319, 321, 323, 324, 325, 332, 338, 339, 340, 341, 342, 343, 347, 348, 356, 358, 363, 365, AND 378)** |

The parties have filed several motions to seal in connection with pending motions for summary judgment and evidentiary motions.  (Dkt. Nos. 296, 298, 299, 302, 303, 319, 321, 323, 324, 325, 332, 338, 339, 340, 341, 342, 343, 347, 348, 356, 358, 363, 365, and 378.)  At the hearing held December 17, 2013, the Court directed the parties to submit a single chart listing all documents they each sought to seal, indicating the reasons for sealing and where the document was cited in their papers.  The parties submitted that chart on December 27, 2013.  (Dkt. No. 381.)

The Court having carefully considered the requests to seal, the declarations in support, and the underlying documents, and for the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.  The individual rulings on each item are set forth in the **Attachment** hereto.

The underlying motions at issue here are a mix of dispositive and non-dispositive, but critical, motions related to evidence to be presented at trial.  A motion to seal documents that are part of the judicial record on a dispositive motion or for trial is governed by the "compelling reasons" standard. *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).  A "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (quoting *Kamakana v. City and County of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006)).  The trial court must weigh relevant factors including the "public interest in understanding the judicial process and

whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679 n. 6 (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995)). Compelling reasons may be demonstrated where documents would reveal detailed and product-specific information that would put a party at a competitive disadvantage. *See Apple, Inc. v. Samsung Electronics, Co., Ltd.,* 727 F.3d 1214 (Fed. Cir. 2013) (applying Ninth Circuit law).[1]

Here, the parties have sufficiently articulated compelling reasons to seal documents containing proprietary technical specifications of individual products, as well as internal product development processes and plans, detailed information about patent licensing and acquisition, and detailed financial information. They have not established compelling reasons to seal more general information about sales, marketing, and licensing directly related to the matters at issue in this litigation and their pending motions. The Court has carefully reviewed the documents and exercised its discretion to seal only those portions of the evidence submitted (or descriptions thereof) that would reveal confidential financial details, technical product specifications, and product development information.

The parties shall file in the public record the documents or portions thereof as to which the requests to seal have been denied, consistent with this Order, **within 7 days**. *See* Local Rule 79-5(f)(3).

This Order terminates Docket Nos. 296, 298, 299, 302, 303, 319, 321, 323, 324, 325, 332, 338, 339, 340, 341, 342, 343, 347, 348, 356, 358, 363, 365, and 378.

**IT IS SO ORDERED**.

Dated: February 13, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The Court recognizes that motions to seal documents in connection with non-dispositive motions generally are governed by a lower "good cause" standard. *See Pintos,* 565 F.3d at 1180; *Kamakana,* 447 F.3d at 1179-80. The Court has taken that lower standard into account, as appropriate, in ruling on the pending motions, bearing in mind that much of the same evidence was submitted in connection with both the dispositive and non-dispositive motions.

# ATTACHMENT