United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MEDIATEK INC.,** | Case No.: 11-cv-5341 YGR |
| **Plaintiff,** | **ORDER RE INJUNCTIVE RELIEF:** |
| vs. | **(1) DENYING FREESCALE'S MOTION FOR SUMMARY JUDGMENT** |
| **FREESCALE SEMICONDUCTOR, INC.,** | **(2) BIFURCATING ISSUES RELATED TO JURY TRIAL (MEDIATEK'S MOTION IN LIMINE NO. 4 AND FREESCALE'S MOTION IN LIMINE NO. 6)** |
| **Defendant.** | |

On November 6, 2013, Defendant Freescale Semiconductor, Inc. ("Freescale") filed its Motion for Summary Judgment on November 6, 2013, moving for summary judgment on several independent issues. (Dkt. No. 303.) Plaintiff MediaTek, Inc. ("MediaTek") timely opposed and the Court entertained oral argument. In the final two pages of its moving papers, Freescale sought an order determining, as a matter of law, that MediaTek's request for injunctive relief was not available. Freescale principally argued that MediaTek could not show the parties competed since Magistrate Judge Jacqueline Corley had denied MediaTek's request to amend its infringement contentions to include the only MediaTek product identified as competing with Freescale products.

The Court instead concludes that Freescale has misinterpreted the state of the law. Thus, having carefully considered the papers submitted, the admissible evidence, and the pleadings in this action, and for the reasons set forth below, the Court hereby **DENIES** the motion on the injunctive relief issue.

Further, because injunctive relief lies solely within the province of the Court, the Court also bifurcates any evidence related solely to injunctive relief for the impending trial, reserving the option of allowing such evidence to be presented if relevant and necessary. On this basis the Court **GRANTS** MediaTek's Motion in Limine No. 4 and Freescale's Motion in Limine No. 6 to the extent that either party seeks to introduce evidence solely related to injunctive relief. (*See* Dkt. Nos. 389, 390, 393, 396.)

I. **BACKGROUND**

In March 2012, MediaTek served its Disclosure of Asserted Claims and Infringement Contentions ("Infringement Contentions" or "original Infringement Contentions") alleging infringement of four patents (the '845 Patent, the '331 Patent, the '753 Patent, and the '244 Patent) by nine Freescale product families. On May 31, 2013, Magistrate Judge Corley granted MediaTek leave to amend its infringement contentions to add the i.MX6, MXC91131, MXC91331, and MXC91321 product families as accused products, but denied leave to add several other product families based on MediaTek's lack of diligence in seeking amendment. (Dkt. No. 115.)

This Court issued its Claim Construction Order on July 16, 2013. (Dkt. No. 127.) On July 19, 2013, MediaTek filed its Motion to Amend Infringement Contentions. (Dkt. Nos. 128.) MediaTek sought to amend its Infringement Contentions to identify its own MT8135 processor as practicing the invention claimed by the '753 and '845 Patents "to bolster its argument that the district court should issue a permanent injunction should MediaTek prevail on its '753 and '845 Patent claims." (Dkt. No. 232 at 4:1-2.) MediaTek argued that it could not have disclosed the product to Freescale any earlier than it did because the product had still been in development and had only reached the point where MediaTek could be certain that its final product would also practice the asserted claims of the patents at issue. Magistrate Judge Corley denied MediaTek's Motion to Amend Infringement Contentions and determined that MediaTek had not offered sufficient reasons for its failure to disclose its own product practicing the claims at an earlier point. (*Id.* at 5-6.)[1]

---

[1] MediaTek was required to identify any of its own products practices the patent claims under Patent Local Rule 3-1(g), which states: "If a party claiming patent infringement wishes to preserve the right *to rely, for any purpose, on the assertion that its own … product… practices the claimed invention,* the party shall identify, separately for each asserted claim, each such … product… that incorporates or reflects that particular claim" (emphasis added).

## II. DISCUSSION

Freescale brings its motion for summary judgment, in part, based upon the argument that MediaTek has no grounds for seeking injunctive relief because MediaTek has no evidence that MediaTek and Freescale products compete directly. More specifically, Freescale argues that MediaTek has been precluded from contending that the MT8135 product practices the patents-in-suit by Magistrate Judge Corley's Order and, as a consequence, MediaTek cannot seek injunctive relief based upon the MT8135 product.

