**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MEDIATEK INC.,**<br><br>       **Plaintiff,**<br><br>vs.<br><br>**FREESCALE SEMICONDUCTOR, INC.,**<br><br>       **Defendant.** | Case No.: 11-cv-5341 YGR<br><br>**ORDER RE: MOTIONS IN LIMINE**<br>**(DKT. NOS. 389 AND 390)** |

Plaintiff MediaTek, Inc. ("MediaTek") has filed its Motions *In Limine* Nos. 1-11 (Dkt. No. 389). Defendant Freescale Semiconductor, Inc.'s ("Freescale") has likewise filed its Motions *In Limine* Nos. 1-12 (Dkt. No. 390).

First, the Court notes that, in some respects, both parties' motions *in limine* have exceeded the normal scope of a proper *in limine* motion, making broad attacks on certain theories or claims rather than addressing specific pieces or narrow categories of evidence. In some cases, it appears that the parties have attempted to use the motions *in limine* as a substitute for a motion to strike or a motion for summary judgment. Further, they have each attempted to circumvent the Court's Standing Order limiting the number of motions to be brought. Accordingly, the Court provides the following rulings to the extent that the specific evidence at issue was apparent on the face of the motion. To the extent it was not, the motion is denied.

Having carefully considered the papers submitted and the arguments of the parties, the Court hereby rules on the motions *in limine* as set forth below.

On MediaTek's Motions *In Limine*:

| NO. | MOTION *IN LIMINE* SEEKING TO EXCLUDE | ORDER |
|---|---|---|
| 1 | Freescale's Unaccused Products | The Court **RESERVES** on this issue until such time as Freescale makes a specific proffer of the nature of the particular evidence it seeks to admit and the identification of the sponsoring witness. *See* forthcoming order on deadlines. |
| 2 | Non-Infringing Alternative Theories | **DENIED AS MOOT** in light of the Court's Order Granting MediaTek's Motion to Supplement Expert Reports, issued concurrently with this order. |
| 3 | Pretrial Proceedings | As to exclusion of any discussion of patents or claims no longer at issue, the motion is overbroad and the Court **RESERVES** until such time as Freescale makes a specific proffer of the nature of the particular evidence it seeks to admit and the identification of the sponsoring witness. However, the Court is inclined to exclude references to patents, claims, and prior art references no longer at issue in the litigation. *See* forthcoming order on deadlines.<br><br>As to exclusion of prior *Markman* arguments, the Court finds the motion **MOOT** in light of the Court's ruling in Pre-Trial Order No. 3 (Dkt. No. 476). However, the Court may revisit claim construction and arguments made therein as necessary. *Pressure Products Medical Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1316 (Fed. Cir. 2010). |
| 4 | Injunctive Relief | **DENIED AS MOOT** – the parties agree this was resolved by the Court's Order re: Injunctive Relief. (Dkt. No. 443.) |
| 5 | Opinions That Exceed the Scope of Dr. Vahid's Report | The motion is **GRANTED** to the extent mooted by the Court's Order Granting MediaTek's Motion for Summary Judgment on Obviousness, issued concurrently with this order, addressing the Bhuyan/Bowes856 reference, and is otherwise **DENIED** as to the Kawai and Halapete references. |

| | | |
|---|---|---|
| 6 | Material Freescale Refused to Produce in Discovery | (a) Counsel Opinion – **GRANTED**<br><br>(b):<br>1. Customer Use of the Accused Products – **GRANTED IN PART** as to all evidence except the design win data produced and relied on by experts.<br><br>2. The MXC91131, MXC91321, or MXC91331 Products – **GRANTED IN PART** as to all evidence except those documents for the MXC products produced and relied on by MediaTek's experts.<br><br>3. Decoder Document: -- *To be addressed by separate order based on trial briefs submitted.*<br><br>4. Fact Witness Testimony on Infringement-- **GRANTED IN PART only** to the extent such witnesses seek to offer testimony on any ultimate issue. Otherwise **DENIED**.<br><br>5. Fact Testimony On Features Defined in Freescale's RTL Code-- **DENIED**<br><br>6. Expert Opinion On Features Defined in Freescale's RTL Code—**DENIED**. |
| 7 | Opinion Testimony from Freescale engineer, Allen Wagner | **GRANTED** to the extent Wagner seeks to offer opinion testimony, but without prejudice to Freescale making a specific proffer for non-opinion testimony. *See* forthcoming order on deadlines. |
| 8 | Claim Constructions That Exceed or Contravene the Court's *Markman* Order | **MOOT** in light of the Court's ruling in Pre-Trial Order No. 3. |
| 9 | Technical Testimony from Freescale damages expert, Brett Reed | **DENIED** as premature. MediaTek may assert a timely motion at trial, after evidence, if received, regarding the factual predicate for the proffered opinions is not admitted. If ultimately granted, the opinions at pp. 14-15 of his report will be excluded. *See* MediaTek's MIL No. 7, above; Pre-trial Order No. 3 at 3 (admissible factual predicate must be established before opinion testimony relying on it). |
| 10 | Settlement Agreement | **GRANTED** |

