# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MEDIATEK INC.,**<br><br>    **Plaintiff,**<br><br>    vs.<br><br>**FREESCALE SEMICONDUCTOR, INC.,**<br><br>    **Defendant.** | Case No.: 11-cv-5341 YGR<br><br>**ORDER GRANTING MEDIATEK'S MOTION FOR LEAVE TO SUPPLEMENT ITS EXPERT REPORTS (DKT. NO. 319-5)** |

Defendant MediaTek, Inc. ("MediaTek") brings this Motion for Leave to Supplement Its Expert Reports. (Dkt. No. 319-5.) MediaTek seeks to supplement its reports on two grounds: (1) Freescale failed to provide certain evidence related to damages until ordered to do so by Magistrate Judge Jacqueline Scott Corley, and (2) Freescale failed to disclose the complete universe of potential "commercial alternatives" in its discovery responses, waiting until its rebuttal expert reports to provide the information.

The Court, having carefully considered the briefing and arguments of the parties, the Court **ORDERS** as follows:

First, on the proposed supplementation based upon the new damages information produced as a result of Magistrate Judge Corley's Orders, the Court **GRANTS** the Motion. After Freescale refused to produce him for deposition, Magistrate Judge Corley ordered Freescale to produce Changhae Park for deposition. (Order of September 13, 2013, Dkt. No. 260.) Thus, Park's deposition was delayed until the August 23, 2013 deadline for MediaTek's damages expert, Catharine Lawton, to submit her report. Further, Freescale failed to produce certain emails related to a demand for accused products. Again, Magistrate Judge Corley had to order Freescale to produce those documents (Dkt. No. 208 at 12), and their production did not occur until after the expert report deadline. Thus, in the interests of

justice and to avoid prejudice to MediaTek, the Court finds that the proposed supplementation of the expert reports is allowed.[1]

Second, with respect to the proposed supplementation in response to Freescale's proffered non-infringing alternatives, stated for the first time in its rebuttal reports, the motion is **GRANTED**. Freescale initially refused to respond to MediaTek's Interrogatory No. 20 on this point. Then, on the last day of fact discovery, it produced a supplemental response to the interrogatory in the form of 31,000 pages of documents and deposition testimony. MediaTek's expert reports offered opinions based upon this evidence of commercial alternatives. Freescale subsequently produced the rebuttal reports of its damage expert, Brett Reed, and its technical expert, Dr. Frank Vahid. Those reports revealed non-infringing alternatives theories not disclosed in the documents produced in response to Interrogatory No. 20. Based on the new non-infringing alternatives identified in the rebuttal reports, the supplemental response was misleading and incomplete. Thus the Court finds that MediaTek should be permitted to supplement its expert reports to account for these new theories, lately disclosed.

This motion highlights yet another incident demonstrating Freescale's inappropriate gamesmanship in litigating this action. Based on the foregoing, the Court **GRANTS** the motion to supplement the expert reports. The supplemental reports attached to the motion are deemed served.

This Order terminates the motion at Docket No. 319-5.

**IT IS SO ORDERED**.

Dated: June 20, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] This order does not address the independent admissibility of the documents and opinions referenced in paragraphs 23-27 of the proposed First Supplemental Expert Report of Catharine M. Lawton.

2