UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MEDIATEK, INC.,**<br><br>    **PLAINTIFF,**<br><br>VS.<br><br>**FREESCALE SEMICONDUCTOR, INC.,**<br><br>    **DEFENDANT** | **CASE NO,: 11-CV-5341 YGR**<br><br>**TRIAL SCHEDULING ORDER AND PRETRIAL ORDER NO. 4** |

On June 20, 2014, the Court issued a series of twenty orders regarding myriad issues including, without limitation, motions for summary judgment, to strike expert opinions, to seal, and *in limine*. (Docket Nos. 548-547; ("June Orders".)  Having consumed considerable judicial resources to resolve these outstanding issues, and noting that more remain, the Court deems it prudent, necessary, and good cause existing, to re-instate the trial date which was previously vacated upon plaintiff's motion as soon as the Court's docket will allow considering the Court's agreement to provide the parties with at least 30-days' notice.

**ACCORDINGLY, THE COURT HEREBY ORDERS AS FOLLOWS:**

**Trial Date**: A jury trial shall begin on all remaining issues beginning on **Wednesday, August 27, 2014** with jury selection. Evidence shall begin on **Tuesday, September 2, 2014.** Parties shall each be limited to twenty hours of evidence not including voir dire. Parties are advised in advance that the Court will not be in session September 17-19, 2014.

**TO COMPLETE PREPARATION FOR TRIAL**, the Court sets the following additional deadlines and conferences:

1. The Court sets a trial readiness conference for **Friday, August 1, 2014 at 9:30 a.m.**

2. In light of the June Orders, the parties shall meet and confer and file a Revised Joint Exhibit List by **Wednesday, July 9, 2014** with a courtesy copy delivered to chambers. Parties are reminded that all exhibits to be used at trial must be marked whether or not they will ultimately be admitted at trial.

3. In light of the Court's Order Re Motions in Limine (Dkt. 549), Freescale may make a proffer of Mr. Wagner's specific areas of testimony which are in dispute by way of a pre-trial evidentiary hearing. Freescale shall produce Mr. Wagner and shall be limited to no more than thirty (30) minutes to tender testimony and the attendant foundation. Cross-examination, not to exceed thirty (30) minutes, will be allowed. Said hearing shall occur on **Friday, August 1, 2014 at 9:30 a.m.**

4. Any and all presentations and exhibits for Opening Statements shall be exchanged by **August 11, 2014** with a courtesy copy delivered to chambers. The parties shall meet and confer regarding any disagreement. Any unresolved objections shall be filed in a writing not to exceed three pages by **August 13, 2014**. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

5. Parties shall prepare a glossary to provide to the jury for their juror notebooks with respect to any technical terms and/or acronyms on which they can agree. The parties shall provide said glossary to the Court by **Wednesday, July 30, 2014.**

6. Pursuant to Pretrial Order No. 1 paragraphs 17 and 18, depositions and the attendant index are due **August 20, 2014.**

With respect to the outstanding disputes regarding Discovery Excerpts (Dkts. 457, 517), **THE COURT ORDERS** as follows:

1. All objections on the grounds that the proffered testimony is outside the "scope of 30(b)(6) designation" are **Overruled** unless the objection was preserved at the time of the deposition. The objecting party shall provide the Court with (i) the relevant 30(b)(6) notice so that the objection can be properly assessed followed by (ii) the relevant portion of the deposition preserving the objection. The parties' response on this issue shall be identified in a filing labeled Joint Supplemental Response Re Discovery Designations ("Response") and attached as Exhibit A-[number of the underlying Exhibit at issue in Docket 517].

2. With respect to the designations of David Orris' deposition transcript, defendant shall provide the Court with the designation(s) sufficient to address plaintiff's objection on grounds of "foundation." The response on this issue shall be included in the Response and attached as Exhibit B or shall be deemed Sustained.

3. With respect to the designation of Glen Wienecke's deposition transcript, the prior submission to the Court lacks pages 177-178. The pages shall be included in the Response and attached as Exhibit C.

**4. The Response shall be filed by Tuesday, June 24, 2014.**

5. In light of the nature of objections which contain repeated objections concerning the same designation, the parties shall provide the Court with a new re-formatted proposed form of order which incorporates any rulings consistent with this Order and amends the charts as

3

follows: The current form contains six columns, the last of which is labeled "Rulings." The revised form shall eliminate the last column and add a row at the end of a series of objections for the same designation(s) as set forth below so that the Court can provide an omnibus ruling:

| No. | MT Designations | FS Objections | FS Counter Desg | MT Objections |
|---|---|---|---|---|
| 1 | A |  | X,Y,Z | 1,2,3 |
| 2 | B |  | X,Y,Z | 1,2,4 |
| 3 | C |  | X,Y,Z | 1,2,5 |
| Court's Rulings | | | | |
| 1 | X | | | |
| 2 | Y | | | |
| 3 | Z | | | |

The revised proposed form of order shall be filed and emailed to the proposed orders e-mail address.

The parties are reminded to re-read the Court's new local rule on sealing which they parties have failed to follow. The *only* items which can be sealed are the "unredacted" items themselves. Any administrative motion, declaration, memorandum in support etc. must be filed in the public record. Further, while not impacted here, a motion cannot be subsumed under an administrative motion to seal. Each constitutes a separate docket entry requiring a separate ruling.

**IT IS SO ORDERED.**

**DATED: JUNE 23, 2014**

_____
**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**