UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**MEDIATEK, INC.,**

    **PLAINTIFF,**

**VS.**

**FREESCALE SEMICONDUCTOR, INC.,**

    **DEFENDANT**

**CASE NO.: 11-CV-5341 YGR**

**PRETRIAL ORDER NO. 5**

The Court held a trial readiness conference on July 31, 2014. All parties were present. Following therefrom, **THE COURT HEREBY ORDERS AS FOLLOWS:**

A. Procedural Issues

    1. The Court sets a further trial readiness conference for **Monday, August 18, 2014, at 9:30 a.m.**

    2. Once the parties have finalized their meet and confer regarding exhibits, they shall file a Revised Joint Exhibit List.

    3. The exhibits shall include a form of exhibit which includes all stipulations of fact as identified in Dockets 410 and 467.

B. Outstanding Motions *in Limine*

    1. Pursuant to the Pretrial Order 4 (Dkt. 568), the Court accepted testimony from Mr. Wagner regarding the specific areas of testimony sought to be proffered at trial, in light of other pretrial rulings. In particular, MediaTek challenged the factual foundation for statements and opinions made in the Expert Rebuttal Report of Brett L. Reed, at pages 14-15, namely that:

      i. "the dynamic voltage and frequency scaling technology claimed by the '331 patent is not beneficial" to a product at issue;

      ii. a product at issue "operates in idle mode most of the time, and only operates for a split second in full power mode" which "cannot create a situation that would obtain particular value from the claimed use of the '331 patent;"

      iii. "the hardware implementation of DVFS...is not used in automotive applications....and the DVFS hardware is not enabled in i.MX chips at all...."; and

      iv. the "combined hardware-software implementation [of DVFS] is not enabled or supported by Freescale" and that Freescale "users" are "encourage[d]...to use the software-based solution."

MediaTek's objections are **SUSTAINED** and the Court's ruling on MediaTek's Motion *in Limine* No. 11 is amended to provide that the motion is **GRANTED** to the extent that Mr. Reed relies on Mr. Wagner, and any previously undisclosed document, to support the statements made in his Rebuttal Report.

      With respect to (i), while Mr. Wagner has personal knowledge of certain design changes made to the underlying base chip, Mr. Reed's conclusions regarding the "benefit" do not necessarily follow.

      With respect to (ii)-(iv), Mr. Wagner did not provide the factual foundation for those statements and/or opinions and cannot serve as a foundation for them.  With respect to (iii), MediaTek's objection to Freescale's belated attempt to provide an evidentiary basis upon which Reed did not rely is **SUSTAINED**.  With respect to (iii)-(iv), the Court **RESERVES** as to whether the Weinecke Deposition referenced in the report provides adequate support (independently or in combination with Wagner's testimony).  Freescale shall deliver to the Court a copy of the transcript of the same.

      2. With respect to the "Crown Jewel" document (Exh. 6 to the Park Deposition), the Court **RESERVES** ruling and **ORDERS** the deposition of Kevin Klein, Freescale

Director of IP Licensing, to be conducted at a mutually agreeable time and place. Freescale shall provide the Court with a copy of its response for the demand to documents referenced during the trial readiness conference.

C. Order Regarding Discovery Excerpts - Modification to Order at Docket No. 578

With respect to the designation of testimony from David Orris, at 29:24-30:1 and 30:3, as the corporate designee for Ford Motor Company, MediaTek is **ORDERED** to include within its designations those portions of the transcript confirming Mr. Orris' foundation for the answer provided.

The Court reiterates that where *genuine* issues of dispute do not exist, the parties should be able to resolve these kinds of differences and not waste judicial or client resources; failure to do so reflects poorly on counsel's professionalism.

D. Trial Logistics and Limits

1. Parties shall each be afforded an additional 45 minutes for opening statements.
2. Parties shall each be afforded 20 minutes to conduct additional voir dire of the jury panel.
3. Attached hereto is a copy of the jury questionnaire issued to prescreen prospective jurors. The parties shall meet and confer and be allowed one additional page of questions for prospective jurors to answer on August 27, 2014, and the list of prospective witnesses. The parties shall send an editable version of the same to the Court by **August 15, 2014.**
4. In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but...may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not

made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)." *Id.*

**IT IS SO ORDERED.**

DATED: AUGUST 5, 2014

_____
**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

4