UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**MEDIATEK, INC.,**

    **PLAINTIFF,**

**VS.**

**FREESCALE SEMICONDUCTOR, INC.,**

    **DEFENDANT**

**CASE NO. 11-CV-5341 YGR**

**PRETRIAL ORDER NO. 8**

On August 18, 2014, the Court held the next in a series of trial readiness conferences. All parties were present. The Court hereby **ORDERS** as follows:

**A. Exhibits**

1. Objections to the admissibility of DTX 334C and 454 regarding the Hynix license on the grounds of "beyond the scope of the expert report" are **OVERRULED**.

2. Objections to the admissibility of DTX 420C, 442C, 443, 449C, 451C, 453C, 467C, 483C, and 486C regarding other licenses on the grounds of "beyond the scope of the expert report" are **SUSTAINED**.

3. Parties will be allowed to introduce certain exhibits in electronic form on compact disc, namely PTX 97C, 334C, 425C, 426C, and 728C, JTX 14C, and the videos that are PPTX 51, 54, 56, 57, 59, 62, and 64. Each exhibit shall be saved onto its own separate disc.

4. With respect to the "Crown Jewel" document, PTX-547, the motion to exclude is **GRANTED** with respect to MediaTek's case-in-chief.  The document may be admissible for impeachment or rebuttal purposes.

5. The parties shall file a Revised Joint Exhibit List no later than Friday, **August 22, 2014**.

## B.  Opening Demonstratives

1. Objections to MediaTek's Demonstratives are ruled on as follows:

| Slide at Issue | Ruling |
| --- | --- |
| 6, 8-15 | Objection is **SUSTAINED IN PART**.  Reference to "Octa-Core" is **STRICKEN**; reference to smartphones can be substituted. |
| 22-23, 25-28 | Objections are **OVERRULED**. |
| 40 | Objections are **OVERRULED**. |
| 92 | Objections are **OVERRULED**. |
| 101-03 | Objections are **OVERRULED**. |
| 106-07 | Objections are **OVERRULED**. |
| 109 | Objections are **OVERRULED**. |
| 112-13, 115-16 | Objections are **OVERRULED**. |
| 124-25 | Objections are **SUSTAINED**. |
| 126 | Objections are **OVERRULED**. |

2. The Court rules on the objections to Freescale's Opening Slides in the context of the revised deck which was provided to the Court after the submission of the objections.  The Court also notes that it has considered the entirety of Freescale's response at Docket No. 604.

| Slide at Issue | Ruling |
| --- | --- |
| 5 | Objection is **SUSTAINED** in the light of the rulings regarding the admissibility of certain documents.  The third bullet point and the logos |

|    | |
|----|-|
|    | for all but Hynix are **STRICKEN**. |
| 9  | Objection is **OVERRULED** as to the revised deck. |
| 16 | Objections are **OVERRULED** as to the revised deck. |
| 17 | Objections are **SUSTAINED**.  The parties have stipulated to a construction of the term "plurality of registers."  The reference to Figure 7 oversteps the bounds into claim construction.  Further, the use of the red not-equal sign presents argument.  All but the claim language itself is **STRICKEN**. |
| 18 | Objections are **SUSTAINED**.  The slide suggests an opinion which was not disclosed in Vahid's Rebuttal Report.  The bottom half of the slide is **STRICKEN**. |
| 19 | Objections are **SUSTAINED**.  Figure 18-1 was not disclosed.  The right half of the slide is **STRICKEN**. |
| 23 | Objection is **OVERRULED** as to the revised deck. |
| 25 | Objection is **OVERRULED**. |
| 26 | Objection is **OVERRULED**. |
| 27 | Objections are **OVERRULED**. |
| 29 | Objection is **OVERRULED** as to the revised deck. |
| 30 | Objections are **SUSTAINED**.  The reference to Figure 3 oversteps the bounds into claim construction.  Further, the use of the red not-equal sign presents argument.  Those portions of the slide are **STRICKEN**. |
| 31 | Objection is **OVERRULED**. |
| 33 | The Court notes that this slide is missing in the revised deck. |
| 36 | Objections are **OVERRULED** in light of the scope of the Stipulation and the clarity of Slide 35. |
| 38 | Objections are **SUSTAINED** as to the gross inaccuracy of the pinpoints. |
| 40 | Objection is **OVERRULED** as to the revised deck. |

**C. Experts:**

1. Supplements to Damages' Reports: Ms. Lawton is hereby afforded one week from the date of this order to revise her report to address that of Mr. Reed as it relates to his use of data from the public sphere.
2. A Joint Summary of Expert Opinions shall be filed prior to the next Trial Readiness Conference.
3. Freescale may depose Dr. Asanovic with respect to Mr. Narad's expert opinion. The deposition shall not exceed 5 hours and shall be limited to the scope of Mr. Narad's report. Freescale shall not be allowed to impeach Dr. Asanovic with the deposition testimony of Mr. Narad.
4. Additional objections to the opinions of Ms. Lawton are **OVERRULED**. Freescale has had sufficient opportunities to object. Its belated attempts to reopen that portion of the pretrial proceedings are hereby barred.

**D. Obligations to Meet and Confer shall continue with respect to:**

1. Appropriate corporate representatives who may be exposed to sensitive corporate material during the trial;
2. Reference manual exhibits;
3. Verdict form;
4. Jury instruction numbers 18 and 23;
5. Claims chart for jury binders; and
6. Statements, if any, regarding the reason for missing/changes in the witness list.

**E. Trial Presentation**

1. Parties shall be allowed to explain briefly to jurors *in advance* of each of their witness's testimony what the party believes the witness's testimony will show.

**F. Stipulations**

1. Parties have agreed on a Mandarin interpreter to be used during the injunctive relief phase of the trial. However, MediaTek represents that it cannot presently vouch for the interpreter's quality.

**G. Miscellaneous**

1. For the reasons stated on the record, Docket Nos. 604 (page 4) and 609 are **STRICKEN**.
2. Parties shall provide an editable, updated version of an alphabetical list of all potential witnesses to be provided to prospective jurors.
3. For security reasons, all parties and their representatives must leave the federal building **no later than 6:00 p.m.** Under no circumstance shall any party or their representative breach security protocols by allowing someone into the federal building.

**IT IS SO ORDERED.**

**DATED: AUGUST 20, 2014**

_____
**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**