ALEXANDER J. HADJIS (Pro Hac Vice)
Alexander.Hadjis@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, NW
Washington, DC 20001
Telephone: (202) 862-2323
Facsimile:   (202) 862-2400

RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

JOSHUA A. HARTMAN (Pro Hac Vice)
JHartman@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
Facsimile:   (202) 887-0763

Attorneys for Defendant-Counterclaimant
FREESCALE SEMICONDUCTOR, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MEDIATEK INC., <br><br> Plaintiff, <br><br> v. <br><br> FREESCALE SEMICONDUCTOR, INC., <br><br> Defendant. | Case No.  4:11-CV-05341 YGR (JSC) <br><br> **FREESCALE'S OBJECTIONS TO THE COURT'S FINAL JURY INSTRUCTIONS AND VERDICT FORM** <br><br> Hon. Yvonne Gonzalez Rogers |

To preserve its rights under Federal Rule of Civil Procedure 51(c), Defendant Freescale Semiconductor, Inc. (Freescale) respectfully objects to the Court's Final Jury Instructions and Verdict Form as distributed to the parties on September 18-19, 2014, as detailed below. Additionally, Freescale incorporates by reference all objections made orally and in prior filings to the Court concerning jury instructions and the verdict form.

## I. JURY INSTRUCTIONS

### A. Issues No Longer in the Case

Freescale objects to the Court's final jury instruction on **"Issues No Longer in the Case"** on the ground that it would be misleading and unfairly prejudicial. The Court's final jury instruction, in conjunction with the verdict form, alerts the jury to the Court's granting of MediaTek's motion for judgment as a matter of law as to direct infringement of claims 1, 2, and 5 of the '845 patent by Freescale's i.MX6DQ and i.MX6SDL products (Dkt. No. 696), without also informing the jury of the Court's granting of Freescale's motions for judgment as a matter of law as to non-infringement of claims 1, 2, and 5 of the '845 patent by the i.MX6SoloLite product; claim 2 of the '753 patent by the MPC product; and claim 35 of the '331 patent. (Trial Tr. at 1959:11-15 (oral motion on i.MXSoloLite product for the '845 patent), 1980:7-11 (oral motion on MPC product), 2567:24-2568:7 (oral motion on claim 35 of the '331 patent).) Freescale maintains that highlighting the Court's finding of direct infringement on one set of claims and products, without also highlighting the Court's finding of non-infringement on other claims and products, would unfairly bias the jury during deliberations. Freescale has proposed that an amended instruction be given:

> Outside the presence of the jury, I have made some decisions as a matter of law regarding infringement and non-infringement of certain claims and accused products. The jury will not have to make any determination as to these claims and accused products. I have determined that: 1) Freescale's accused products infringe claim 1 of the '845 patent; 2) Freescale's accused products do not infringe claim 35 of the '331 patent; 3) Freescale's i.MX6SoloLite product does not infringe the '845 patent; and 4) Freescale's MPC8360 product does not infringe the '753 patent.
>
> Do not consider these facts for any purpose. They are not relevant to the infringement or non-infringement of any other claims or whether any claims of the patents-in-suit are invalid.

> Do not conclude from the fact that this instruction has been given that I'm expressing an opinion as to the facts or whether you should find infringement or invalidity of any other claim.

(Freescale's Edits to Proposed Instruction On Products and Claims No Longer In The Case, September 19, 2014 Email fr. K. Yohannan to Chambers.) Freescale maintains its objections to the extent that the Court does not make such changes prior to charging the jury.

### B. Infringement Under the Doctrine of Equivalents

Freescale objects to the Court's final jury instruction on **"Infringement Under the Doctrine of Equivalents"** on the ground that it fails to limit the instruction to the "address bus" limitation of claim 2 to the '753 patent. (See August 25, 2014 PreTrial Conference Tr. at 14:24-20:4, 54:3-17, 57:6-58:4; August 26, 2014 Email fr. K. Yohannan to Chambers; Freescale's Statement of the Law and Objections, which it incorporates by reference, Dkt. No. 519-20 at 80-81.) The final jury instruction is sufficiently vague as to imply that the jury may find infringement under the doctrine of equivalents for other claim limitations in the '753 patent and for the '845 and '331 patents, which would be outside the scope of MediaTek's infringement contentions and infringement expert reports. Freescale also objects to the Court's decision not to include Freescale's proposed language containing the complete instruction provided in the Northern District's Model Instruction B.3.4:

> You may not use the doctrine of equivalents to find infringement if you find that [alleged infringer]'s [product] [method] is the same as what was in the prior art before the application for the [ ] patent or what would have been obvious to persons of ordinary skill in the field in light of what was in the prior art. A patent holder may not obtain, under the doctrine of equivalents, protection that it could not have lawfully obtained from the Patent and Trademark Office.

(See Freescale's Statement of the Law and Objections, Dkt. No. 519-20 at 80-81.) Freescale maintains its objections to the extent that the Court does not make this change prior to charging the jury.

### C. Sales and Offers to Sell Within the United States/Location of Sales and Offers of Sale

Freescale objects to the Court's decision not to include Freescale's proposed final jury instruction titled **"Sales and Offers to Sell Within The United States."** (See Dkt. No. 519-20 at

1  64-65; Freescale's Statement of the Law, which it incorporates by reference, Dkt. No. 519-20 at
2  66-67; see also Trial Tr. at 988:24-989:9.)  The Court's final jury instruction titled **"Location of**
3  **Sales and Offers of Sale,"** which is given in place of Freescale's proposed instruction, contains
4  an incorrect legal standard for the situs of an offer for sale, and Freescale's proposal provides the
5  correct legal standard as held by the Federal Circuit.  See Transocean Offshore Deepwater
6  Drilling, Inc. v. Maersk Contractors USA, Inc., 617 F.3d 1296, 1309 (Fed. Cir. 2010) ("In order
7  for an offer to sell to constitute infringement, the offer must be to sell a patented invention within
8  the United States.  The focus should not be on the location of the offer, but rather the location of
9  the future sale that would occur pursuant to the offer.")  Freescale's proposed instruction also
10 clarifies to the jury the definition of "sale," which is absent from the Court's instruction.  See
11 NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1319 (Fed. Cir. 2005).  Freescale also
12 objects to the Court's final jury instruction to the extent that it lists factors for determining the
13 "essential activities," but does not include "location of a contemplated future sale" and "location
14 of performance," which were identified by the Court's previous order at Docket Number 444.
15 (See Trial Tr. at 988:7-22 (citing Dkt. No. 444 at 4).)  Freescale maintains its objections to the
16 extent that the Court does not make such changes prior to charging the jury.

17         **D.     Willful Patent Infringement**
18         Freescale objects to the Court's final jury instruction on **"Willful Patent Infringement"**
19 on the ground that it fails to include factors that may be considered as evidence that Freescale was
20 not willful.  (See Dkt. No. 519-20 at 87-88; Freescale's Statement of the Law and Objections,
21 which it incorporates by reference, Dkt. No. 519-20 at 89.)  The final jury instruction omits
22 language from the Northern District's Model Instruction No. B.3.10 that lists factors that the jury
23 may consider in assessing willful infringement. These factors are directly relevant to MediaTek's
24 willful infringement allegations and Freescale's defense to those allegations and provide helpful
25 context to the jury.  Freescale maintains its objections to the extent that the Court does not make
26 such changes prior to charging the jury.

27
28

### E. Anticipation

Freescale objects to the Court's final jury instruction on **"Anticipation"** on the ground that the following language is unnecessary, misleading, and will result in jury confusion: "In order to anticipate a patent claim, the prior art reference must not only disclose all elements of the claim, but must also disclose those elements arranged or combined in the same way as in the claim." This language unnecessarily departs from the language of Model Instruction B.4.3., and it is irrelevant to the facts of the case because Freescale's invalidity contentions for the Halepete patent are based on a single embodiment. (See Freescale's Statement of the Law and Objections, which it incorporates by reference, Dkt. No. 519-20, at 100-101.) In contrast, the case law cited by MediaTek in support of this additional language involved situations where invalidity arguments were based on combination of elements from multiple, separate embodiments within the same prior art reference. (Id.) This additional language will therefore mislead and confuse the jury. Moreover, MediaTek submitted an untimely request for this additional language three weeks after stipulating to the language set forth in Freescale's proposed final jury instruction on **"Anticipation."** (Id. at 100.) Freescale maintains its objections to the extent that the Court does not remove this additional language prior to charging the jury.