In contrast, MediaTek argues that, regardless of whether it is precluded from relying on MT8135 product as practicing the patent claims, the product is still admissible and relevant to the question of competition between Freescale and MediaTek for purposes of injunctive relief. Freescale and MediaTek compete to have their products, including MediaTek's MT8135 chip and Freescale's i.MX chips, designed into consumer electronics products. MediaTek argues that the evidence shows its new MT8135 product competes with Freescale's chips for "design wins" in the "e-reader" tablet market. MediaTek argues that, irrespective of whether MediaTek it may assert that the MT8135 practices the patents-in-suit, Freescale should not be permitted to use MediaTek's patented technology to compete against MediaTek in this market.

In *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006), the Supreme Court clarified that injunctions in patent cases are determined by the same four-factor equitable test as applies in other contexts. "A plaintiff must demonstrate: (1) [the plaintiff] has suffered an irreparable injury; (2) that remedies at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the [parties], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* The Supreme Court rejected what it saw as a categorical rule disfavoring injunctions where the plaintiff did not practice the patents, holding that traditional equitable principles did not permit such a blanket rule. *Id.* at 393. Cases following *eBay* have echoed the Supreme Court's holding that irreparable harm can be shown even if the patent-holder does not currently practice the claimed invention, and is not in direct competition with the alleged infringer. *See Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 702-03 (Fed. Cir. 2008).

Here, Freescale's motion turns entirely on the notion that, if MediaTek cannot assert that the MT8135 chip practices its patents, it cannot offer it for any purpose and cannot show competition more generally. The motion fails for three reasons. First, as the Supreme Court stated in *eBay*, a showing of direct competition is not required in order to establish entitlement to injunctive relief. *eBay,* 547 U.S. at 393. Second, Freescale has not established that evidence regarding the MT8135 is not admissible for purposes of showing competition and entitlement to injunctive relief. Third, MediaTek has offered evidence sufficient to create a triable issue on the question of its entitlement to injunctive relief. (*See* MediaTek's Responses to Freescale's Statement of Undisputed Facts Dkt. No. 325-8, Fact Nos. 71-73 and evidence cited therein.)

The cases cited by Freescale do not aid its argument. In *ActiveVideo,* the Federal Circuit held that it would be error to find irreparable injury *based on loss of market share* where the evidence did not show loss of market share, but simply a "readily quantifiable" loss of licensing fees. *ActiveVideo Networks, Inc. v. Verizon Commc'ns., Inc.,* 694 F.3d 1312, 1337-38 (Fed. Cir. 2012). Thus, *ActiveVideo* stands for the unremarkable proposition that, if the impact of infringement is just the "[s]traight-forward monetary harm" from decreased license fees received, such an injury is compensable in money damages and not a basis for injunctive relief. *Id.* Likewise, in *z4 Technologies,* the court declined to issue an injunction because the plaintiff offered no evidence that it would "suffer lost profits, the loss of brand name recognition or the loss of market share… the type of injuries that are often incalculable and irreparable." *z4 Technologies, Inc. v. Microsoft Corp.*, 434 F. Supp. 2d 437, 440 (E.D. Tex. 2006), aff'd, 507 F.3d 1340 (Fed. Cir. 2007). Indeed, in *z4 Technologies,* the court found that the only party to whom the plaintiff would have been marketing its technology was the defendant. *Id.*

In short, the Court cannot find, as a matter of law, that MediaTek would not be entitled to injunctive relief based upon Freescale's alleged infringing products.

### III.   CONCLUSION

The Court finds that, based upon an accurate analysis of the law, triable issues exist and preclude summary judgment in favor of Freescale on the issue of MediaTek's claim for injunctive relief. Consequently, Freescale's motion for summary judgment is **DENIED**.

4

The Court further finds that the sole purpose for which evidence regarding the MT8135 product would be relevant concerns the MediaTek's claim for injunctive relief. As such relief is solely within the purview of the Court, it is not relevant for purposes of the jury trial and shall be excluded from the evidence presented to the jury. After the jury trial concludes, the Court will determine whether such additional evidence should be admitted to support a claim for injunctive relief.

This Order addresses, but does not terminate, issues in Docket Nos. 303, 389, 390, 393, and 396.

**IT IS SO ORDERED**.

Dated: February 13, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**