3

| NO. | | ORDER |
|---|---|---|
| 11 | Brett Reed's Technical Value Opinions re: (1) an online chat exchange; and (b) undisclosed opinions of Alan Wagner | (a) **GRANTED**. The Court will allow Freescale to make a proffer regarding the admissibility and relevance of a single chat in light of the attempt to use broadly. *See* Reed Report at p. 15.<br><br>(b) **GRANTED** as to undisclosed opinions *only*. *See also* Pretrial Order No. 3 and forthcoming order on deadlines. |

On Freescale's Motions *In Limine*:

| NO. | MOTION *IN LIMINE* SEEKING TO EXCLUDE | ORDER |
|---|---|---|
| 1 | Theory Or Evidence That Freescale Has Indirectly Infringed The '331 Patent | **DENIED AS MOOT** in light of the Court's Order Granting In Part and Denying In Part Freescale's Motion for Summary Judgment of Non-Infringement, issued concurrently with this order. |
| 2 | MediaTek Evidence Relating To Its Own Products | Granted only as to introduction of evidence of the MT8135 product *in the jury phase of the trial*. Otherwise, Denied. *See* Order re: Injunctive Relief at 5 ("After the jury trial concludes, the Court will determine whether such additional evidence should be admitted to support a claim for injunctive relief."). |
| 3 | Mediatek's Technical Experts From Testifying About The Scope Of The Asserted Claims | **DENIED** |
| 4 | Technical Experts Testimony on Benefits of the Technologies Disclosed in the Asserted Patents or Used in Freescale's Accused Products | **DENIED** |
| 5 | Evidence of the Outcomes of Prior Litigations | **DENIED** as to evidence of outcomes, with the caveat that the Court will not permit the parties to re-litigate the underlying actions herein. |
| 6 | Evidence Relating to Its Sales, Offers for Sale, or Marketing to Amazon/Lab126 | **MOOT** in light of the Court's Order Re Injunctive Relief |

| 7 | Evidence of the Dynamic Priorities for the Accused Components of Freescale's I.Mx51 and I.Mx53 Product Families | **DENIED** |
|---|---|---|
| 8 | Theory or Evidence that "Power Pins" Satisfy the "Power Supply" Limitation of Claim 35 of the '331 Patent | **MOOT** in light of the Court's Order Granting In Part and Denying In Part Freescale's Motion for Summary Judgment of Non-Infringement, issued concurrently with this order. |
| 9 | Theory or Evidence Not Disclosed in Response to Freescale's Interrogatories on Mediatek's Remedy Contentions | **DENIED** |
| 10 | Evidence Not Disclosed in Response to Freescale's Interrogatory Seeking Mediatek's Contentions That Its Patents Are Not Obvious Based on Secondary Considerations | **MOOT** in light of the Court's Order Granting In Part and Denying In Part Freescale's Motion to Strike Certain Portions of MediaTek's Expert Reports, issued concurrently with this order. |
| 11 | Opinion Re: Non-Default Configurations of Freescale's Accused Products | **DENIED** |
| 12 | Testimony of Mediatek's Expert Re: Order in which the DMA Subsystem of '845 Patent, Claim 1 Accesses Subsystems | **WITHDRAWN** |

This Order terminates Docket Nos. 389 and 390.

**IT IS SO ORDERED**.

Dated: June 20, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**