### F. Reasonable Royalty -- Definition

Freescale objects to the Court's final jury instruction on **"Reasonable Royalty – Definition"** on the ground that it is contrary to the Federal Circuit's holding in VirnetX, Inc. v. Cisco Systems, Inc. and Apple, Inc., No. 2013-1489, 2014 WL4548722, slip. op. (Fed. Cir. 2014), which held that the testimony of a damages expert should have been excluded for failure to apportion and that the royalty rate methodology by the expert was insufficiently tied to the facts of the case and could not be supported. (Id., slip. op. at 30-33, 36-41.) Freescale respectfully requests that the Court provide the following instruction to the jury:

> MediaTek's expert, Ms. Lawton, failed to apportion value between the patented features and the number of non-patented features contained in the accused products. Her testimony on the royalty rate and base was inadmissible and should be excluded. You should disregard her testimony on the royalty rate and royalty base.

1    Freescale has moved to strike the expert testimony of Ms. Lawton on both the royalty rate
2    and base in view of VirnetX and has moved for judgment as a matter of law on damages under
3    Federal Rule of Civil Procedure 50(a), on the improper methodology of MediaTek's damages
4    expert and insufficiency of MediaTek's evidence with respect to damages.  (Trial Tr. at 2544:13-
5    22; 2558:22-2559:1; see also Trial Tr. at 2544:23-2553:1, 2559:10-2562:4.)  The Court's
6    instruction, that "[in] determining a royalty base, you must decide what portion or percentage of
7    the value of the Freescale product is attributable to the MediaTek patent at issue," is insufficient
8    to cure the unfair prejudice to Freescale from the jury's consideration of Ms. Lawton's testimony,
9    which "cannot help but skew the damages horizon for the jury, regardless of the contribution of
10   the patented component to this revenue."  Uniloc USA, Inc. v. Microsoft Corp., 632 F.3d 1292,
11   1320 (Fed. Cir. 2011).  Freescale maintains its objections to this instruction if the Court does not
12   strike Ms. Lawton's royalty rate and base testimony prior to charging the jury.

### G. Reasonable Royalty – Factors for Determining

14   Freescale objects to the Court's final jury instruction on "Reasonable Royalty – Factors
15   for Determining" on the ground that it is confusing and misstates the applicable law.  The final
16   jury instruction is incorrect as a matter of law as it states that the jury "may consider events and
17   circumstances that occurred after the time of the hypothetical negotiation between MediaTek and
18   Freescale to determine a reasonable royalty."  (See Freescale's Statement of Law and Objections,
19   which it incorporates by reference, Dkt. No. 519-20 at 122-124.)  To the contrary, the Federal
20   Circuit has held that "[a] reasonable royalty determination for purposes of making a damages
21   evaluation must relate to the time infringement occurred, and not be an after-the-fact assessment."
22   Riles v. Shell Exploration & Prod. Co., 298 F.3d 1302, 1313 (Fed. Cir. 2002) (holding district
23   court erred by overruling objection to damages model that "did not reflect what royalty rate a
24   hypothetical negotiation between [patentee] and [defendant] would have yielded at the time the
25   infringement began").  The Court's final jury instruction provides no guidance to the jury about
26   the circumstances in which it is appropriate to consider post-infringement evidence, and therefore
27   is misleading and confusing to the jury.  Freescale maintains its objections to the extent that the
28   Court does not remove this additional language prior to charging the jury.

## II. VERDICT FORM

Freescale has submitted the following requested changes to the Court's proposed verdict form. (See September 19, 2014 Email fr. K. Yohannan to Chambers.) Freescale objects to the final verdict form to the extent that the Court does not make the below-identified changes to the verdict form prior to charging the jury.

### A. Question 6

A line should be inserted after the word "No" in question 6.

### B. Question 17

The i.MX6 is the only product accused of infringing claims 1, 2 and 5 of the '845 patent. (See Ex. D2, Excerpt to August 23, 2013 Expert Report of Krste Asanovic Regarding Infringement of the '845 Patent.) Therefore, the i.MX51 and i.MX53 products should be removed from Question 17, which should read as follows:

(17) What amount has MediaTek proven, by a preponderance of the evidence, it is entitled to as reasonable royalty damages for Freescale's infringement of Claims 1, 2, and 5 of the '845 Patent?

As to i.MX6: ___% of $_____ in attributable sales = $_____

### C. Question 18

The i.MX51 and i.MX53 are the only products accused of infringing claims 21, 22, and 25 of the '845 patent. (See Ex. D1, Excerpt to August 23, 2013 Expert Report of Krste Asanovic Regarding Infringement of the '845 Patent.) Therefore, the i.MX6 should be removed from Question 18, which should read as follows:

(18) If you have answered "yes" to any of questions 3, 4, or 5 above, what amount has MediaTek proven, by a preponderance of the evidence, it is entitled to as reasonable royalty damages for Freescale's infringement of Claims 21, 22, and 25 of the '845 Patent?

As to i.MX51: ___% of $_____ in attributable sales = $_____

As to i.MX53: ___% of $_____ in attributable sales = $_____

### D. Question 19

Pursuant to the Court's Order Granting Joint Stipulations for Trial Purposes (Docket 588), the parties have stipulated that 1% royalty rate will apply for the '753 patent. To avoid any jury confusion, Freescale proposes that this royalty rate be added to Question 19 as follows:

> (19) If you have answered "yes" to any of questions 7, 8, or 9 above, and "no" to question 11 that Claim 2 of the '753 Patent is not invalid, what amount has MediaTek proven, by a preponderance of the evidence, it is entitled to as reasonable royalty damages for Freescale's infringement of Claims 2 of the '753 Patent?
>
> As to i.MX50: _1_% of $_____ in attributable sales = $_____
> As to i.MX51: _1_% of $_____ in attributable sales = $_____
> As to i.MX6:  _1_% of $_____ in attributable sales = $_____

### E. Question 22

Question 22 is related to royalty cap adjustment and asks the jurors whether there should be an adjustment to reduce total damages. Freescale believes that it would be helpful to provide additional guidance by explaining to the jurors what they should consider in determining whether a royalty cap adjustment is appropriate. Freescale proposes that Question 22 should read as follows:

> (22) Do you find that a royalty cap adjustment is necessary (i.e., did you find that the i.MX6 infringes both the '845 patent and the '331 patent)?
>
> Yes____   No____
>
> If you answered "yes," please state the total amount from Question 21 minus the royalty cap adjustment below (i.e., subtract the amount of damages attributable to the infringement by the i.MX6 of either the '845 patent or the '331 patent to avoid double counting for infringement by the i.MX6):
>
> $ _____.

## III. CONCLUSION

For the foregoing reasons, Freescale maintains its objections to the jury instructions and verdict form to the extent that the Court does not make the requested changes prior to charging the jury.

Dated: September 21, 2014

Respectfully Submitted,

By: */s/ Alexander J. Hadjis*
ALEXANDER J. HADJIS (Pro Hac Vice)
Alexander.Hadjis@cwt.com
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, NW
Washington, DC 20001
Telephone: (202) 862-2323
Facsimile: (202) 862-2400

RUDY Y. KIM (CA SBN 199426)
RudyKim@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

JOSHUA A. HARTMAN (Pro Hac Vice)
JHartman@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006
Telephone: (202) 887-1500
Facsimile: (202) 887-0763

Attorneys for Defendant-Counterclaimant
FREESCALE SEMICONDUCTOR, INC.,

**ATTESTATION OF E-FILED SIGNATURE**

I, Rudy Y. Kim, am the ECF User whose ID and password are being used to file this document. In compliance with General Order 45, X.B., I hereby attest that Alexander Hadjis has concurred in this filing.

Dated: September 21, 2014

*/s/ Rudy Y. Kim*
Rudy Y. Kim

FREESCALE'S OBJECTIONS TO THE COURT'S FINAL JURY INSTRUCTIONS AND VERDICT FORM
CASE NO. 4:11-CV-05341-YGR (JSC)

8